*Attachment*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DEFRANCO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-230 Erie |
| | : | Judge Cohill |
| WILLIAM WOLFE, STEVE | : | Magistrate Judge Baxter |
| REILLY, ROD SHOWERS, JUDY | : | |
| JACKSON, DR. JOHN DOE, | : | |
| JANE DOE | : | |
| | : | |
| Defendants. | : | |

## **DECLARATION OF CINDY G. WATSON**

I, Cindy G. Watson, pursuant to 18 Pa. C.S. § 4904, hereby declare that the following statements are true and correct, based upon my personal knowledge, information and belief:

1. The Pennsylvania Department of Corrections ("Department") currently employs me as an Administrative Officer 2 in the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). I have held this position since June 6, 2005.

2. One of my primary job responsibilities is to maintain records of the appeals filed with SOIGA by inmates at the various state correctional institutions.

3. The Department has an Inmate Grievance System ("Grievance

Policy") that provides an administrative procedure through which inmates can seek resolution of problems. The Grievance Policy, which was initially effective October 20, 1994, has been modified over time and the version currently in effect is attached. *See* DC-ADM 804, effective January 3, 2005, a true and correct copy of which is attached hereto as Exhibit "A".

4. If informal resolution fails, the Grievance Policy provides a three-step process for resolution of inmate grievances: the initial grievance at the institutional level, an appeal to the Facility Manager (Superintendent) and an appeal for final review to the SOIGA.

5. Pursuant to the Grievance Policy, inmates first file grievances with their institution's grievance coordinator. If a grievance is rejected, it must be resubmitted under the same grievance number. If the inmate is unsatisfied with the initial review provided by the grievance officer or the rejection of their grievance, they are permitted to file an appeal of the decision with the institution superintendent. Upon receiving a decision from the superintendent, inmates are permitted a second appeal to final review through the SOIGA.

6. The Department's Grievance Policy was implemented as a policy that articulated a formal procedure, a "forum for review," and an avenue

of appeal. 804 (V)(A), Exhibit "A." Further, DC-ADM 804 was instituted to ensure that inmates had an avenue to resolve "specific problems" and the avenue presented consists of steps, an initial review and then two tiers of appellate review, imposing different levels of responsibilities on inmates during each stage of the process. To exhaust remedies, an inmate must file complaints and appeals in the place, and at the time, the prison's administrative rules require.

7. The Department's Inmate Handbook provides inmates with notice of the Grievance Policy, and the requirements they must meet in grieving their issues through the Grievance Policy.

8. In the SOIGA, I receive and process inmate grievance appeals to final review filed pursuant to the Grievance Policy.

9. In the course of my duties, I am a records custodian for all grievance appeals submitted.

10. On July 6, 2005, the Office of the Attorney General requested that I search the SOIGA's records for any appeals filed to final review by inmate DeFranco regarding the loss of his single cell status ("Z" Code status) for the periods of August – December of 2002, and again for the periods of August – December of 2004, during which inmate

DeFranco was incarcerated at the State Correctional Institution at Albion ("SCI-Albion").

11.    Upon completion of my search, I have determined that inmate DeFranco has not filed any appeals to final review to the SOIGA regarding his single cell status, or the denial of any request for such a status, during the requested periods of time.

Date:    07 / 08 / 05                    *Cindy G. Watson*
                                        Cindy G. Watson
                                        Administrative Officer 2
                                        Secretary's Office of Inmate Grievances &
                                        Appeals
                                        Pennsylvania Department of Corrections



| | POLICY STATEMENT |
|---|---|
| | Commonwealth of Pennsylvania • Department of Corrections |

| Policy Subject: | | Policy Number: |
|---|---|---|
| Inmate Grievance System | | DC-ADM 804 |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| December 1, 2004 | *Jeffrey A. Beard, Ph.D.* | January 3, 2005 |

## I. AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II. PURPOSE

This policy establishes procedures for the review of inmate grievances. These procedures ensure that an inmate has an avenue through which resolution of specific problems can be sought.

