IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>Plaintiff,<br><br>v.<br><br>WILLIAM WOLFE, et al.,<br>Defendants. | )<br>) No. CA-04-230-ERIE<br>) Magistrate Judge Baxter<br>) District Judge Cohill<br>)<br>) |

## APPEAL OF MAGISTRATE JUDGES' ORDER

  Plaintiff, Anthony DeFranco, hereby appeals Magistrate Judge Baxter Order Of July 7, 2005, dismissing as moot his request for inmate files, DOC. # 31, pursuant to Local Rule 72.1.3B:

  1. Magistrate Judge Baxter scheduled a preliminary injunction hearing for December 17, 2005. However, Plaintiff was given only a few days notice to prepare. In preparation of this hearing Plaintiff knew that his inmate file and medical file would be pertinent to his case. He filed a Motion for order for production of files subpoena duces tecum (DOC. #31).

  2. The Judge never issued a ruling on the motion and preliminary injunction went forward. At the hearing, Judge Baxter stated that Plaintiff could not view the medical file due to some DOC policy. This was err and prejudiced Plaintiff. While the Judges' Order (DOC.#98) states Plaintiff was allowed to examine "pertinent records", it is Plaintiffs firm averment that the Judge is mistaken as the record will clearly indicate he did not view anything (nor was he allowed).

  3. Plaintiff did serve his prison counselor with a subpoena to produce his inmate file. The attorney general advised the counselor not to bring the file even though the file was under her direct control. This was brought to the attention of Judge Baxter (See trans.).

1.

4. While Plaintiff requested an Order granting the production of these vital files <u>before</u> the hearing, it was just ruled upon on July 7, 2005, seven months after the fact (DOC. #98).

5. The denial of these files severally prejudiced Plaintiff as he was not able to properly nor completely cross examine witnesses; nor bring out vital information contained in them. It was err for Judge Baxter to hold off the ruling until seven (7) months after the hearing had commenced.

WHEREFORE, Plaintiff prays this Court will over-rule the Magistrate Judges' Order and provide him with a new hearing where he is able to view these records; the medical records were present, used but with-held from Plaintiffs viewing. A new hearing is warranted given the circumstances.

Respectfully submitted,

Date: July 12, 2005

Anthony DeFranco CZ-3518
SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

SIGNED UNDER PENALTY OF PERJURY.

CERTIFICATE OF SERVICE
Service was made by US First
Class Mail to the Attorney
General's Office, 564 Forbes Ave.,
Pittsburgh, Pa. 15219, this date.

2.