IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | : |
| Plaintiff, | : Case No.:C.A.-04-230-ERIE |
| vs. | : MAGISTRATE JUDGE BAXTER |
| WILLIAM WOLFE, et al., | : DISTIRCT JUDGE COHILL |
| Defendants. | : |

**MOTION TO AMEND AND SUPPLEMENT COMPLAINT (2ND TIME)**

Plaintiff moves this Honorable Court for permission to amend and supplement the complaint a second time and in support avers:

1). On March 23, 2005, Plaintiff filed a motion to amend and supplement this complaint a second time, due to the events that transpired after his original and amended complaint's were filed (See, Doc.#70 ¶3). It is clear from this filing Plaintiff wished to amend and supplement a second time (See, attached, Exhibit "A").

2). On April 8, 2005, this Court granted the motion, while saying it was previously granted (See, Exhibit "B").

3). On April 21, 2005, during a preliminary injunction hearing, this Court verbally informed Plaintiff that he could amend the complaint again to included the events that transpired, once he had exhausted the prison grievance process (See, trans. Preliminary Injunction Hearing, April 25, 2005).

4). Included in Plaintiffs filing for the above referenced preliminary injuncntion were the acts of the new added Defendants, where he alleged they were harming him willfully by medical *treatment*.

5). The Defendants choose to retaliate and transfer Plaintiff to the new prison where he was intentionally harmed. If it were not for the Defendants bad acts in retaliating by transferring him, these new injuries would not have occurred. Therefore, the events in this 2nd Amended Complaint relates to the original complaint (and amended complaint).

6). Moreover, Defendants had mentioned this lawsuit upon Plaintiffs arrival at SCI Smithfield---indicating that they were acting against him due to the litigation against the DOC. This is pleaded in the 2nd Amended Complaint.

7). Because of the Defendants acts in transferring him to a place where they knew he would be purposefully harmed, this Court should allow the 2nd Amended Complaint to be filed. Each of the new Defendants violated Plaintiffs Constitutional rights and actually harmed him willfully. This is the direct fault of all the Defendants due to the retaliatory transfer.

8). As stated *supra*, all the new Defendants and their actions relate to this complaint as they mentioned it (the complaint) while *treating* him at SCI Smithfield (See, 2nd Amended Complaint). Any alleged prejudiced asserted by the Defendants is lacking. Plaintiff has only added four(4) new defendants and each entered into the ***conspiracy*** to harm him for filing this complaint against the DOC. The bottom line is that if the Defendants had not retaliated for the filing of this

lawsuit and sent him to Smithfield, there would be no request for new Defendants and Plaintiff would not have been further harmed.

9). Plaintiff avers that this Court had already granted him permission to amend and supplement this complaint a second time (See, Doc.#70). This motion clearly states that Plaintiff wanted to amend a 2nd time and add new claims, i.e. transfer and abusive medical care (See, Ex. "A").

10). This Court also verbally granted Plaintiff permission to amend the complaint during the hearing held on April 21, 2005 (See, trans.). This preliminary injunction hearing dealt with the retaliatory transfer and abusive medical care. Additionally, this Court read its Report and Recommendation (Doc.#85) via the phone this date and stated that the Court did in fact grant Plaintiff permission to amend once he had exhausted the grievance process.

11). Plaintiff has already served all Defendants, including counsel, with the accompanying 2nd amended complaint.

**WHEREFORE,** Plaintiff asks this Honorable Court to allow the 2nd amended and supplemental complaint to be filed, as the Defendants are the ones solely responsible for retaliating, having him transferred and harmed further.

Dated this 2nd day of September, 2005

Respectfully submitted,

Anthony DeFranco CZ3518
10745 Route 18
Albion, Pa. 16475-0002

**CERTIFICATE OF SERVICE**

Service of the foregoing was made by US First Class Mail, this date, to the attorney general at 564 Forbes Ave., Pittsburgh, Pa. 15219.

Doc #70

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, Plaintiff, | ) |
| | ) No. CA-04-230-ERIE |
| v. | ) Magistrate Judge Baxter |
| | ) District Judge Cohill |
| WILLIAM WOLFE, et al., Defendants. | ) |

MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT (SECOND TIME)

Plaintiff, Anthony DeFranco, moves this Honorable Court for leave to amend and supplement his complaint a second time, pursuant to Fed. R.C.P., Rule 15, and avers:

1. This Complaint was filed On August 10, 2004. Plaintiff was granted In Forma Pauperis status by Magistrate Judge Baxter.

