IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-230E |
| V. ) | |
| ) | Judge Maurice B. Cohill, Jr. |
| SUPERINTENDENT WILLIAM ) | Mag. Judge Susan Paradise Baxter |
| WOLFE; STEVE REILLY; DENESE ) | |
| BUNNER; MANAGER ROD ) | |
| SHOWERS; CASE MGR – GECAC ) | |
| JUDY JACKSON; DR. JOHN DOE; ) | |
| JANE DOE; JEFFREY BEARD; ) | |
| ASSIST. SUPER. WILLIAM BARR; ) | |
| MARILAND BROOKS, ) | Electronically Filed |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO
AMEND / CORRECT COMPLAINT**

AND NOW, come the defendants, Superintendent William Wolfe, Steve Reilly, Denese Bunner, Manager Rod Showers, Case Mgr. –GECAC Judy Jackson, Jeffrey Beard, Assist. Super. William Barr, and Mariland Brooks, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Christian D. Bareford, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submit the following:

Plaintiff, Anthony DeFranco, is a pro se prisoner currently in the custody of the Pennsylvania Department of Corrections (DOC) in the State Correctional Institution at Albion (SCI-Albion). Plaintiff has brought the instant action pursuant to 42 U.S.C. §1983 against several individuals employed by the DOC: William Wolfe; Steve Reilly;

Denese Bunner; Rod Showers; Judy Jackson; Jeffrey Beard; William Barr; and Mariland Brooks.[1]

Plaintiff initiated the instant action with a Motion to Proceed *In Forma Pauperis* on August 10, 2004. (*See* Docket #1). Plaintiff was granted permission to so proceed (*see* Doc. #2) and filed his original Complaint on August 27, 2004. (*See* Doc. #3). With leave of court (*see* Doc. #75), Plaintiff filed his First Amended Complaint on March 30, 2005. (*See* Doc. #76). Defendants moved to dismiss Plaintiff's Amended Complaint, via Motion and supporting Brief, on June 22, 2005. (*See* Doc. # 93; 94). That Motion is currently pending before this Honorable Court. Plaintiff has moved to amend yet again with the September 7, 2005 filing of a Motion to Amend/Correct Complaint, accompanied by a proposed Second Amended Complaint. (*See* Doc. #114). This brief is filed in response thereto, as per Order of Court dated September 8, 2005. (*See* Doc. #115).

Plaintiff is an abusive, litigious inmate. To wit, Plaintiff has filed some 59 pleadings in the little over a year that the instant matter has been open. (*See* Docket, generally). These pleadings have included 3 motions for preliminary injunctive relief (*see* Doc. # 4; 6; 74), as well as 5 motions for temporary restraining orders (*see* Doc. # 7; 9; 12; 68; 107), and have necessitated 4 separate hearings before this Honorable Court. (*See* Doc. #8; 33; 83; 112).

There is no right entitling Plaintiff to further prolong resolution in this action by the filing of a Second Amended Complaint. Rule 15 of the Federal Rules of Civil

---

[1] Plaintiff has also named Dr. John Doe and Jane Doe as defendants, alleging that they too are DOC employees. The Office of Attorney General cannot represent these unidentified individuals. As such, these individuals are not a party to the instant motion, and it is requested that undersigned counsel be removed as their counsel of record.

Procedure governs amended pleadings in civil cases. Rule 15(a) states that only one amendment is required as a matter of law, and that additional amendments may be granted by the court only where "justice so requires." Fed.R.Civ.P. Rule 15(a).

In the instant case, Plaintiff's Original Complaint contains allegations against defendants Wolfe, Reilly, Bunner, Showers, and Jackson arising from events alleged to have taken place at SCI-Albion. (*See* Doc. #3). Plaintiff has already filed a First Amended Complaint, as of right. (*See* Doc. # 76). The claims in Plaintiff's First Amended Complaint, also arising from alleged events at SCI-Albion, did not "amend" those raised in the original Complaint, but, rather, proceeded forward in time, raising new claims in paragraphs continuing numerically where the original Complaint left off. *Id*. The First Amended Complaint also added three new defendants - Beard, Barr, and Brooks - and new claims related thereto.

Like Plaintiff's First Amended Complaint, the proposed Second Amended Complaint does not "amend" previously raised claims, but rather, continues forward where the First Amended Complaint left off. (*See* Doc. #114). In the proposed Second Amended Complaint, Plaintiff attempts to raise claims related to confinement at the State Correctional Institution at Smithfield (SCI-Smithfield). *Id*. This proposed second amendment also seeks the addition of several new defendants from SCI-Smithfield - Palakovich, Bauer, Weaver, and Hoffman – and new claims related thereto. *Id*.

"In determining the legal sufficiency of a proposed amendment to a complaint, the court applies the same test as a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6)." <u>Ward v. Cheltenham Township</u>, 1990 U.S.Dist.LEXIS 10983, *2 (E.D.Pa. 1990), *citing*, <u>Jablonski v. Pan American World Airways, Inc.</u>, 863 F.2d 289

3

(3d Cir. 1988).  In examining the appropriateness of proposed amendments to the complaint in the context of §1983 actions, a higher standard of factual pleading is required wherein "[t]he crucial questions are whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer."  Frazier v. SEPTA, 785 F.2d 65, 68 (3d Cir. 1986).

In the instant case, Plaintiff should not be permitted to file the proposed Second Amended Complaint, because such an amendment would be futile.  *See* Sprinturf, Inc. v. Southwest Rec. Indus., 281 F.Supp.2d 784, 785, *citing*, Foman v. Davis, 371 U.S. 178, 182 (1962) (court held plaintiff's motion to amend denied since claims could not survive a Federal Rule 12(b)(6) motion to dismiss).  Defendants have filed a Motion to Dismiss Amended Complaint, and supporting Brief, in relation to Plaintiff's First Amended Complaint.[2]  (*See* Doc. # 93; 94).  The arguments set forth therein remain valid with regard to Plaintiff's proposed Second Amended Complaint.  *Id*.  Specifically, defendants contend that Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act with respect to his claims, has failed to demonstrate an objectively serious medical need, and has failed to establish deliberate indifference by defendants.  (*See* Doc. #94).  Inasmuch as defendants' Motion to Dismiss Amended Complaint remains pending before this Honorable Court and defendants maintain that success on this motion is warranted, Plaintiff should not be permitted to file the proposed Second Amended Complaint.

---

[2] The arguments presented in defendants Motion to Dismiss Amended Complaint (see Doc. # 93; 94) are incorporated herein by reference thereto.

4

WHEREFORE, it is respectfully requested that Plaintiff's Motion to Amend/Correct Complaint (*see* Doc. #114) be denied.

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY:   /s/ Christian D. Bareford
CHRISTIAN D. BAREFORD
Deputy Attorney General
PA I.D No. 83982

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-3570

Date:  September 28, 2005