IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO,            )<br>　　　　　Plaintiff,            )<br>　　　v.                              )<br>　　　　　　　　　　　　　　　　)<br>WILLIAM WOLFE, et al.,         )<br>　　　　　Defendants.         ) | <br><br>C.A. No. 04-230 Erie<br><br>District Judge Cohill<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**

It is respectfully recommended that Plaintiff's Petition for Temporary Restraining Order [Document # 107] be denied.

**II.    REPORT:**

Plaintiff Anthony DeFranco, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), brings a civil rights action pursuant to 42 U.S.C. § 1983 against William Wolfe, Superintendent of SCI Albion; Steve Reilly and Denise Bunner, Psychologists at SCI-Albion; Rod Showers, Unit Manager at SCI-Albion; Judy Jackson, Counselor at SCI-Albion; unnamed Defendants identified as Jane and John Doe(s); Jeffrey Beard, Secretary of the Department of Corrections; William Barr, Assistant Superintendent at SCI-Albion; and Marilyn Brooks, Superintendent at SCI-Albion.  Plaintiff claims that his rights guaranteed by the first, eighth, and fourteenth amendments to the United States Constitution were violated because Defendants removed him from "z-code" (single cell) status and placed him in a shared cell with another inmate in retaliation for a misconduct he received for allegedly threatening a prison guard. Plaintiff alleges further that, in removing his z-code status, Defendants were deliberately indifferent to his medical needs, which allegedly require his placement in a single cell.  He seeks to have his z-code status reinstated, along with an order preventing Defendants from transferring him to another institution in retaliation for his complaint, and monetary damages.

On August 15, 2005, Plaintiff filed a petition for a temporary restraining order [Document

# 107]. A hearing was held on this petition matter by telephone on September 2, 2005. In his petition, Plaintiff claims that he was transferred back to SCI-Albion from SCI-Smithfield on August 2, 2005, at which time one of the correctional officers allegedly "made a comment implying that Plaintiff would be 'getting the bus rides' (words to that effect - - - meant that he would be transferred continually." (See Document # 107 at ¶ 5). Plaintiff claims this comment was a threat to have him transferred repeatedly, which he does not consider to be speculative or remote because he had already been transferred by Defendants, allegedly in retaliation for his claims against them.

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm.

2

ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

In this case, Plaintiff has failed to demonstrate a likelihood of success on the merits to warrant the issuance of a preliminary injunction. It is well-settled that Petitioner has no federal liberty interest guaranteeing that he remain in a particular prison, or preventing his transfer to another correctional facility, either within the same state or interstate. Olim v. Wakinekona, 461 U.S. 238, 247 (1983); Beshaw v. Fenton, 635 F.2d 239 (3d Cir.1980), cert. denied, 453 U.S. 912 (1981). "Through the authorization conferred by 18 U.S.C. § 4082, the Attorney General may transfer a prisoner from one place of confinement to any available and appropriate facility." Ingraham v. Federal Bureau of Prisons, 1987 WL 16886 at *1 (E.D.Pa. Sept. 9, 1987).

Based on the foregoing, Plaintiff cannot demonstrate a likelihood of success with regard to his claims to warrant the extraordinary relief he seeks. Thus, Plaintiff's petition should be denied.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Petition for Temporary Restraining Order [Document # 107] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any

appellate rights.

                                        S/Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        Chief U.S. Magistrate Judge

cc:     The Honorable Maurice B. Cohill
        United States District Judge