IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,              ) | |
|                                                        ) | |
|     Plaintiff,                   ) | |
|                                                        ) | |
|     v.                             ) | Civ.  No. 04-0230 Erie |
|                                                        ) | Magistrate Judge Baxter |
| WILLIAM WOLFE, et al.,            ) | |
|                                                        ) | |
|     Defendants.              ) | |

**MEMORANDUM ORDER**

Plaintiff Anthony DeFranco has filed an appeal of the Magistrate Judge's Order denying Mr. DeFranco's motion for Subpoena (Doc. 118).

Plaintiff argues that the documents he seeks are relevant to deciding Defendants' outstanding motion to dismiss. In denying the motion the Magistrate Judge explained that the documents are not relevant to the determination of a motion to dismiss, since such a motion is a challenge to the sufficiency of the pleadings. In his appeal, Plaintiff avers that the documents are "'evidentiary documents' that bear directly upon the case, his complaint and the pending motion to dismiss." (Doc. 122, at ¶ 3.) However, Plaintiff offers no argument as to why the requested documents are relevant to the outstanding motion to dismiss.

A motion to dismiss pursuant to Federal Rule 12(b)(6) tests the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established in support of the claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley, 355 U.S. at 45-46); see also Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir.1985). "A motion to dismiss pursuant to 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In Re Burlington Coat Factory

Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). "When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)); see also Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000).

While in some cases a Court is permitted to consider documents outside the pleadings, this is not such a case and Plaintiff has not offered any reason as to why the Court should consider the requested documents in order to decide the motion to dismiss. While his documents may be relevant to his case and his complaint, under the applicable standard of review for a motion to dismiss, they are not relevant. We see no error in the Magistrate Judge's Order denying Plaintiff's motion for subpoena.

The following Order is therefore entered.

AND NOW, to-wit, this __3rd__ day of October, 2005, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Appeal of Magistrate Judge's Order (Doc. 122) be and hereby is DENIED.

    s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   counsel of record

    Anthony Defranco, pro se
    CZ-3518
    SCI Albion
    10745 Route 18
    Albion, PA 16475-0001