# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,  )
         Plaintiff,  )
         v.  )    Civ. No. 04-0230 Erie
WILLIAM WOLFE, et al.,  )
         Defendants.  )

## OPINION and ORDER

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation filed on September 29, 2005 (Doc. 129), recommended that Plaintiff Anthony DeFranco's Petition for Temporary Restraining Order (Doc. 107) be denied. Service was made on all parties. Plaintiff filed Objections to Magistrate's Report and Recommendation (Doc. 129) on October 12, 2005.

Mr. DeFranco requests that the Court issue a temporary restraining order and preliminary injunction prohibiting the Defendants from transferring him to another prison again. The Magistrate Judge denied the petition because Mr. DeFranco could not "demonstrate a likelihood of success on the merits to warrant the issuance of a preliminary injunction." (Report and Recommendation, at 3.) Specifically, the Magistrate Judge explained that Mr. DeFranco "has no federal liberty interest guaranteeing that he remain in a

particular prison, or preventing his transfer to another correctional facility, either within the same state or interstate." (Id. citing Olim v. Wakinekona, 461 U.S. 238, 247 (U.S. 1983); and Beshaw v. Fenton, 635 F.2d 239 (3d Cir. 1980), cert. denied, 453 U.S. 912 (1981).) She further explained that "'[t]hrough the authorization conferred by 18 U.S.C. § 4082, the Attorney General may transfer a prisoner from one place of confinement to any available and appropriate facility.'" (Id. quoting Ingraham v. Federal Bureau of Prisons, 1987 WL 16886, at *1 (E.D.Pa. 1987).

In his Objections to Magistrate's Report and Recommendation Mr. DeFranco concedes that he has no federal liberty interest guaranteeing that he remain in a particular prison, thereby conceding that he cannot demonstrate a likelihood of success on the merits of his claim that he cannot be transferred without his consent. (Petition for Temporary Restraining Order, at 5.) Instead he shifts the focus of his argument and claims that the prison cannot transfer a prisoner in retaliation for engaging in the constitutionally protected activity of filing either a grievance or a lawsuit. (Id.) In support of his argument he cites to Abu-Jamal v. Price, 154 F.3d 128 (3d Cir. 1998).

Mr. DeFranco's reliance on Abu-Jamal is misplaced. In Abu-Jamal, the Court found that the petitioner had a reasonable likelihood of success in showing that prison officials violated his First Amendment right of free speech. Abu-Jamal, 154 F.3d at 136. The harm that was actually occurring at the time was the loss of petitioner's free speech rights, and it was found to be irreparable harm "because the timeliness of speech is often critical." (Id.)

In the instant case, Mr. DeFranco claims that he was transferred because he filed a lawsuit, thereby implicating his First Amendment right to meaningful access to the courts.

However, Mr. DeFranco does not aver, much less show, any injury to his right of access to the courts. Lewis v. Casey, 518 U.S. 343, 351-55 (1996), and Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

As previously stated, Mr. DeFranco has no constitutionally protected liberty interest guaranteeing that he will not be transferred. He also is unable to show that by being transferred he suffered an injury to his constitutionally protected liberty interest in meaningful access to the courts. Therefore we will deny Mr. DeFranco's petition as he cannot show a likelihood of success on the merits of his claim since he cannot identify an injury to a constitutionally protected interest.

After *de novo* review of the documents in the case, together with the report and recommendation (Doc. 123) and Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 129), the following Order is entered:

AND NOW, to-wit, this 2nd day of November, 2005, IT IS HEREBY ORDERED ADJUDGED and DECREED that Anthony DeFranco's Petition for Temporary Restraining Order (Doc. 107) be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Christian D. Bareford, Esq. (via electronic mail)
Office of Attorney General

Anthony Defranco, pro se
CZ-3518
SCI Albion
10745 Route 18
Albion, PA 16475-0001

Magistrate Judge Baxter