IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | : |
| Plaintiff, | : Case No.:C.A.-04-230-ERIE |
| vs. | : MAGISTRATE JUDGE BAXTER |
| WILLIAM WOLFE, et al., | : DISTIRCT JUDGE COHILL |
| Defendants. | : |

## MOTION FOR RECONSIDERATION OF ORDER AND OPINION

TO: **THE HONORABLE JUDGE MAURICE B. COHILL, Jr.**

Plaintiff respectfully moves this Honorable Court to reconsider its Order, pursuant to Rule 59(e), and ruling denying the temporary restraining order and preliminary injunction (Doc.#132) and in support avers:

1. This Honorable Court denied Plaintiff's Objections by Order dated November 2, 2005. Plaintiff had filed Objections to the Magistrate Judge's Report and Recommendation (Doc.#129) based upon the denial of a preliminary injunction stopping any further retalitory transfers.

2. In his objections Plaintiff asserted both a 1st and 14th Amendment violation of his constitutional rights (see Objections).

3. Plaintiff asks that this Court reconsider its ruling in denying the request for a preliminary injunction and hereby incorporates by reference his Objections by reference as if fully stated herein.

## DISCUSSION

Plaintiff was transferred to a distant prison for the filing of this lawsuit (see exhibit attached to objections). This was done despite the fact that Defendant Barr signed an affidavit that no such transfer was going to occur. This untrue affidavit was the direct cause for Magistrate Judge Baxter to recommend that the previously granted TRO, preventing Defendants from tranferring him, be lifted. This Court then adopted the Recommendation and Plaintiff was transferred. It was admitted by the Defendants that this transfer was done "due to litigation". While Plaintiff admits that he has no federal right to be housed at a prison of his choosing, he has asserted that the prison may not transfer a prisoner for filing grievances, lawsuits or other protected activites. In denying the Objections, the Court solely concentrated on Plaintiffs asserted 1st Amendment violation and the case of *Abu-Jamal v. Price*, 154 F.3d 128 (3rd Cir. 1998). The Court over-looked the asserted 14th Amendment violation and the fact that the prison may not transfer a prisoner for excerising protected activity.

This Court had previously granted a TRO stopping the Defendants from transferring him based off the threats he had been receiving (See attached Ex. "A"). Plaintiff has been transferred back to SCI Albion and during the transfer process he was again receiving the same type of threats that lead to the first constitutionally violative transfer. Plaintiff even offered evidence signed and dated by Defendants that he had been transferred "due to litigation". Based upon such evidence, this Honorable Court should issue the preliminary injunction to protect Plaintiff.

Additionally, this Court erred in its Order and Opinion when it stated Plaintiff did not raise an issue of the Defendants denying him access to the courts. A reading of Plaintiff's Objections, he specifically stated that the prison had withheld his legal mail, thereby barring his ability to file an

appeal (See Objections, ¶¶ 16 & 17). Plaintiff has requested the name of the person who signed for his legal mail as the prison failed to trun it over to him. This is a denial of his access to the courts, as asserted in the Objections.

As stated, the Defendants have already violated Plaintiff's 1st and 14th Amendment's by transferring him retaliatorily. Under *Owens v. Shannon*, 808 A.2d 607 (2002); *Allah v. Seiverling*, 229 F.3d 220 (Pa. 2000); *Castle v. Clymer*, 15 F.Supp.2d 640 (Pa.1998); *Rauser v. Horn*, 241 F.3d 330 (Pa. 2001), a prison is free to transfer a prisoner so long as it serves a legitimate penological reason. Transfers in retaliation for exercising a federal constitutional right is actionable under § 1983, See *Olim v. Wakinekona*, 461 U.S. 238, 245-46, 248 n.9 (1983). The Defendants admit they have already transferred "due to litigation" (see exhibits attached to Objections); this Court's intervention and protection is needed to stop further violative transfers. Plaintiff asks this Honorable Court to reconsider its ruling and issue an injunction.

WHEREFORE, Plaintiff prays this Honorable Court will reconsider its ruling and issue a preliminary injunction, and for any other relief the Court may see fit.

Respectfully submitted,

Date: November 10, 2005

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

## CERTIFICATE OF SERVICE

Service of the foregoing was made
by US First Class Mail this date to
the Attorney General, 564 Forbes Ave.,Pgh., Pa. 15219.

Reconsideration for Objections- 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO,<br>Plaintiff,<br><br>vs.<br><br>WILLIAM WOLFE, et al.,<br>Defendants. | C.A. No. 04-230 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter |

### ORDER

On August 26, 2004, Plaintiff Anthony DeFranco, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed the instant civil rights complaint, pro se, pursuant to 42 U.S.C. § 1983. This matter was assigned to United States District Judge Maurice B. Cohill and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

In conjunction with the filing of his complaint, Plaintiff filed a motion for preliminary injunction [Document # 4], which he subsequently amended on September 2, 2004. [Document # 6]. Thereafter, on September 22, 2004, Plaintiff filed a petition for temporary restraining order [Document # 7], for which a hearing was held by telephone before Magistrate Judge Baxter on October 22, 2004. Subsequent to the telephone hearing, Plaintiff filed a second petition for immediate temporary restraining order [Document # 9] on October 26, 2004.

On October 29, 2004, Magistrate Judge Baxter issued a Report and Recommendation recommending that Plaintiff's petition for temporary restraining order [Document #7] and petition for immediate temporary restraining order [Document # 9] be granted.

1

AO 72
(Rev. 8/82)

EX. "A"

AND NOW, this 1st day of November, 2004;

Following a *de novo* review of the record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter recommending the granting of Plaintiff's petition for temporary restraining order [Document # 7] and petition for immediate temporary restraining order [Document #9] be adopted as the opinion of this Court.

IT IS FURTHER ORDERED that Defendants shall immediately reinstate Plaintiff's z-code status and place him in a single cell at SCI-Albion.

Maurice B. Cohill, Jr.
MAURICE B. COHILL
UNITED STATES DISTRICT JUDGE

cc:   The Honorable Susan Paradise Baxter
      United States Magistrate Judge

      all parties of record _____

2