IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | : |
| Plaintiff, | : Case No.:C.A.-04-230-ERIE |
| vs. | : MAGISTRATE JUDGE BAXTER |
| WILLIAM WOLFE, et al., | : DISTIRCT JUDGE COHILL |
| Defendants. | : |

## AMENDED MOTION FOR RECONSIDERATION OF ORDER AND OPINION

TO: **THE HONORABLE JUDGE MAURICE B. COHILL, Jr.**

Plaintiff respectfully moves this Honorable Court to reconsider its Order, pursuant to Rule 59(e), and ruling denying the temporary restraining order and preliminary injunction (Doc.#132) and consider the following supplemental motion; and in support avers:

1. Plaintiff has filed a timely motion for reconsideration of the Court's Order denying his objections, pursuant to Rule 59(e).

2. When Plaintiff filed the motion to reconsider, he omitted an important argument for reconsideration and respectfully asks this Court to entertain those arguments.

## DISCUSSION

In this Honorable Court's Order and Opinion, the Court denied Plaintiff's objections based upon the alleged unimpeded access to the courts. However, Plaintiff avers that while the Defendants may not be specifiaclly denying him access to the courts at the present time, their

actions should be looked at whether their retaliatory actions would stopped a person for ordinary firmness from accessing the courts; while the Defendants constitutional violations may not stop him from accessing the courts, their actions would surely stop a person of *ordinary firmness* from doing so. "The right of access to the courts must be adequate, effective and meaningful...and must be freely exercisable without hinderance or *fear of retaliation.*" Athinson v. Taylor, 316 F.3d 357, 269 (3rdCir. 2003). While the Defendants actions of transferring him retaliatorily may not in and of itself stop him *now* from accessing the courts, their actions may nonetheless become so unbearable that he may stop accessing the courts at the fear of their retaliation. And at that point he may not be in court, giving the court no means of preventing constituational violations. By allowing the Defendants to continue with this course of conduct, or even instilling the fear of retaliatory transfers, is inauspicious. Once the Defendants do achieve their intended purpose and discourage Plaintiff from continuing to pursue the lawsuit, thus causing actual injury (access to the court), then the Court will no longer be able to entertain this constituational violation because Plaintiff will no longer be in court on the matter.

WHEREFORE, Plaintiff prays this Honorable Court to issue a preliminary injunction and any other relief the Court may see fit.

Respectfully submitted,

Date: November 13, 2005

*[signature]*
Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**CERTIFICATE OF SERVICE**

Service of the foregoing was made by US First Class Mail this date to the Attorney General, 564 Forbes Ave.,Pgh., Pa. 15219.