IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 04-0230 Erie |
| ) | |
| WILLIAM WOLFE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Presently before the Court are Mr. DeFranco's Motion for Reconsideration (Doc. 133) and Amended Motion for Reconsideration (Doc. 135) of this Court's November 2, 2005 Opinion and Order (Doc. 132) denying his Petition for Temporary Restraining Order.

**Background**

The magistrate judge's report and recommendation filed on September 29, 2005 (Doc. 123), recommended that Plaintiff Anthony DeFranco's Petition for Temporary Restraining Order (Doc. 107) be denied. Service was made on all parties. Plaintiff filed Objections to Magistrate's Report and Recommendation (Doc. 129) on October 12, 2005.

Mr. DeFranco requested that the Court issue a temporary restraining order and preliminary injunction prohibiting the Defendants from transferring him to another prison again. The Magistrate Judge denied the petition because Mr. DeFranco could not

"demonstrate a likelihood of success on the merits to warrant the issuance of a preliminary injunction." (Report and Recommendation, at 3.)  Specifically, the Magistrate Judge explained that Mr. DeFranco "has no federal liberty interest guaranteeing that he remain in a particular prison, or preventing his transfer to another correctional facility, either within the same state or interstate."  (Id. citing Olim v. Wakinekona, 461 U.S. 238, 247 (U.S. 1983); and Beshaw v. Fenton, 635 F.2d 239 (3d Cir. 1980), cert. denied, 453 U.S. 912 (1981).)  She further explained that "'[t]hrough the authorization conferred by 18 U.S.C. § 4082, the Attorney General may transfer a prisoner from one place of confinement to any available and appropriate facility.'"  (Id. quoting Ingraham v. Federal Bureau of Prisons, 1987 WL 16886, at *1 (E.D.Pa. 1987).

After *de novo* review of the documents in the case, together with the report and recommendation (Doc. 123) and Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 129), we denied Mr. DeFranco's Petition for Temporary Restraining Order stating that Mr. DeFranco cannot show a likelihood of success on the merits of his claim since he cannot identify an injury to a constitutionally protected interest.

**Motion for Reconsideration**

Mr. DeFranco has now filed a Motion for Reconsideration (Doc. 133) and Amended Motion for Reconsideration (Doc. 135), arguing that he can show a likelihood of success on the merits.  He argues that although he has no constitutionally protected liberty interest guaranteeing that he will not be transferred, a prison is prohibited from transferring an inmate for exercising a constitutionally protected right. (Motion for Reconsideration, at 2 & 3 (citing ,*inter alia*, Owens v. Shannon, 808 A.2d 607 (Pa. Commw. Ct. 2002).)

In Owens, the Pennsylvania Commonwealth Court stated as follows:

"a transfer in retaliation for an inmate's exercises of his First Amendment right to free speech states a cause of action under 42 U.S.C. § 1983," Castle v. Clymer, 15 F. Supp. 2d 640 (E.D. Pa. 1998), and the state can order officials to take corrective action to remedy a violation of a constitutional or federal right. Therefore, the trial court could order that an inmate be transferred to another prison if it determined that the demotional transfer was retaliatory in violation of the prisoner's constitutional rights.

Owens v. Shannon, 808 A.2d 607, 610-611 (Pa. Commw. Ct. 2002).  Here, Mr. DeFranco claims that he was transferred in retaliation for exercising his First Amendment right to meaningful access to the courts by filing a lawsuit and for filing internal grievances.

**Relevant History**

On November 1, 2004, this Court issued a Temporary Restraining Order (Doc. 13) adopting the Report and Recommendation of the Magistrate Judge (Doc. 11).  In part, the TRO ordered Defendants to refrain from transferring Plaintiff to another correctional institution in retaliation for Mr. DeFranco's "continued exercise of his First Amendment right to file grievances and to petition this Court for reinstatement of his z-code status." (Report and Recommendation Dated October 29, 2004, at 6.)  The TRO eventually expired and the Magistrate Judge held a preliminary injunction hearing on December 17, 2004.

On January 19, 2005, the Magistrate Judge issued a Report and Recommendation recommending that Mr. DeFranco's several motions for a temporary restraining order and for a preliminary injunction be denied.  (Doc. 41.)  The Magistrate Judge stated in part as follows:

Plaintiff also seeks a preliminary injunction to stop any retaliatory transfer to another institution, and specifically to SCI Dallas, where Plaintiff claims Defendant Barr threatened to send him following his successful TRO motion.  The Court accepted Defendant Barr's testimony that no such transfer is planned: . . ."

