**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY DeFRANCO,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **C.A. No. 04-230 ERIE** |
| | ) | **District Judge Cohill** |
| **WILLIAM WOLFE, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

## ORDER

Plaintiff has filed with this Court a "motion to amend and supplement complaint (2nd time)" [Document # 114], seeking to file a second amended complaint to (i) supplement his claims against Defendant Barr to include a claim of retaliatory transfer, and (ii) add four (4) new Defendants employed at the State Correctional Institution at Smithfield ("SCI-Smithfield"), against whom he seeks to make additional allegations regarding alleged constitutional violations he claims to have suffered since his transfer to SCI-Smithfield on or about March 8, 2005. In his motion, Plaintiff claims that this Court previously indicated during a preliminary injunction hearing on April 21, 2005, that Plaintiff may amend his complaint to include the claims sought to be added in his pending motion. This is true only with regard to Plaintiff's claim of retaliatory transfer against Defendant Barr, which had not yet been exhausted at the administrative level at the time of the preliminary injunction hearing. To the extent Plaintiff seeks to add and/or supplement his retaliatory transfer claim, he may do so.

With regard to the remaining claims sought to be added against individuals employed at SCI-Smithfield, who Plaintiff seeks to add as defendants in this case, this Court has already allowed Plaintiff to amend and/or supplement his complaint in this case on two occasions since the original complaint was received by this Court on August 26, 2004. This Court will no longer hold this case in abeyance merely to allow Plaintiff to supplement his claims whenever new constitutional violations allegedly occur. If Plaintiff wishes to pursue his new allegations against the individuals he seeks to add as new defendants in this case, he may do so in a separate

action filed in the appropriate jurisdiction.

AND NOW, this 17th day of January, 2006;

IT IS HEREBY ORDERED that Plaintiff's motion to amend and supplement complaint [Document # 114] is GRANTED with regard to paragraphs 64 through 70 and 77 of Plaintiff's proposed second amended and supplemental complaint, and is DISMISSED with regard to the remaining paragraphs of the proposed second amended and supplemental complaint, without prejudice to Plaintiff's right to raise the allegations contained in paragraphs 71 through 75, 78 and 79 of the proposed amended and supplemental complaint in a separate action filed with this Court.  **No further amendments or supplements to plaintiff's complaint in this case will be allowed by this Court, without good cause shown.**

IT IS FURTHER ORDERED that the Clerk of Courts shall dedact paragraphs 71 through 75, 78 and 79 of the proposed second amended and supplemental complaint attached to Plaintiff's motion [Document # 114], and shall separately docket the dedacted document as Plaintiff's Second Amended and Supplemental Complaint as of the date of this Order.

IT IS FURTHER ORDERED that Defendants' pending motion to dismiss Plaintiff's amended complaint [Document # 93] is DISMISSED as moot, without prejudice to Defendants' right to reassert or incorporate by reference some or all of the allegations of said motion and/or brief in support thereof, in their response to Plaintiff's complaint, as amended.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge