IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DeFRANCO,<br>Plaintiff, | ) | |
| | ) | No. CA-04-230-ERIE |
| | ) | Magistrate Judge Baxter |
| v. | ) | District Judge Cohill |
| | ) | |
| WILLIAM WOLFE, et al.,<br>Defendants. | ) | |

**PLAINTIFF'S 2nd AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff submits the following Second Amended and Supplemental Complaint pursuant to Fed.R.Civ.P. 15, and this Honorable Court's permission to file same. Plaintiff incorporates by reference his original Complaint and Amended Complaint as if fully stated herein; and avers:

AT ALL TIMES STATED HEREIN, THE DEFENDANT'S HAVE ACTED AND CONTINUE TO ACT UNDER THE COLOR OF STATE LAW.

FACTUAL ALLEGATIONS

64. Plaintiff advised this Court that defendant Barr threatened him with a transfer if he were successful during the October 22, 2004 hearing. This Court granted Plaintiff a TRO based off this incident but only lifted it after defendant Barr wrote out a declaration claiming not to have plans to move Plaintiff. This Court accepted the declaration as true (See, Report and Recommendation, FN.#2, DOC. #41).

65. On March 8, 2005, approximately one (1) week after the District Judge Adopted this Court's Report, defendant Barr did conspire to have Plaintiff transferred to the central of the state. This done specifically because of the lawsuit.

66. Plaintiff had placed this Court on notice that this would occur

at the beginning of this matter. In fact, even a Michele Flavell sent the Court a declaration stating that Defendant Barr told her in 2002 that "if he had it his way Plaintiff would be in the center of the state right now." (Doc. # 26, dated 11/30/04).

67. By Defendant Barr's actions, he has violated Plaintiff's First Amendment rights, Eighth and Fourteenth Amendments of the United States Constitution. Barr conspired to have Plaintiff placed at Smithfield through his prior higher position of Deputy Secretary, with the specific purpose of having Plaintiff harmed for filing this Complaint. In fact, upon arrival there, Plaintiff had numerous comments made to him about the lawsuit; guards saying things such as, "this is DeFranco, Sgt., the lawsuit boy." And things to that effect. The medical department at Smithfield harmed Plaintiff intentionally because of defendant Barr and this Complaint. Plaintiff has sustained numerous injuries, including many panic attacks; passing out and harming his knee further; a scar on his eyebrow. Plaintiff was destined to this specific prison at Defendants Barr's request and through his contacts here, made Plaintiff's life hazardous and unbearable. Defendant Barr had Plaintiff transferred in retaliation for this lawsuit, in violation of his 14th Amendment.

68. Defendant Barr, as stated supra, has harmed Plaintiff tremendously by this retaliatory transfer. He has lost almost all meaningful contact with family and friends; loss of his prison job; loss of property and shipping. Not to mention the extreme emotional and physical pain caused by Defendant Barr's actions and his unknown conspiator's in having Plaintiff transferred. This Court even sent Defendant Barr a message via unit manager Skendall during the April

21, 2005 T.R.O. hearing, where this Court said it was disappointed in Defendant Barr for lying to the Court (and that the Court did not think he would take this so personal to have Plaintiff moved). This was all done by Defendant Barr and his conspirator's to punish Plaintiff for the filing of this lawsuit and show other inmates what would happen if they filed lawsuits. Defendant Barr and conspirator's had Plaintiff moved without the normal "vote sheet" or and mandated "ITP Plan" (for mental health).

69. At this time Plaintiff is unaware of whom were all involved in this conspiracy but is naming "John and Jane Doe(s)". Defendant Barr could not have acted alone in this. Each are in violation of Plaintiff's 1st, 8th and 14th Amendments to the U.S. Constitution.

70. Defendant Brooks (SCI- Albion) has allowed Plaintiff to return to SCI-Albion (see reply to grievances). Defendant Brooks has allowed this transfer back to correct some of the injustice. However, Plaintiff is certain that SCI-Albion will attempt this again, to retaliate for this complaint.

IN ADDITION TO THE RETALIATORY TRANSFER, IT IS PLAINTIFF'S CONTENTION THAT THE DEFENDANTS CONSPIRED TO TRANSFER HIM SPECIFICALLY TO SCI-SMITHFIELD, KNOWING THAT HE WOULD BE HARMED PURPOSEFULLY BY THE MEDICAL DEPARTMENT AND STAFF.

EXHAUSTION

Attached hereto are copies of the grievances Plaintiff has filed, all the way through the last appeal stage. At this time, Camp Hill

has failed to follow procedure and timely respond to all appeals. However, the attachments clearly prove that plaintiff has appealed to the highest level. Defendants have also failed to reply to grievances.

CAUSE OF ACTION

76. Plaintiff support the following claims by reference to the previous paragraphs of this complaint:

COUNT I

77. The violation of Plaintiff's 14th Amendment to the U.S. Constitution, on Defendant Barr and unknown conspirator's; John & Jane Does, for the retaliatory transfer for filing this comp'aint.

COUNT II

th

pu

fa

81

f

w

b

l

h

a

WHEREFORE, plaintiff respectfully prays that this Court grant the relief sought in his original complaint, Amended complaint and this Second Amended Complaint, where he seeks monetary damages and other relief.

Date: 8/20/05

Respectfully submitted,

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,
Plaintiff,

v.

WILLIAM WOLFE, et al.,
Defendants.

No. CA-04-230-ERIE
Magistrate Judge Baxter
District Judge Cohill

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing 2nd Amended Complaint was served upon the following by U.S. First Class Mail:

Attorney General's Office
564 Forbes Ave.
Pittsburgh, Pa. 15219
William Wolfe (same above)

Superintendent Palakovich
P.O. Box 999
Huntingdon, Pa. 16652

Dr. Franz Bauer (same above)
George Weaver (same above)
P.A. Hoffman (same above)

Secretary Jeffrey Beard
2520 Lisburn Rd., Box 598
Camp Hill, Pa. 17001

Superintendent Brooks
10745 Route 18
Albion, Pa. 16475-0001

Steve Reilly (same as above)
Dennese Bunner (same as above)
Rod Showers (same as above)
Judy Jackson (same as above)
William Barr (same as above)

Date: 8/20/05

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

EXHIBITS

GRIEVANCES FILED

1. List of three (3) grievances filed by Plaintiff through the last stage of appeal.  The attachments are the grievance's and Response's.  Plaintiff has grieved the retaliatory transfer; inadequate medical care, to purposefully cause him pain and the treating psychiatrist being deliberately indifferent.