## III. APPLICABILITY

This policy is applicable to every employee of the Department, every inmate under the jurisdiction of the Department, and to those individuals and groups who have business with or use the resources of the Department.

## IV. DEFINITIONS

### A. Automated Inmate Grievance Tracking System

A computerized system maintained by the Secretary's Office of Inmate Grievances and Appeals designed to store and retrieve data and trends pertaining to the Inmate Grievance System.

### B. Appeal to Facility Manager

An appeal of a decision rendered at Initial Review*.*

### C. Appeal to Secretary's Office of Inmate Grievances and Appeals

The final level of appeal from a grievance.

### D. Chief, Secretary's Office of Inmate Grievances and Appeals

A management level staff person assigned to the office by the Secretary to oversee the inmate grievance and appeal process, train field staff, and respond to appeals.

### E. Department

The Pennsylvania Department of Corrections.

### F. Facility Grievance Coordinator

The Corrections Superintendent's Assistant (CSA) in a facility, or a Community Corrections Regional Director/designee, who is responsible for the overall administration of the Inmate Grievance System in that facility/region. This includes determining whether the grievance was filed in compliance with the policy, as well as the data collection, tracking, and statistical reporting.

### G. Facility Manager

The Superintendent of a State Correctional Facility, State Regional Correctional Facility, or Motivational Boot Camp, Director of a Community Corrections Center or the Director of the Training Academy.

### H. Frivolous Grievance

A grievance is frivolous when the allegations or the relief sought lack any arguable basis in fact.

### I. Grievance

A formal written complaint by an inmate related to a problem encountered during the course of his/her confinement.

### J. Grievance Rejection Form (DC-804, Part 3)

The form used to return a grievance to an inmate when the grievance cannot be processed. **(See Attachment C)**

### K. Grievance Officer

An appropriate Department Head or management level staff person designated by the Facility Grievance Coordinator, to provide initial review of an inmate grievance arising

from his/her specific area of responsibility (a Unit Manager would be assigned to provide initial review of a grievance regarding a housing unit).

## L. Grievance Restriction

An inmate who deliberately misuses the grievance system by filing more than 5 frivolous or fabricated grievances within a calendar month may be restricted to filing no more than one grievance each *15* working days. An inmate may be placed on grievance restriction for a maximum of 90 days.

## M. Initial Review

An initial review of an inmate's grievance conducted by a Grievance Officer. The Facility Manager may direct the Facility Grievance Coordinator to review certain grievances.

## N. Retaliation

An act of vengeance or threat of action against an inmate or staff in response to an inmate complaint of a problem. Examples include, but are not limited to, unnecessary discipline, intimidation, unnecessary changes in work or program assignments, unjustified transfers or placements, unjustified denials of privileges and services.

## O. Secretary

The Secretary of the Department of Corrections.

## P. Secretary's Office of Inmate Grievances and Appeals

The office responsible for review and disposition of all appeals of inmate grievances to Central Office.

## Q. Working Days

For the purposes of this policy, working days are Monday through Friday, excluding state holidays.

## V.  POLICY

It is the policy of the Department that every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System.[1]

---

[1] 4-4281, 4-4284, 4-4301, 4-4394, 4-ACRS-6B-03, 1-ABC-3D-08, 2-CO-3C-01

## VI.  PROCEDURES

### A. Initial Grievance

1. The Department encourages an inmate to express his/her concerns to staff through respectful, constructive, *written or* verbal communication in order that problems are resolved as soon as possible.

2. The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate. It is not meant to address incidents of an urgent or emergency nature. When faced with an incident of an urgent or emergency nature, the inmate will contact the nearest staff member for immediate assistance.

3. It shall be the responsibility of the Unit Manager or Officer-In-Charge to address written or verbal concerns submitted by an inmate in an expedient manner. The Unit Manager or Officer-In-Charge shall review the concern, determine a resolution or take other appropriate action. It is preferable, when possible, to resolve concerns quickly and informally rather than through the official grievance process. The Unit Manager or Officer-In-Charge shall document the results of the resolution, including the parties involved in the **DC-14, Cumulative Adjustment Record**.