2. Under date of March 2, 2005, Plaintiff filed a motion to amend and supplement his complaint, and a motion for leave to do so. There has been no ruling on that to date.

3. Since the time of filing this complaint and the amended and supplemental complaint, there has been additional events that have transpired that Plaintiff wishes to add to this complaint.

4. For example, despite defendant Barr's declaration to this Court, Plaintiff was retaliated against in the form of a transfer to the Eastern District of Pennsylvania, some 240 miles away from his home.

5. Plaintiff was moved for no reason other than Mr. Barr maliciously making up a "conflict of interest" theory to transfer Plaintiff, just as Plaintiff has worried about for years. As did this Court, pursuant to its TRO recommendation and granting.

6. Plaintiff asserts that the defendants have entailed the help of other D.O.C. officials in an effort to further harass and harm him.

EX "A"

For example, Plaintiff saw a psychiatrist who immediately cut his anxiety medication in half only because he is related to the Chief psychiatrist in Camp Hill who over-see's the prison psychiatrists. What is important to note is that this psychiatrist at SCI-Smithfield (Dr. Bauer) and the Chief psychiatrist (Eugene Polmueller) are actually related.

7. Although this Chief psychiatrist actually saw and spoke with Plaintiff less than a year ago, he recommended that he remain on his full dosage. As prescribed by Dr. Lindemuth at SCI-Albion. Now that Plaintiff was retaliatory transferred to a prison where the psychiatrist is related to Chief psychiatrist Polmueller, this anxiety medication is immediately cut in half with his approval. This is without question retaliation which has caused Plaintiff further anxiety/panic attacks.

8. This transfer was designed to punish Plaintiff for filing this lawsuit, which has caused his family great expense to visit, phone calls; has caused Plaintiff to lose his prison job (earnings) and many other harmful things.

9. The transfer was done courtesy of Mr. Barr fabricating a "conflict of interest" claim in order to follow through with his threat made on 10/22/04, following the TRO hearing before Judge Baxter.

11. Plaintiff requests, due to the recent events, that this Honorable Court allow him to amend and supplement his complaint again.

12. Plaintiff omitted John Skendall, unit manager from his original complaint and subsequent amended complaint. Although both filings contain documents that would show Mr. Skendall's culpability, Plaintiff inadvertently omitted his name as a defendant. Plaintiff wishes to add his name as well to the complaint.

WHEREFORE, Plaintiff prays this Honorable Court will grant the relief requested herein.

Date: 3/17/05

Respectfully submitted,

Anthony DeFranco

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO, Plaintiff,

v.

WILLIAM WOLFE, et al., Defendants.

No. CA-04-230-ERIE
Magistrate Judge Baxter
District Judge Cohill

70

MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT (SECOND TIME)

Plaintiff, Anthony DeFranco, moves this Honorable Court for leave to amend and supplement his complaint a second time, pursuant to Fed. R.C.P., Rule 15, and avers:

1. This Complaint was filed On August 10, 2004. Plaintiff was granted In Forma Pauperis status by Magistrate Judge Baxter.

2. Under date of March 2, 2005, Plaintiff filed a motion to amend and supplement his complaint, and a motion for leave to do so. There has been no ruling on that to date.

3. Since the time of filing this complaint and the amended and supplemental complaint, there has been additional events that have transpired that Plaintiff wishes to add to this complaint.

4. For example, despite defendant Barr's declaration to this Court, Plaintiff was retaliated against in the form of a transfer to the Eastern District of Pennsylvania, some 240 miles away from his home.

5. Plaintiff was moved for no reason other than Mr. Barr maliciously making up a "conflict of interest" theory to transfer Plaintiff, just as Plaintiff has worried about for years. As did this Court, pursuant to its TRO recommendation and subsequent granting.

6. Plaintiff asserts that the defendants have entailed the help

Motion is dismissed as duplicative, a previous order permitting amendment has been entered.

AND NOW, this 8 day of April, 2005, IT IS ORDERED.

Susan Paradise Baxter
UNITED STATES MAGISTRATE JUDGE

EX. "B"

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

U.S. District Courthouse
Clerk's Office
P.O. Box 1820
Erie, Pa. 16507

September 2, 2005

**Re: DeFranco v. Wolfe, et al., No. 04-230-E**

Dear Clerk:

Enclosed please find my ***Motion to Amened and Supplement a 2nd time*** and the ***Amended Complaint (2nd time)***.

Please file these with the Court. Thank you for your time and help.

Very truly yours,

Anthony DeFranco

CC: enclosure