3

(Report and Recommendation dated January 19, 2005, at n.2 (citing Affidavit of Williams Barr, November 8, 2004, at ¶ 12)).) On February 28, 2005, we issued a Memorandum Order adopting the Magistrate Judge's Report and Recommendation as our own and denied Plaintiff's motions. (Doc. 62.)

On March 7, 2005, one week after our Order denying the motion for preliminary injunction, Mr. DeFranco was transferred from SCI-Albion to SCI-Smithfield. (Plaintiff's Motion for Temporary Restraining Order, Doc. 68, at ¶ 4; Plaintiff's Objections to Magistrate's Report and Recommendation, Doc. 129, at ¶ 8.)

A hearing on Plaintiff's motions for a TRO (Doc. 68) and preliminary injunction (Doc. 74) was held before the Magistrate Judge on April 22, 2005. (Doc. 83.) Plaintiff's motion for a TRO was orally denied as moot, and his motion for preliminary injunction was denied in a Report an Recommendation dated April 26, 2005 (Doc. 85) and adopted by this Court on June 28, 2005 (Doc. 96).

Mr. DeFranco filed a grievance regarding his transfer, and was eventually returned to SCI-Albion on August 2, 2005. On August 15, 2005, he filed his motion for a TRO to prohibit Defendants from any future retaliatory transfers.

**Discussion**

If Mr. DeFranco's allegations are true it appears that he would be able to show a likelihood of success on the merits since the prison cannot transfer a prisoner solely in retaliation for exercising his constitutionally protected right. (See Castle, 15 F. Supp. 2d at 661("there is widespread agreement among the Courts of Appeals as to the unconstitutionality of transfers based upon inmates' exercise of substantive constitutional rights -- such as the

right of freedom of speech").)  Thus, we will grant Mr. DeFranco's motion for reconsideration since in our Order we did not consider this aspect of his motion.

However, we cannot properly consider Mr. DeFranco's petition for a TRO and determine whether he has met the requirements for a TRO or preliminary injunction without the relevant transcripts.  In this regard, we must inquire into whether Mr. DeFranco actually does have a likelihood of success on the merits by examining whether he was transferred in retaliation for the exercise of his constitutionally protected rights.  Castle, 15 F. Supp. 2d at 661-662.

In addition, we must consider whether there exists a clear showing of immediate irreparable injury to Mr. DeFranco if relief is not granted.  Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).  We note that given that Mr. DeFranco has not been transferred at all since he was returned to SCI-Albion on August 2, 2005.  Mr. DeFranco has a heavy burden to show that he suffers from an immediate risk of being transferred in retaliation for exercising his First Amendment rights.  Moreover, it is not "enough for the harm to be serious or substantial, rather, it must be so peculiar in nature that money cannot compensate for the harm."  Id.

Finally, we must also consider the possible harm to Defendants if relief is granted, and any affect on the public interest.  In this regard we note that even if a TRO were to be issued it would be narrowly tailored to prohibit only retaliatory transfers for the exercise of the constitutionally protected right; it would not prohibit Defendants from transferring Mr.

DeFranco so long as the transfer is reasonably related to legitimate penological interests. Castle, 15 F. Supp. 2d at 661.

Accordingly, we will order that the transcripts from the hearings held on April 22, 2005, and on September 2, 2005, be transcribed and filed.

AND NOW, to-wit, this 29th day of November, 2005, IT IS HEREBY ORDERED ADJUDGED and DECREED that Anthony DeFranco's Motion for Reconsideration (Doc. 133) be and hereby is GRANTED insofar as the Court will reconsider its Order dated November 3, 2005 (Doc. 132), after receipt of the relevant transcripts.

IT IS FURTHER ORDERED that the court reporter transcribe the transcripts from the hearings held on April 22, 2005 (Doc. 83) and September 2, 2005 (Doc. 112). Said transcripts shall be filed and provide to counsel of record and Plaintiff.

IT IS FURTHER ORDERED that Defendants shall file a response to Plaintiff's Motion for Reconsideration no later than ten days after said transcripts are filed. Any Reply by Plaintiff shall be due no later than five days after receipt of Defendant's Response.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Christian D. Bareford, Esq. (via electronic mail)
Anthony Defranco, pro se (via regular mail)
Magistrate Judge Baxter
Ron Bench, Court Reporter