EXHIBITS

1. This is a request to psychologist Cunningham informing her of the panic attack and injuries to Plaintiff.  Her response and Dr. Bauer's reply, showing his evil intent.  He did not even see Plaintiff until "weeks" after the incident.

2. Requests to Mr. Weaver where a nurse replied for him.  This shows that they were all being deliberately indifferent.  Claiming that a panic attack is not a medical emergency and that Plaintiff does not suffer from patellofemoral syndrome while it is noted in his medical file and he was given a knee brace and a lot of pain medication for it.

EXHIBITS

Case 1:04-cv-00230-MBC-SPB Document 114-2 Filed 09/07/2005 Page 11 of 39

DC-804
Part 1

[illegible]

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
112276
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| [illegible] | [illegible] | 3/[illegible]/05 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| [illegible] | [illegible] | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| | [illegible] | |

INSTRUCTIONS:
1 Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

This is in regards to a [illegible] [illegible] that I have been [illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]
[illegible]

**B.** List actions taken and staff you have contacted, before submitting this grievance.

[illegible]
[illegible]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator

Date

**WHITE** - Facility Grievance Coordinator Copy **CANARY** - File Copy **PINK** - Action Return Copy **GOLDENROD** - Inmate Copy

Revised
December 2000

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO. 112276

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| DeFranco, Anthony CZ-3518 | SCI Albion | B/B 49 | 3/15/05 |

The following is a summary of my findings regarding your grievance:

**Mr. DeFranco has a formal separation in place from Mr. Barr. It is felt that based on pending litigation it is in the best interest of all parties that he not be housed at SCI-Albion. No inmate has the right to determine where he or she will be housed.**

**Inmate was not available for signature as he is currently at SCI-Smithfield.**

RESOLVED:____________________ DATE:________
Inmate's Signature

UNRESOLVED:____________________ DATE:________
Inmate's Signature

cc: Original – Ms. McWilliams
Grievance Officer
Inmate
DC-15

WAB 3-29-05

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Ronald J. Bryant, CCPM | Bryant | 3/28/05 |

APPEAL TO SUPERINTENDENT

To: Ms. Brooks, Superintendent

GRIEVANCE # 112276 April 7, 2005

This is an appeal of the grievance filed regarding my transfer and the reason Mr. Bryant used to uphold it. While normally, it is true that an inmate does not have an inherent right to determine where he will be housed, an inmate cannot be moved based upon filing a lawsuit, as a means to punish or show other inmates what will happen if they follow the same. They is a plethora of case law dealing with this subject. However, Mr. Barr is the person responsible for my transfer when he informed the court only recently that there were no plans on transferring me. This "formal separation", created by Mr. Barr was done because he was named a defendant in this lawsuit. There are numerous inmates still residing at Albion who actually named Mr. Barr as a defendant but were not transferred. I have been singled out and punished for asserting my rights.

If Mr. Barr feels he cannot function inside the same institution as me while litigation is pending than maybe he should not be working where he does. Lawsuits are an integral part of prison. Mr. Bryant's response is ambiguous at best. He simply states that an inmate has no right to be housed at a particular prison. But what he fails to state, if he wants to cite law, is that a prison cannot transfer an inmate based on his filing a lawsuit. That is a retaliatory action to "get back" at me. No one has stated what harm it would cause to have kept me at Albion, in my home region and not moved 240 miles away. I am requesting an immediate return to Albion; just as Mr. Barr informed the federal court.

Mr. Bryant has failed to reply to my request that I remain in the same pay I was receiving at the time of transfer. I want the same monthly pay, from the date of my transfer until this is over.

I DID NOT RECEIVE THE RESPONSE UNTIL THIS DATE AND HAVE THE MAILING ENVELOPE FROM ALBION SHOWING A POSTMARK OF 4/4/05.

ALSO THEY HAS BEEN NO RESPONSE TO GRIEVANCE #112277 (By MAJOR GIDDENS)

4/7/05

Anthony DeFranco CZ-3518
SMI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

CC: federal Court
file

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution at Albion**
(814) 756-5778
May 10, 2005

**SUBJECT: APPEAL TO SUPERINTENDENT**
**GRIEVANCE #112276**

**TO:** Anthony DeFranco
CZ-3518
SCI-Smithfield

**FROM:** Marilyn S. Brooks
Superintendent

I have reviewed the original grievance and the Grievance Officer's response.

I do not find an appeal on file for 112276. However, I will allow you to be returned to SCI-Albion in resolution of the grievance.

Your transfer back to SCI-Albion will be done as a routine transfer and will be done when it can be scheduled. In anticipation of property shipment, if you are over the allowable limit and it is shipped by means other than the DOC, payment for shipping will be your responsibility.

Upon return you will be housed according to your classification.

After thorough review and evaluation, I amend the Grievance Officer's decision.

MSB/ljm

cc: Deputy Harlow
Deputy Wilkes
Mr. Bryant
Superintendent's Assistant
DC-15
File

**"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims"**

Anthony DeFranco CZ-3518
SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

Chief, Secretary's Office of Inmate Grievances
Department of Corrections
2520 Lisburn Rd., P.O. Box 598
Camp Hill, Pa. 17001-0598

May 8, 2005

Re: APPEAL GRIEVANCE No. 112276

Dear Chief, this is my appeal of the above grievance. I received this date a reply from the superintendent claiming that she did not receive my appeal but went on to claim to have enclosed an "amendment that resolves the issue." (superintendent's letter, enclosed, dated May 4, 2005. There was no "amendment" enclosed with this reply so I am appealing to your Office. I have had continued trouble even receiving replies from SCI-Albion. Please find enclosed a copy of my grievance, response, the superintendent's reply (w/o the "amendment") and my appeal to you.