4. Where an inmate has a concern that he/she is unable to resolve, the inmate is encouraged to *attempt resolution of* the concern informally by use of a **DC-135A, Inmate Request to Staff** or direct conversation with the Unit Manager or Officer-In-Charge *prior to submitting a DC-804, Part 1, Official Inmate Grievance Form (Attachment A)*. Staff who receive verbal or written concerns from an inmate are expected to attempt to resolve any non-frivolous concerns.[2]

5. While every effort should be made to resolve concerns informally prior to filing an official grievance, failure to attempt to informally resolve concerns will not be cause to reject an official grievance. However, if an attempt was made to resolve the concern informally, this information should be included in **Section B, of the DC-804, Part 1**. Failure to attempt an informal resolution will be considered in any appeal.

6. A grievance must be submitted to the Facility Grievance Coordinator using the **DC-804, Part 1**. Every grievance must be signed and dated by the inmate. Forms will be readily available on all housing units. All copies, with the exception of the inmate's copy **(GOLDENROD)**, shall be forwarded to the Facility Grievance Coordinator. The **PINK** copy will be returned to the inmate, acknowledging acceptance of the grievance.

7. The inmate will include a statement of the facts relevant to the claim. The text of the grievance **must** be legible, *understandable, and* presented in a courteous manner, and the statement of facts shall not exceed two pages (one **DC-804, Part 1** and one one-sided 8-1/2" x 11" page). The inmate will identify any person(s) who

---

[2] 4-4016

may have information that could be helpful in resolving the grievance. In Section B of the **DC-804, Part 1**, the inmate should also include information on attempts to resolve the matter informally. The inmate will also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law. *If the inmate desires compensation or other legal relief normally available from a court, the inmate shall request the specific relief sought in his/her initial grievance.*

8. The inmate must submit a grievance for initial review to the Facility Grievance Coordinator within 15 working days after the event upon which the claim is based.

9. A grievance must be filed with the Facility Grievance Coordinator at the facility where the grievance occurred.

10. Each grievance shall be presented individually. Any grievance submitted by a group of inmates *is prohibited and will not* be processed.

11. Grievances and appeals based on different events *must* be presented separately, unless it is necessary to combine the issues to support the claim.

12. Each grievance and appeal must be presented in good faith and for good cause. No inmate shall be punished, retaliated against, or otherwise harmed for good faith use of this grievance system. Deliberate misuse of the grievance system may result in restricted access or disciplinary action, at the discretion of the Facility Manager/designee.

13. Only an inmate who has been personally affected by a Department or facility action or policy will be permitted to seek review of a grievance or appeal.

14. The inmate must sign and date the grievance or appeal.

15. At any point in the grievance process, the inmate may withdraw the grievance. To withdraw a grievance, an inmate may write on the original grievance, "I wish to withdraw this grievance," sign and date the original grievance form or submit a *DC-135A* to the Facility Grievance Coordinator, identifying the grievance, by number, to be withdrawn. Once a grievance is withdrawn, the inmate cannot then proceed to appeal to either the Facility Manager or final review.

16. *Documents attached in support of a grievance become part of the grievance and will not be returned. The inmate should make copies of the supporting documents for submission to final review.*

## B. Initial Review

1. The Facility Grievance Coordinator shall assign a grievance tracking number to all grievances (even rejected grievances) upon receipt and enter all grievances into the Automated Inmate Grievance Tracking System. The Facility Grievance Coordinator is also responsible for entering the facility's disposition of the grievance at each step of the grievance process.

2. The Facility Grievance Coordinator may combine multiple grievances, from the same inmate, that relate to the same subject.