What happened to me was a retaliatory transfer. I filed a civil rights action (which continues). From the outset I informed the Court that Albion would transfer me to punish me for filing the lawsuit. The federal court placed a temporary restraining order on Albion to keep me there. However, after the superintendent's Asst. made a declaration that no such transfer was planned, I was transferred 8 days after the restraining order was lifted. The reply that was given to my grievance was that Mr. Barr (Super. Asst.) placed a formal separation in on me due to the litigation. Although I have not received a misconduct in almost 3 years and my behavior there was model over the almost past 3 years (and I was moved there due to my mother's health and my good behavior). I lost my .42 per hour job and have been moved 240 miles away from my family, who cannot see me as they want. I would like an immediate transfer back to Albion with my job back, at the same pay rate and to be compensated for the pay loss due to this move. It is fundamentally unfair to my family and myself to have moved me; especially so far from my family. There is no pressing reason to transfer me. Many inmates have lawsuit's going that do not get moved as I have. Staff are suppose to be responsible and mature enough to litigate without personalizing the matter. I ask that you have me returned to Albion, with my job the way it was; and to be compensated for the loss of money. Thank you for your fairness in this matter.

Sincerely,

Anthony DeFranco

Enclosures

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**Secretary's Office of Inmate Grievance's and Appeals**
(717) 975-4954
May 17, 2005

**SUBJECT:** Grievance Correspondence-Grievance No. 112276(ALB)

**TO:** Anthony DeFranco, CZ3518 C/A 16
SCI Smithfield

**FROM:** Secretary's Office of Inmate Grievances & Appeals

This is to acknowledge receipt of your letter to this office. Upon review of your letter, it is the decision of this office to file your letter without action. You have failed to comply with the provision(s) of the revised DC-ADM 804 effective January 3, 2005.

In accordance with the provisions of the DC-ADM 804, VI D, 1g, a proper appeal to final review must include photocopies of the Initial Grievance, Initial Review, the Appeal to the Facility Manager, and the Facility Manager's decision with amendment. The text of your appeal(s) to this office shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two pages.

Review of the record reveals that your appeal(s) is incomplete. You have failed to provide this office with the required documentation that relates to your appeal(s). You are not permitted to appeal to this office until you have complied with all procedures established in DC-ADM 804. **You have ten working days from the date of this memo to provide this office with documents needed to conduct final review. Any further correspondence from you regarding your appeal(s), which does not contain the required documents, will result in a dismissal of your appeal(s).**

/ms

cc: Supt. Palakovich
DC-15
Grievance Office
Central File

*"Our mission is to protect the public by confining persons committed to our custody in safe secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

Anthony DeFranco CZ-3518
SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

Chief, Secretary's Office of Inmate Grievances
Department of Corrections
2520 Lisburn Rd., P.O. Box 598
Camp Hill, Pa. 17001-0598                              May 23, 2005

        Re: Grievance No. 112276 (Amendment)

Dear Chief;

Enclosed please find a copy of the Superintendent's Response (Amendment)
dated May 10, 2005.  Please be advised that while the "amendment" claims
to "resolve" this grievance, I disagree.  What was done to me was
atrocious and illegal.  Bringing me back to Albion is only step in this
matter.  I lost my prison job there; have had to pay shipping expenses;
considerable telephone bills; loss of family visitation, just to name
a few.

Thank you for your time and fairness in this matter.

                              Sincerely,

                              Anthony DeFranco

CC: enclosure

Medical Health Care Weaver

DC-804
Part 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
114210-05
GRIEVANCE NUMBER

OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR: Ms. Hollibaugh, Asst. to Super. | FACILITY: SCI-Smithfield | DATE: 4/1/05 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) Anthony DeFranco CZ-3518 | SIGNATURE of INMATE: [signature] | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: C/A 16 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

This matter stems from the medical dept. deducting 2 dollars from my account due to a panic attack I suffered on 3/22/05. The guard called medical. I informed the nurse that I knew the difference between panic attacks and cardiac (I suffer a cardiac condition as well)--I informed her that my symptoms felt like panic but I had sweating and pain in my left arm, which caused me concern of it being my heart. I was instructed to sign a paper, which turned out to be a cash slip; PA Hoffman (I believe) told the nurse to have me sign it. During this ordeal, Mr. Hoffman bothered me by telling me Dr. Bauer is not increasing your medication. I have no idea why this Mr. Hoffman feels compelled to get involved in my psychiatric care and to basically harass me in the middle of a panic attack. Dr. Bauer, upon my immediate arrival here on 3/8/05, cut my anxiety/panic medication in half despite not knowing me and, having 2 separate psychiatrists concur on my dosage. One psychiatrist is the administrative psychiatrist (Dr. Polmueller) who saw me less than a year ago and approved the total regimen. Apparently this Dr. Bauer has some sort of personal relationship with him and received approval to cut my "needed" medication. Since that time I have been suffering increased anxiety an panic attacks. These cause me great distress and pain. I would like my medication, as it was prescribed prior to my arrival here. And ask that the 2 dollars be placed back on my account due to my chronic illness (DCM-820, Fee's, #2)

B. List actions taken and staff you have contacted, before submitting this grievance.

Wrote Mr. Weaver and a Ms. Allen, RNS, wrote back saying the deduction was good because I informed the nurse that I knew the difference between panic and heart pain; however, I informed the nurse that I had pain in my left arm and sweating, and wanted to be sure it was not heart related.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] 4/5/05

Signature of Facility Grievance Coordinator    Date

WHITE - Facility Grievance Coordinator Copy **CANARY** - File Copy **PINK** - Action Return Copy **GOLDENROD** - Inmate Copy

Revised

*M DC-804, Inmate Grievance System* **Attachment B**

-804
rt 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

FFICIAL INMATE GRIEVANCE
IITIAL REVIEW RESPONSE

GRIEVANCE NO. SMI-114216-05

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE: |
|---|---|---|---|
| Anthony DeFranco CZ-3518 | SCI-Smithfield | C/A | 4/1/05 |

The following is a summary of my findings regarding your grievance:

I have reviewed your medical record and all of the entries by the psychiatrist and physician assistants since you came to SCI-Smithfield. I do not doubt your perception of feeling anxiety, but increased anxiety is not necessarily a panic attack. I do not see evidence in the medical record that you have experienced true panic attacks while at Smithfield. I am well aware of the amount of Valium that you were prescribed before coming to SCI-Smithfield. When you came to this institution, it was the decision of the prescribing practitioners to place you on a lower dose of Valium for your long-term health. We are not going to change that position. The $2.00 co-pay will continue to be assessed each time that you access health care according to the policy.