3. Extensions of time for filing a grievance will be made **only** where the inmate notifies the Facility Grievance Coordinator of the reason for the delay in filing and the Facility Grievance Coordinator determines that the delay in filing was caused by:

   a. a temporary transfer from the facility where the grievance should have been filed;

   b. a permanent transfer to another facility from the facility where the grievance should have been filed;

   c. Authorized Temporary Absence (ATA) for an extended period; or

   d. other delays with mail delivery.

4. When the Facility Grievance Coordinator determines that the delay was caused by one of the circumstances listed above, a reasonable extension of time for filing may be permitted. The Facility Grievance Coordinator may consider grievances submitted by an inmate released on Authorized Temporary Absence (ATA) for an extended period on a case-by-case basis.

5. If the Facility Grievance Coordinator determines that the issue being grieved is in accordance with **DC-ADM 804**, the Facility Grievance Coordinator desig- nates a staff member to serve as the Grievance Officer for that issue. The staff member who serves as a Grievance Officer may not be involved in the issue.

6. If the Facility Grievance Coordinator determines that the issue being grieved is not in accordance with **DC-ADM 804**, it shall be returned to the inmate unprocessed with a **DC-804, Part 3, Grievance Rejection Form (Attachment C)** enumerating the reason(s) the grievance was not accepted. The grievance, if resubmitted, must be resubmitted under the same grievance number within 5 working days.

7. **When** the Grievance Officer submits the grievance for formal resolution, he/she shall provide a written response to the inmate within 10 working days of receipt of the grievance. The Grievance Officer's response shall be **typed** using a **DC-804, Part 2, Initial Review Response (Attachment B)**. The response shall include a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issue(s) raised in the grievance. One of the following dispositions must be included in the initial response: Uphold Inmate, Grievance Denied, or Grievance Resolved. The Grievance Officer shall also include a determination (statement), based upon the facts uncovered during review of the grievance, in cases where the grievance is frivolous.

8. The Facility Manager/designee may authorize an extension of up to 10 additional working days if the investigation of the grievance is ongoing. If an extension is necessary, the inmate shall be advised in writing.

9. Prior to distribution *of the initial review response*, the response must be forwarded to the Grievance Coordinator for review and any necessary corrections. If correction or further review is required, the response will be returned to the Grievance Officer. If approved, the Grievance Coordinator will initial the response and return it to the Grievance Officer for distribution.

10. A grievance dealing with allegations of abuse shall be handled in accordance with Department policy **DC-ADM 001, "Inmate Abuse Allegation Monitoring Process."**

11. Each Facility Manager/designee shall make provisions for an illiterate or non-English speaking inmate to submit grievances, be interviewed, and have translated, any portion of the grievance policy. Extension of the timelines shall be granted in order to secure these services. The Facility Manager is authorized to use existing contracts and/or dial-up translation services to provide this service. In the event that a grievance is submitted that is incoherent in nature, the Facility Grievance Coordinator shall designate a Grievance Officer to review the inmate's concern and meet with the inmate, as deemed necessary, to resolve or clarify the issue.

12. Each Facility Manager shall install lockboxes designated for inmate grievances and/or Inmate Request to Staff forms in all Level 5 Housing Units. The lock-boxes shall be placed in a location easily accessible to an inmate being escorted to the individual exercise units. The inmate will be permitted to place the **DC-135A** form and/or grievance in this lockbox. If an inmate chooses not to go to an individual exercise unit, he/she may have a staff member place the item in the lockbox.

13. The *Facility* Grievance Coordinator/designee shall be responsible for the key and retrieval of the lockbox contents each workday.