I find no merit in your grievance.

Category: Co-pay

Cc: Superintendent Palakovich
DSCS
DSFM
DC-14 (K. Zimmerman)
DC-15
File

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| George Weaver<br>Corrections Health Care Administrator | [signature] CHCA | 4/12/05 |

Case 1:04-cv-00230-MBC-SPB Document 111-2 Filed 09/07/2005 Page 21 of 39

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
SCI-Smithfield
*Superintendent's Office*
April 19, 2005

**SUBJECT:** **GRIEVANCE APPEAL #SMI-114216-05**

**TO:** A. DeFranco, CZ3518
C/A

**FROM:** John A. Palakovich
Superintendent

I have reviewed your appeal to grievance #114216-05 received on April 18, 2005, as well as Mr. Weaver's response to the initial grievance. The $2 copay you were assessed was correct since your sick call visit was not due to a chronic condition. The appeal is denied.

JAP/sdw

cc: Deputy Briggs
Deputy Kormanic
Ms. Hollibaugh
Mr. Weaver
DC-15
File

Anthony DeFranco CZ-3518
SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

Chief, Secretary's Office of Inmate Grievances
Department of Corrections
2520 Lisburn Rd., P.O. Box 598
Camp Hill, Pa. 17001-0598                           April 21, 2005

Re: APPEAL OF GRIEVANCE # 114216-05

Dear Chief,


Please find enclosed my grievance, response, appeal to the superintendent
and his reply. My appeal is two fold: first, I suffer from chronic anxiety
and panic disorder. Additionally, I have a chronic heart condition that
has me on medication's. On 3/22/05, the block guard phoned medical because
I had chest pain, sweating and pain in my left arm. I went to medical where
the nurse took my vital signs and explained that I most likely suffered an
anxiety attack. She then had me sign a paper which turned out to be a cash
slip! Because my anxiety and panic disorder is chronic and a long term
illness, the co-pay does not apply to this situation and I am asking for
the 2 dollars deduction to be replaced. I further explained in my grievance
that the treating psychiatrist was mistreating me; that he reduce my panic
medication in half upon my reception to this prison (without knowing me or
ever speaking with me before). Also, despite the fact that the DOC's
administrative psychiatrist, Eugene Polmueller, having seen me less than
a year ago after coming to my prior institution for the specific purpose
to remove inmate's off of un-needed anxiety/panic medications...he advised
to leave me on my complete regimen as is. I found out by the way Smithfield's
treating psychiatrist was talking, he is actually related to the Admin.
psychiatrist and actually phoned him to remove me from my medication. Since
that time I have suffered tremendous anxiety and panic attacks; have been
to medical and had to be wheeled there just last week. I wrote Dr. Bauer
a couple of requests since then but have not received a reply. I am asking
that I be placed back on my complete anxiety/panic medication as it was when
I first arrived here. And that the 2 dollar's taken from me for this to
be replaced. Thank you.


                                    Sincerely,


                                    Anthony DeFranco


CC: file
enclosures

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
2520 LISBURN ROAD, P.O. BOX 598
CAMP HILL, PA 17001-0598

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

July 8, 2005

Anthony DeFranco, CZ-3518
SCI Smithfield

Re: DC-ADM 804 – Final Review
Grievance No. 114216

Dear Mr. DeFranco:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, effective January 3, 2005, I have reviewed the entire record of this grievance; including your initial grievance, the grievance officer's response, your appeal from initial review and the superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I have reviewed all documentation provided. The information contained in your medical record does not support your claim that you suffered a panic attack on 3/22/05 because your valium prescription was reduced. There is no indication that you are not receiving appropriate medical treatment. Since you accessed medical care, the co-pay charge was appropriate.

The responses provided at the institutional level are appropriate and in accordance with Department of Corrections' policies and procedures. Accordingly, your appeal to final review must be denied.

Sincerely,

Sharon M. Burks
Chief Grievance Officer

SMB/kk

cc: Supt. Palakovich
DC-15
Grievance Office
Central File

DC-804
Part 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
114453-05
GRIEVANCE NUMBER

OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| MS. Hollibaugh | Smithfield | 4/7/05 |
| FROM: (INMATE NAME & NUMBER) Anthony DeFranco CZ-3518 | SIGNATURE of INMATE: [signature] | |
| WORK ASSIGNMENT: ——— | HOUSING ASSIGNMENT: C/A 16 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

I sustained a knee injury while falling out of bed in the middle of the night trying to get to my nitro pills for chest pain. X-ray's were done and showed no broken bones. I continued to complain of pain from my knee and toe. Two PA's at SCI-Albion concurred that I had patellofemoral syndrome. I was given predisone. On 2-10-05 I was prescribed 3 months of motrin for continued knee pain. I was advised by the health care administrator that I would not be charged again for any follow up's on my knee injury. (See attached request). SCI-Albion is apart of the DOC. This request slip specifically states that I would not be charged for any further follow up's for the knee injury that will never go away. Furthermore, my prescription was not to run out until May 10, 2005. Therefore, my medical visit where PA Hoffman reduced my needed medication did so prematurely. I am requesting my 4 dollar deduction be replaced and medical advised to stop these arbitrary charging for medical. Moreover, according to the ADM-820, Fee's #2, an inmate is not to be charged for chronic or long term care ("g" & "J"), and that medication prescribed subsequent to initial medication prescription provided to an inmate for some illness or condition ("p"). Based upon such, and the fact that the "new" prescription was done 1½ months prematurely, I am asking that my money be return and medical informed that my injury is long term (forever) and I am not to be charged for it. The attached request from health care administrator at SCI-Albion supports this. As do the policies regarding this issue. The medical department are venturing away from the ADM Policy and are taking money for medical visits and medication when they should not do so.