## C. Appeal to Facility Manager

1. Inmate Responsibilities

   a. The Initial Review decision from the Grievance Officer must be received by the inmate before any appeal to the Facility Manager can be sought.

   b. An inmate may appeal an Initial Review decision, or grievance restriction, to the Facility Manager in writing, within *10* working days from the date of the Initial Review decision or notice of a grievance restriction.

   c. Only issues that were raised for Initial Review, determinations of frivolousness, and placement on grievance restriction may be appealed. Issues raised for Initial Review and determinations of frivolousness must be raised for appeal at the same time.

d.  The text of an appeal must be legible, *understandable*, and presented in a courteous manner, and the statement of facts may not exceed two pages (two one-sided or one double-sided 8 ½ " by 11" page).

e.  Each appeal must be clearly labeled as an appeal at the top of the document. In cases appealing an Initial Review decision, the appeal must also include the grievance number at the top of the document. The appeal must clearly identify the Initial Review decision and the basis for the appeal. If the inmate is also appealing a determination of frivolousness, he/she will clearly indicate that he/she is also appealing that determination. Only one appeal of any Initial Review will be permitted. Failure to comply may result in the appeal being dismissed.

f.  In cases involving personal property or publication denials, the inmate must clearly notify the Facility Manager or Facility Grievance Coordinator of his/her intent to appeal the issue to the Secretary's Office of Grievances and Appeals if he/she disagrees with the decision from the Initial Review.

2.  Staff Responsibilities

a.  Exceptions to the *10* day filing requirement will be made only where the inmate notifies the Facility Manager of the reason for the delay and *it is* determined that the delay in filing was caused by:

(1)  a temporary transfer from the facility where the grievance should have been filed;

(2)  a permanent transfer to another facility from the facility where the grievance should have been filed;

(3)  ATA for an extended period; or

(4)  other delays with mail delivery.

b.  The Facility Manager shall notify the inmate of his/her decision within 10 working days of receiving the appeal. One of *the following* dispositions must appear on the appeal response: Uphold Initial Response, Uphold Initial Response/Health Care, Uphold Initial Response/Publication, Remand, Resolved, Dismiss, Dismiss Untimely. A brief statement of the reason(s) for the decision must also be included.

c.  The *Facility* Grievance Coordinator shall enter the Facility Manager's decision into the Automated Inmate Grievance Tracking System.

d.  When the Facility Manager remands a grievance, the Grievance Officer shall respond *to the inmate* within 5 working days. *The revised response shall be returned to the Facility Manager/designee for review prior to sending it to the inmate.* If dissatisfied with the response, the inmate may again appeal to

the Facility Manager/designee within 5 working days from the date the inmate receives the revised response.

e.  Personal property and publications related to a grievance shall not be disposed of unless it is clearly documented that the inmate has no intent to appeal the *Initial Review decision*. When an inmate notifies the Facility Manager or Facility Grievance Coordinator of his/her intent to appeal the decision, the property related to the grievance shall be placed in a safe location until final disposition is made by the Secretary's Office of Inmate Grievances and Appeals. Following the disposal of the appeal by the Secretary's Office of Inmate Grievances and Appeals, the inmate will be provided with his/her options to retain, ship at his/her expense or have the property or publication destroyed.

## D. Appeal to Secretary's Office of Inmate Grievances and Appeals

1.  Inmate Responsibilities

a.  The decision from the appeal to the Facility Manager must be received by the inmate before an appeal to the Secretary's Office of Inmate Grievances and Appeals can be sought.

b.  Any inmate who is dissatisfied with the disposition of an appeal from the Facility Manager may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within *15* working days *from the date of the Facility Manager's/designee decision*. Only issues appealed to the Facility Manager may be appealed at this level.

c.  Exceptions to the *15* day filing requirement will be made *only* where the inmate notifies the Secretary's Office of Inmate Grievances and Appeals of the reason for the delay and it is determined that the delay in filing was caused by:

(1)  a temporary transfer from the facility where the grievance should have been filed;

(2)  a permanent transfer to another facility from the facility where the grievance should have been filed;

(3)  ATA for an extended period; or

(4)  other delays with mail delivery.