B. List actions taken and staff you have contacted, before submitting this grievance.

SEE ATTACHMENT

I wrote to Mr. George Weaver informing him of the above. However, a Ms. Allen responded claiming the money was properly taken. Ms. Allen actually went further to encourage me to purchase my own medication when the knee injury was the result of DOC negligence, which is currently being litigated.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] — Signature of Facility Grievance Coordinator

4/11/05 — Date

WHITE - Facility Grievance Coordinator Copy CANARY - File Copy PINK - Action Return Copy GOLDENROD - Inmate Copy
Revised ----

*M DC-804, Inmate Grievance System* *Attachment B*

-804
rt 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

FICIAL INMATE GRIEVANCE
ITIAL REVIEW RESPONSE

GRIEVANCE NO. SMI-114453-05

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE: |
|---|---|---|---|
| Anthony DeFranco CZ-3518 | SCI-Smithfield | C/A | 4/7/05 |

The following is a summary of my findings regarding your grievance:

It is documented in the medical record that on 10/13/04 you injured your left knee after falling out of bed. The x-ray demonstrates no evidence of fracture or other acute, traumatic osseous or joint pathology seen. The documentation from SCI-Albion lists the left knee as a temporary problem.

On 4/4/05 you were seen on sick call. Findings were such that a non-inflammatory medication was suggested, which is Motrin that is available in the commissary. You informed the physician assistant you should not have to pay for this since the injury was caused by the state. In your grievance you are claiming negligence by the DOC.

**Disposition:**
I have reviewed your medical record and determined that the co-pay charges are correct. This is not a chronic condition. It is a very long stretch of anybodies imagination that the Department of Corrections is negligent for you falling out of bed. Millions of adults across the United States have little aches and pains of the muscular skeletal type and they go to their local drug store and buy Motrin, so can you. If the condition continues, you may be seen again on sick call and if other medications are ordered, then they will be paid for through the pharmacy contract. The prescribing of medications is the sole responsibility of the licensed practitioner.

I find no merit in this grievance.

Category: Co-pay

Cc: Superintendent Palakovich
DSCS
DSFM
DC-14 (K. Zimmerman)
DC-15
File

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| George Weaver<br>Corrections Health Care Administrator | [signature] | 4/12/05 |

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Smithfield**
***Superintendent's Office***
April 19, 2005

**SUBJECT:** **GRIEVANCE APPEAL #SMI-114453-05**

**TO:** A. DeFranco, CZ3518
C/A

**FROM:** John A. Palakovich
Superintendent

I have reviewed your appeal to grievance #114453-05 received on April 18, 2005, as well as the initial response provided by Mr. Weaver. It is noted that the prescription for Motrin was for 90 days effective February 10, 2005. The co-pay charges should only have been $2 rather than $4. You should not have been charged for a change in the dosage. However, I must advise you that a knee problem is not a chronic condition and is not exempt from the co-pay charge.

The Business Office will reimburse you $2. No further action necessary.

JAP/sdw

cc: Deputy Briggs
Deputy Kormanic
Ms. Hollibaugh
Mr. Weaver
Inmate Accts.
DC-15
File

Anthony DeFranco CZ-3518
SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

Chief, Secretary's Office of Inmate Grievances
Department of Corrections
2520 Lisburn Rd., P.O. Box 598
Camp Hill, Pa. 17001-0598

April 21, 2005

Re: APPEAL OF GRIEVANCE # 114453-05

Dear Chief,

Please find enclosed my grievance, response, appeal to the superintendent and his reply. My appeal is in regard to the co-pay charges being implemented here at SCI-Smithfield. They are only considering a "chronic" condition as being exempt from co-pay when the policy states otherwise. ADM-820, Fee's "G"...provide that inmates with long term care or who have already been seen and charged for the illness or injury will not incur additional charges. My situation is this: and this can be verified by my medical file, I suffer a knee injury that is called "patellofemoral syndrome". This is a life long injury which gives me severe pain. Please check my file and see that this injury will never go away. I had initially been charged for this at my prior institution and advised by the health care Admin. that there would not be any further fee's for follow up's on my knee injury; which I supplied attached to my grievance and appeal to the superintendent. However, I was advised that in order for me to receive my motrin for the pain (on 4/1/05) that I had to put in a slip. I complied and was charged a total of 4 dollars. @ dollars to be seen and 2 dollars for the prescription. I provided the superintendent a copy of my prescription and he agreed that my prescription had not expired, and still is not expired (until 5/10/05)---the superintendent ordered that I be given back 2 dollars of the 4 dollar charge. He agreed that my prescription had not ran out and that I should not have been charged for the prescription being reduced. I should not have been charged at all! This is tantamount to stealing. I was falsely lead to believe I needed to put in a slip to have my prescription renewed and charged. Wrongfully, as admitted by the superintendent. But he only refunded half of the wrongful co-pay charge. I am asking that the other 2 dollars be refunded. I additionally ask that you please send a memo to SCI-Smithfield and advise them that they are not to charge me for any follow up's or prescriptions for my knee injury. It is a life long injury that requires care for the rest of my life. Since I already paid at my previous institution I should not be charged again. Please send a memo to the medical department here and explain the co-pay policy; and please advise them that I should not be charged for any follow up visits and prescriptions for this knee injury that will never go away; and advise them to refund my 2 dollars that was wrongfully taken. Thank you for your fairness.