If it is determined that a delay was caused by one of the circumstances listed in this paragraph, a reasonable extension of time for filing shall be permitted.

d.  An appeal at this level may not be permitted until the inmate has complied with all procedures established for Initial Review and Appeal to Facility Manager. (**See Sections VI. B and VI. C., above.**)

e. The text of his/her appeal to the Secretary's Office of Inmate Grievances and Appeals shall be legible, *understandable, and* presented in a courteous manner, and the statement of facts must not exceed two pages **(two one-sided or one double-sided 8-1/2" x 11" page).**

f. Every appeal to the Secretary's Office of Inmate Grievances and Appeals must be addressed to the following:

**Chief, Secretary's Office of Inmate Grievances and Appeals**
**Department of Corrections**
**2520 Lisburn Road, P. O. Box 598**
**Camp Hill, PA 17001-0598**

Failure to properly address the appeal will delay the process.

g. An inmate appealing a grievance to final review is responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all required documentation relevant to the appeal. A proper appeal to final review shall include photocopies of the initial grievance, initial review response, the inmate appeal to the Facility Manager, and the Facility Manager's decision. Failure to provide the proper documentation may result in the appeal being dismissed.

h. An indigent inmate as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** will be afforded copy service *and legal postage* up to a maximum of $10.00 per month and all monies received in the inmate's account shall be used to pay for the cost of the copies *and legal postage*. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1, "Fiscal Administration."**

i. An inmate appealing a grievance restriction to final review is responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all required documentation relevant to the appeal. This appeal paperwork must include photocopies of the written notice of the restriction from the *Facility* Grievance Coordinator, the appeal of the restriction to the Facility Manager, and the Facility Manager's response. The text of his/her appeal to the Secretary's Office of Inmate Grievances and Appeals shall be legible, *understandable,* presented in a courteous manner, and the statement of facts must not exceed two pages (two one-sided or one double-sided 8 ½ by 11" page). Failure to provide the required documentation may result in the grievance being dismissed.

j. *Documents submitted in support of a grievance become part of the grievance and will not be returned. The inmate should make copies of supporting documents for submission to final review.*

2. Staff Responsibilities

a. The Secretary's Office of Inmate Grievances and Appeals will ensure that:

(1) an appeal to final review is responded to within 30 working days *of receipt*; and

(2) an appeal and response are properly maintained in the Automated Inmate Grievance Tracking System.

b. Upon request, the Facility Manager will forward to the Secretary's Office of Inmate Grievances and Appeals a copy of any formal investigation related to a grievance.

c. The Secretary's Office of Inmate Grievances and Appeals will review the initial grievance and response, the Appeal to the Facility Manager and response, any investigative reports and the appeal to final review.

d. The Secretary's Office of Inmate Grievances and Appeals may review an appeal with the relevant bureau (health care issues with the Bureau of Health Care Services, education issues with the Bureau of Corrections Education, etc.).

e. Upon completion of the review, the Secretary's Office of Inmate Grievances and Appeals will respond directly to the inmate in all cases.

f. The Secretary's Office of Inmate Grievances and Appeals will issue a decision within 30 working days after receipt of an appeal. One of the following dispositions must appear on the appeal response:  Uphold Initial Response, Uphold Initial Response/Health Care, Uphold Initial Response/Publication, Uphold Revised Response/Remand, Amend, Resolved, Permit Publication, Dismiss, and Dismiss Untimely. The Chief/designee, Secretary's Office of Inmate Grievances and Appeals, shall notify the inmate and the Facility Manager of the decision and rationale. If the decision consists of amending or remanding the grievance, or if the inmate is placed on a grievance restriction, the appropriate Deputy Secretary shall also be notified. In instances where a determination of frivolousness is appealed, the Facility Grievance Coordinator shall also be notified.

g. When an appeal is remanded to the facility for further review and the investigation is completed, the Facility Manager will provide a *revised* response to the inmate with a copy to the Chief, Secretary's Office of Inmate Grievances and Appeals within 10 working days. If the inmate is dissatisfied with the response, he/she must once again appeal to final review within *10* working days of the *date of the revised* decision.

h. The Chief, Secretary's Office of Inmate Grievance and Appeals, in consultation with the Secretary of Corrections, shall take any action deemed necessary to ensure the integrity of this policy. This includes, but is not limited to:

(1) prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and

    (2)  lifting a previously imposed grievance restriction.

i.  The Chief, Secretary's Office of Inmate Grievances and Appeals/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

j.  If an inmate, who has filed a grievance, is transferred prior to the appeal process being completed, the inmate may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility where the grievance was originally filed. Adjustments shall be made to the various time limitations in order to allow for review.