Sincerely,

Anthony DeFranco

CC: enclosures

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
2520 LISBURN ROAD, P.O. BOX 598
CAMP HILL, PA 17001-0598

THE SECRETARY'S OFFICE OF
INMATE GRIEVANCES AND APPEALS

June 30, 2005

Anthony DeFranco, CZ-3518
SCI Smithfield

Re: DC-ADM 804 – Final Review
Grievance No. 114453

Dear Mr. DeFranco:

This is to acknowledge receipt of your appeal to final review of the above numbered grievance.

In accordance with the provisions of DC-ADM 804, effective January 3, 2005, I have reviewed the entire record of this grievance; including your initial grievance, the grievance officer's response, your appeal from initial review and the superintendent's response. I have also carefully reviewed the issues you raise to final review.

Upon completion of this review, it is the decision of this office to uphold the responses provided by staff at the institutional level. I have reviewed all documentation provided. Your medical records do not provide sufficient evidence that you have a chronic knee problem which would permit you to receive treatment and medications without having to pay a co-pay.

The responses provided at the institutional level are appropriate and in accordance with Department of Corrections' policies and procedures. Accordingly, your appeal to final review must be denied.

Sincerely,

[signature]

Sharon M. Burks
Chief Grievance Officer

SMB/kk

cc: Supt. Palakovich
DC-15
Grievance Office
Central File

*"Our mission is to protect the public by confining persons committed to our custody in safe secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

Case 1:04-cv-00230-MBC-SPB Document 114-2 Filed 09/07/2005 Page 29 of 39

DC-804
Part 1

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
118314-05
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Ms. Hollibaugh | Smithfield | 5/20/05 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| Anthony DeFranco CZ-3513 | [signature] | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| -------- | C/A 16 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

I suffer from a chronic knee injury called "patellofemoral syndrome". This condition will never go away, as attested to by medical staff here. While the Superintendent stated on 4-19-05 that the copay for my knee injury was okay, he was misinformed as to the seriousness and length of the injury. Staff responded to my grievance erroneously claiming that the injury was "temporary". The injury is long term (life time). However, on 5-4-05 I saw the PA about the extreme pain of my knee and informed believe that if the appointment was going to be charged than I refuse treatment. I was led to b that the visit would be "no charge". I informed the PA that I was unable to purchase enough mortin over the commissary to even dull the pain from week to week. I was given a 2 week prescription of 3 400 mgs. per day. The mortin is now causing my stomach to ache. I have found out that I was misinformed by staff and have actually been charged for this medical visit that I specifically stated I would refuse if I were to be charged. Taking my money after making me believe I was not going to be charged is fundamentally unfair and I ask that the 4 dollars be credited to my account. I ask further that the medical staff correctly diagnose my knee condition and not list it as being a "temporary condition". It is "patellofemoral syndrome" and it will never go away. Please instruct the 4 dollars taken be credited to my account based upon my statement to medical personnel that I refuse treatment if there would be a charge. Policy clearly states that I had a right to refuse treatment (as I indicated) and I was to be told if there was to be a charge. [handwritten, largely illegible]

B. List actions taken and staff you have contacted, before submitting this grievance.

Wrote Mr. Weaver; a Ms. Allen responded initially. I wrote another unresponded to request slip about this to Mr. Weaver.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] 5/23/05

Signature of Facility Grievance Coordinator Date

**WHITE** - Facility Grievance Coordinator Copy **CANARY** - File Copy **PINK** - Action Return Copy **GOLDENROD** - Inmate Copy

Revised

DM DC-804, Inmate Grievance System | Attachment B
C-804
art 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO. SMI-118314-05

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE: |
|---|---|---|---|
| Anthony DeFranco CZ-3518 | SCI-Smithfield | C/A | 5/20/05 |

The following is a summary of my findings regarding your grievance:

You make the statement that you suffer from a chronic knee injury. You are requesting $4.00 to be credited to your account.

**Disposition:**

The situation you are grieving is the same situation that you already have grieved in grievance number SMI-114453-05 on 4/7/05. I have again reviewed your medical record and find documentation that you injured your left knee after falling out of bed. There is no listing of the diagnosis that you state you have i.e.: "patellofemoral syndrome". I also do not find documentation that supports your claim that a chronic condition is present in your left knee warranting the refunding of $4.00. Thus, I deny the refund and find no merit in this grievance.

Category: Co-Pay

Cc: Superintendent Palakovich
DSCS
DSFM
DC-14 (C. Kephart)
DC-15
File

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| George Weaver<br>Corrections Health Care Administrator | George Weaver, C.H.C.A. | 6/3/05 |

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**SCI-Smithfield**
***Superintendent's Office***
June 22, 2005

**SUBJECT:** **GRIEVANCE APPEAL #SMI-118314-05**

**TO:** A. DeFranco, CZ3518
C/A

**FROM:** John A. Palakovich
Superintendent

I have reviewed your appeal to grievance #118314-05 received on June 15, 2005, as well as the initial grievance and response provided by Mr. Weaver. His response was appropriate. Your knee problem is not a chronic condition but is the result of an injury, and as such, is subject to medical co-pay. The appeal is denied.

JAP/sdw

cc: Deputy Smeal
Deputy Kormanic
Ms. Hollibaugh
Mr. Weaver
DC-15
File

Case 1:04-cv-00230-MBC-SPB Document 114-2 Filed 09/07/2005 Page 32 of 39

Don, Will you please [illegible] to Dr. B's Attention [illegible] He had a customer [illegible] Thanks, Bennie

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer) Ms. Cunningham (Psychologist)
2. Date: 6/17/05
3. By: (Print Inmate Name and Number) Anthony DeFranco CZ-3518
   [signature] Inmate Signature
4. Counselor's Name Mr. [illegible]
5. Unit Manager's Name Mr. [illegible]
6. Work Assignment —
7. Housing Assignment C/A/6
8. Subject: State your request completely but briefly. Give details.