### E. Grievance Restriction

1. An inmate who files more than 5 frivolous or fabricated grievances within a *30 day period* may be restricted to filing no more than one grievance each *15* working days. An inmate may be placed on grievance restriction for a maximum of 90 days.

2. The Facility Grievance Coordinator shall provide the inmate with written notice of the grievance restriction and the reason(s) for it. A copy of the notice shall be forwarded to the respective Deputy Secretary, the Facility Manager, and the Secretary's Office of Inmate Grievances and Appeals.

3. While on grievance restriction, it is the inmate's responsibility to determine which issues to grieve.

4. An inmate will not be denied a Grievance Form due to grievance restriction.

5. An inmate may appeal a grievance restriction in accordance with **Sections VI. C** and **VI. D**. of this policy.

6. If the Facility Manager determines during the review that the inmate has filed no frivolous grievances after the date of the grievance restriction notice, the inmate may be removed from grievance restriction. The respective Deputy Secretary and the Secretary's Office of Inmate Grievances and Appeals shall be notified that the restriction was lifted.

7. If an inmate files one or more frivolous grievances while on grievance restriction, the Facility Manager may request an **additional 30-day** period of restriction through the respective Deputy Secretary. A copy of the request shall be forwarded to the Secretary's Office of Inmate Grievances and Appeals for tracking purposes.

### F. Publication Appeals

1. Publication Appeals at the Initial Level/Inmate Responsibilities

In order to grieve the Incoming Publication Review Committee's (IPRC) disapproval of a publication, the inmate will:

a. address his/her publication appeal to the Facility Manager on a **DC-804**, **Part 1**; and

b. include a photocopy of the IPRC memo disapproving the publication(s).

2. Publication Appeals at the Initial Level/Staff Responsibilities

a. When an inmate files a grievance to appeal a publication disapproval, the *Facility* Grievance Coordinator shall assign a tracking number to the publication appeal.

b. The Facility Manager shall:

(1) review the publication appeal in addition to the IPRC disapproval memo and shall respond to the inmate's publication appeal *on the DC-804, Part 2*; and

(2) include the tracking number in his/her response to the inmate.

3. Publication Appeals at the Final Review Level/Inmate Responsibilities

An inmate appealing publication disapproval to final review is responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all required documentation relevant to the appeal. A proper publication appeal to final review must include the appeal to final review, photocopies of the initial appeal to the Facility Manager, the IPRC memo disapproving the publication(s), and the Facility Manager's decision. Failure to provide the proper documentation may result in the final appeal being dismissed.

## G. Training

Every grievance officer shall complete mandatory computer-based Inmate Grievance Procedures Training (CBT) pursuant to Department policy **5.1.1, "Staff Development and Training Policy."** The Grievance Coordinator shall provide a list of all Grievance Officers to the Facility Training Coordinator for tracking purposes.

## H. Exceptions

Initial review of issues relating to the following Department policies shall be in accordance with procedures outlined therein, and will not be reviewed by a Facility Grievance Coordinator.

1. **DC-ADM 801, Inmate Discipline**;

2. **DC-ADM 802, Administrative Custody Procedures**; and

3. any other Department policy that specifically states that the **DC-ADM 804** is not applicable.

## VII. SUSPENSION DURING AN EMERGENCY

In an emergency or extended disruption of normal facility operation, the Secretary/ designee may suspend any provision or section of this policy for a specific period.

## VIII. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose of the policies of the Department.

## IX. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

1. Policy

   This policy document is public information and may be released upon request.

2. Procedures Manual (if applicable)

   The procedures manual for this policy is not public information and shall not be released in its entirety or in part, without the prior approval of the Secretary/ designee. This manual or parts thereof may be released to any Department employee on an as needed basis.