Ms. Cunningham – on the night of 6/15/05, I had a bad panic attack – I called for the 3rd shift guard but got no help. I even pushed the call button (nothing). I showed my injuries to guards (from passing out & falling). I hurt both knee's – elbow, finger & rib. I showed Dr. Long & he ordered a knee brace & Motrin. Dr. Long is also suppose to talk to the psychiatrist to be sure I get my [illegible] (Panic & Claustrophobia) for transfer. My brother spoke to one psychiatrist but nothing was done. Our concern is them not medicating me for the long trip in restraints. Can you help in this? I asked my counselor but he won't. I've been doing all the ~~[illegible]~~ things you told me, however my panic attacks continue.

9. Response: (This Section for Staff Response Only) Thanks for your help.

Mr. DeFranco, I will copy this request and make sure Dr. Bauer receives a copy of your concerns.

Your Panic attacks will also stop — when you finally realize that you are not dealing, or treating them, the way you plan to force [illegible] to: No change in Benzos, you are getting [illegible] is [illegible]

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name B Cunningham PsyD, PSS (Print) [signature] PsyD (Sign) Date 6/21/05

Revised July 2000

[signature]
Franz Bauer, MD
Psychiatrist

REQUEST "1"

C

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

1. To: (Name and Title of Officer)
Ms Cunningham (psychologist)

2. Date:
3 4/2/05

3. By: (Print Inmate Name and Number)
Anthony DeFranco CZ-3518

Anthony DeFranco
Inmate Signature

4. Counselor's Name
Mr. Zimmerman

5. Unit Manager's Name
Mr. Compiano

6. Work Assignment
—

7. Housing Assignment
C/A 16

8. Subject: State your request completely but briefly. Give details.

Dear Ms. Cunningham – I am writing in regards to our meeting on 3/30/05. After I explained to you some of my mental health troubles, w/ the documents; I told you about going to medical as the guard called – I had Chest pain, sweating + pain in the left arm. The nurse said it was panic. Ever since Dr. Bauer reduced my panic meds I've suffered increased anxiety + panic. I realize your advise of using breathing [illegible] to control panic – sometimes it does not work. Do know if there is a different psychiatrist I can see besides Dr Bauer; as I informed you, he kicked me out of his office "for asking too many questions". I feel there is a conspiracy to harm me – please give me some advise.

Thank you.

9. Response: (This Section for Staff Response Only)

Dr. Bauer is the only psychiatrist at this Institution. Although it may be frustrating for you, please try to work with him. Continue to use your breathing and other behavioral techniques to reduce your anxiety before it escalates.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name R. Cunningham PSS / [signature] Date 4/5/05
Print Sign

Revised July 2000

REQUEST "2"

A30

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Ms. Cunningham (Mental Health MD.) | 2. Date:<br>3/17/05 |
| 3. By: (Print Inmate Name and Number)<br>Anthony DeFranco CZ-3518<br>[signature]<br>Inmate Signature | 4. Counselor's Name<br>Mr. K. Zimmerman<br><br>5. Unit Manager's Name |
| 6. Work Assignment<br>— | 7. Housing Assignment<br>H/A 30 |

8. Subject: State your request completely but briefly. Give details.

I am writing For your help and advise – less Than a year ago I was Seen By DR. E. Polmuller (From Camp Hill) – He came to SCI-Albion to reduce or cut inmates OFF anxiety medications (valium, XANEZ, BZD) – I HAVE copy OF his notes on me due to Court litigation and he left me on my complete prescription OF valium as prescribed by psychiatrist Lindemuth. When I arrived here, DR. BAUER CUT HALF OF my medication only because he believes it is "Addictive". Even though my File Shows I've tried numerous others medications, They did not work. This medication works + helps me with my panic + Anxiety disorder. Since he took me OFF half of my medication (Even Though 2 other psychiatrists agreed I should remain on as is), my anxiety has become worse. Plus, I told him I rarely need the medication in the morning, to change it to afternoon – when I asked him, because it's hard for me to understand him, he had the OFC. (Barcelera) escort me out For Too many questions. I Feel like I'm

9. Response: (This Section for Staff Response Only)

being conspired against due to The DOC + my Court case. Please let me know what to do. Thank you.

These are ISSues to discuss with Dr. Bauer.

To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐

Staff Member Name B Cunningham PSS / [signature] Date 3/22/05
Print Sign

Revised July 2000

REQUEST "3"

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Ms Cunningham (Psychologist) | 2. Date:<br>4/2/05 |
| 3. By: (Print Inmate Name and Number)<br>Anthony DeFranco CZ-3518<br>[signature]<br>Inmate Signature | 4. Counselor's Name<br>Mr. Zimmerman<br>5. Unit Manager's Name<br>Mr. Compiano |
| 6. Work Assignment<br>— | 7. Housing Assignment<br>C/A 16 |

8. Subject: State your request completely but briefly. Give details.

Dear Ms. Cunningham – I am writing in regards to our meeting on 3/30/05. After I explained to you some of my mental health troubles, w/ the documents; I told you about going to medical as the guard called – I had chest pain, sweating + pain in the left arm. The nurse said it was panic. Ever since Dr. Bauer reduced my panic meds I've suffered increased anxiety + panic. I realize your advice of using breathing ~~[illegible]~~ to control panic – sometimes it does not work. Do know if there is a different psychiatrist I can see besides Dr Bauer; as I informed you, he kicked me out of his office "for asking too many questions". I feel there is a propensity to harm me – please give me some advise. He is against me for suing the DOC + is hurting me!

Thank you for helping.

9. Response: (This Section for Staff Response Only)

Dr Bauer is the only psychiatrist at this institution. Although it may be frustrating for you, please try to work with him. Continue to use your breathing and other behavioral techniques to reduce your anxiety before it escalates.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name B. Cunningham PSS / [signature] Date 4/5/05
Print Sign

Revised July 2000

REQUEST "4"

Case 1:04-cv-00230-MBC-SPB Document 114-2 Filed 09/07/2005 Page 36 of 39

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) Ms. Cunningham (Psychologist) | 2. Date: 4/29/05 |
| 3. By: (Print Inmate Name and Number) Anthony DeFranco CZ-3518 | 4. Counselor's Name Mr. Kephart |
| [signature] Inmate Signature | 5. Unit Manager's Name Mr. Campopiano |
| 6. Work Assignment | 7. Housing Assignment |

Ms. Cunningham,

My brother informed me that I need to sign a form for you to discuss my case w/him. I give you permission to talk to about about anything regarding me. If you need me to sign something I will.