### B. Distribution of Policy

1. General Distribution

   The Department's policy and procedures manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary/designee.

2. Distribution to Staff

   It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X. SUPERSEDED POLICY AND CROSS REFERENCE

### A. Superseded Policy

1. Department Policy

   a. DC-ADM 804 issued February 25, 2002, by Secretary Jeffrey A. Beard, Ph.D.
   b. DC-ADM 804-1 issued January 5, 2004, by Secretary Jeffrey A. Beard, Ph.D.

2. Facility Policy and Procedures

   This document supersedes all facility policy and procedures on this subject.

### B. Cross Reference(s)

1. Administrative Manuals

   a. DC-ADM 001, Inmate Abuse Allegation Monitoring
   b. DC-ADM 801, Inmate Discipline
   c. DC-ADM 802, Administrative Custody Procedures
   d. DC-ADM 803, Inmate Mail and Incoming Publications
   e. 3.1.1, Fiscal Administration

2. ACA Standards

   a. Administration of Correctional Agencies: 2-CO-3C-01
   b. Adult Correctional Institutions: 4-4016, 4-4281, 4-4284, 4-4301, 4-4394
   c. Adult Community Residential Services: 4-ACRS-6B-03
   d. Adult Correctional Boot Camp Programs: 1-ABC-3D-08
   e. Correctional Training Academies: None

| DC-804<br>Part 1 | **COMMONWEALTH OF PENNSYLVANIA**<br>**DEPARTMENT OF CORRECTIONS**<br>P. O. BOX 598 | FOR OFFICIAL USE ONLY |
|---|---|---|
| **OFFICIAL INMATE GRIEVANCE** | **CAMP HILL, PA 17001-0598** | GRIEVANCE NUMBER |

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8 ½ x 11" page). *State all relief that you are seeking.*

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____

Signature of Facility Grievance Coordinator                                    Date

WHITE Facility Grievance Coordinator Copy   CANARY File Copy   PINK Action Return Copy  GOLDEN ROD Inmate Copy
Revised September 2000

*DC-ADM 804, Inmate Grievance System*                                    *Attachment A*

DC-804
Part 2

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

**OFFICIAL INMATE GRIEVANCE**
**INITIAL REVIEW RESPONSE**

GRIEVANCE NO.

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GREIVANCE DATE |
|---|---|---|---|
| | | | |

The following is a summary of my findings regarding your grievance:

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| | | |

*DC-ADM 804, Inmate Grievance System*                                                    *Attachment B*

DC-804
Part 3

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
SCI-_____

**DATE:** _____

**SUBJECT:**    Grievance Rejection Form
**TO:**        _____

| FOR OFFICIAL USE ONLY |
|---|

**FROM:**    _____
           Facility Grievance Coordinator

| _____ |
| GRIEVANCE NUMBER |

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. _____    Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator:

   a.  DC-ADM 801-Inmate Disciplinary and Restricted Housing Unit Procedures
   b.  DC-ADM 802-Administrative Custody Procedures
   c.  other policies not applicable to DC-ADM 804.

2. _____    The grievance does not indicate that you were personally affected by a Department or facility action or policy.

3. ——————    Group grievances are prohibited.

4. _____    The grievance was not signed and/or dated *with your commitment name and number*.

5. _____    Grievances must be legible, *understandable,* and presented in a courteous manner.

6. _____    The grievance exceeded the two (2) page limit.  Description needs to be brief.

7. _____    Grievances based upon different events shall be presented separately.

8. _____    The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

9. _____    You are currently under grievance restriction.  You are limited to one grievance each *15* working days. You filed grievance # _____ on _____.
                                                                                    Date
10. _____    Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

11. _____    The issue(s) presented on the attached grievance has been reviewed and addressed previously *in grievance no.* _____ *dated* _____.

*DC-ADM 804, Inmate Grievance System*                                    *Attachment C*