On a separate matter, I need medication for my knee injury that will last forever. However, every time I go to medical they want to charge me – over + over again. Ms. Cunningham, would you contact medical and see if I could see someone other than Mr. Hoffman and find out if I can have my needed medication without more charges? My medical condition is noted + won't ever go away. Thank you very much.

9. Response: (This Section for Staff Response Only)

You are a callout 5/5/05 at 08:15 to sign a release. The separate matter – you may write to Mr. Weaver and make that request as I have no say on that matter.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name [signature] Print / [signature] Sign Date 5/4/05

Revised July 2000

REQUEST "5"

Case 1:04-cv-00230-MBC-SPB Document 114-2 Filed 09/07/2005 Page 37 of 39

A16

Form DC-135A

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

INSTRUCTIONS
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

| | |
|---|---|
| 1. To: (Name and Title of Officer) Ms. Cunningham (Psychologist) | 2. Date: 5/18/05 |
| 3. By: (Print Inmate Name and Number) Anthony DeFranco CZ-3518 | 4. Counselor's Name M. Kaplan |
| [signature] Inmate Signature | 5. Unit Manager's Name M. Campagnia |
| 6. Work Assignment | 7. Housing Assignment E/A 16 |

8. Subject: State your request completely but briefly. Give details.

Ms Cunningham,

I am writing to ask your advice of what or how to speak with Dr. Bauer about putting my medication at least close to where it was. I have been having more anxiety + panic attacks - what it really scary is that I'm not always able to recognize if its my heart or not. Things are bothering me + I need a little help, if you would. I have been doing my relaxation exercises, however they help only to a limited degree. I keep feeling chest pain, sickness - not able to get air + feelings like I'm having a heart attack. Dr. Bauer is not on my side ~ he mentioned the lawsuit + think wants to harm me more. Please help me in this.

Thank you for your time.

9. Response: (This Section for Staff Response Only)

You are on call out 6/2/05 at 10:45 Am.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name B Cunningham, PsyD. / [signature] Date 5/23/05
Print Sign

Revised July 2000

REQUEST "6"

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Mr. George Weaver (Health care) | 2. Date:<br>3/22/05 |
| 3. By: (Print Inmate Name and Number)<br>Anthony DeFranco CZ 3518<br>[signature]<br>Inmate Signature | 4. Counselor's Name<br>Mr. Zimmerman<br>5. Unit Manager's Name |
| 6. Work Assignment | 7. Housing Assignment<br>H/A 30 |

8. Subject: State your request completely but briefly. Give details.

Mr. Weaver,

I suffer from panic + anxiety disorder. I take medi for this. Also, I have a heart condition which I take Vistro, aspirin + Lopressor. Today, I had chest pain, sweating and went to the health care. The nurse took my pulse + blood pressure. She said it was a panic attack. I was told to sign a paper, which turns out to be a cash slip. Sir, I spoke w/ my counselor regarding this + read the DC-820 (under Fee's #2, 6) I should not be charged for this as it's a chronic illness, that I've suffered from for years. Would you please have the money deduction placed back on my account + instruct medical on this issue?

Thank you, Mr Weaver

9. Response: (This Section for Staff Response Only)

Mr. De Franco,

According to your record, you requested health care services on 3-22-05. Services were provided, during which you told the nurse you were anxious and that you can tell the difference between a panic attack and cardiac issues.

There is a $2.00 Co-Pay for non-emergency visits and your anxiety had not produced a medical emergency, therefore you were charged appropriately.

In the future, use the skills you have learned such as deep breathing, positive imaging.

To DC-14 CAR only ☐ To DC-14 CAR and DC-15 IRS ☐

Staff Member Name K. Allen (Print) / K. Allen RNS (Sign) Date 3-28-05

Revised July 2000

RECEIVED MAR 2 4 [illegible]

REQUEST "7"

Case 1:04-cv-00230-MBC-SPB Document 114-2 Filed 09/07/2005 Page 39 of 39

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Mr. Weaver (Health Care Admin.) | 2. Date:<br>5/4/05 |
| 3. By: (Print Inmate Name and Number)<br>Anthony DeFranco CZ-3518<br>[signature]<br>Inmate Signature | 4. Counselor's Name<br>Mr. Kephart<br>5. Unit Manager's Name<br>Mr. Campagiano |
| 6. Work Assignment<br>— | 7. Housing Assignment<br>C/A16 |

8. Subject: State your request completely but briefly. Give details.

I suffered a severe knee injury called "Patello Femoral Syndrome" — this was even diagnosed as such by your treating staff. The knee pain is severe + requires a lot of motrin to kill the pain — I could not purchase enough motrin weekly to even come close to stop the pain. As I have already paid for this at SCI Albion + again here, I want to know if you will instruct medical staff not to charge me further for this injury due to its life long, on-going pain. Pursuant to the Copay Policy - DC-ADM 820 - FEE'S 2. "g" - Chronic illness; "j" - Long term care and "p" - medication prescription subsequent to the initial medication prescription provided to an inmate for the same illness or condition. My knee injury is severe + requires pain medication + will forever. Based on this Policy, I would like to know if my knee pain, med's + care is now exempt from copay. As Policy states.

Thank you.

9. Response: (This Section for Staff Response Only)

Mr. De Franco,

The superintendent informed you on 4-19-05 that your knee problem is not exempt from Co-Pay. I will not instruct staff not to charge you. If you want to request a review of any future charge, submit a DC-135A to me with the date of service in question and I will be happy to look into it.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name K. Allen (Print) / K. Allen RNS (Sign) Date 5-12-05

Revised July 2000

RECEIVED MAY 10 2005

REQUEST "8"