IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | '06 FEB 14 A10:28 |
| Plaintiff, | Case No. C.A.-04-230-ERIE |
| vs. | MAGISTRATE JUDGE BAXTER |
| WILLIAM WOLFE, et al., | DISTRICT JUDGE COHILL |
| Defendants. | |

## APPEAL OF MAGISTRATE JUDGE'S ORDER

AND NOW, comes Plaintiff, respectfully appealing the Magistrate Judge's Order issued on January 17, 2006:

1. Plaintiff has received this date (2/10/06) Judge Baxter's Order issued on January 17, 2006. Plaintiff only received this Order through his written request to the Clerk of Court's Office after reading the Defendants motion for an extention of time (Doc.#143).

2. Plaintiff has been prejudiced and denied access to the Courts by not being provided a copy of this Court Order, whether willfully of by negligence.  Plaintiff should not be prejudiced further by this error.

3. In the Order, the Magistrate Judge denies Plaintiff's request to add four (4) new Defendants. This ruling is legally in error as the new Defendants and their actions relate directly to this lawsuit as they *conspired* with the other Defendants to willfully harm him.  This was alleged in the amended/supplemental complaint.  It makes no sense to file a new action when the alleged constitutional violations relate to the prior named Defendants'.  See Amended complaint generally.  This reasoning by the Magistrate Judge is prejudicial; Plaintiff was retaliated against

by the Defendants, prior named and newly named. And he was transferred to the new prison by the Defendants 'due to litigation', with the specific purpose to harm him.

4. Moreover, Plaintiff avers that the Magistrate Judge had already granted him permission to amend and supplement this complaint via the April 21, 2005, preliminary injunction hearing; here, Plaintiff alleged that he was being purposefully harmed by the new Defendants at SCI Smithfield for filing the lawsuit. See Transcript, 4/21/05, page 18-19. Further:

> MR.DeFRANCO: I believe that I understand malpractice, I believe the court can intervene if it's a continuing cycle, what the doctors are doing, of showing harm, I have exhausted all the way up to the superintendent's level grievances about my medication and my panic attacks. And right now one is going out to Camp Hill. I have in fact grieved the medical department and psychiatrists in the way I'm being treated.
>
> THE COURT: *You can bring that as an extra claim*. But I do understand both sides of the argument, I just have to make a ruling, all right.

See, N.T. 4/21/05, pages 21-22, id. It is clear that Plaintiff had been granted permission to bring the "extra claim", regarding the medical mistreatment, as the Magistrate Judge clearly stated on the record. The preliminary injunction was held due to the actions of the newly named Defendants and the retaliatory transfer. While the Magistrate Judge claims in its Order, page 1, that the Court was only allowing the amendment regarding the retaliatory transfer, the above, on the record statement by the Court, clearly states otherwise. Plaintiff was verbally granted permission to bring these extra claims of deliberate disregard to his medical needs. In fact, he has alleged a *collective conspiracy* between the named and newly named Defendants.

## DISCUSSION

The preliminary injunction hearing held on April 21, 2005, dealt with Plaintiff's retaliatory transfer and the medical harm done to him by the newly named Defendants (see Magistrate Judge's R & R, Doc.#83). Here, the Court states that Plaintiff has not fully exhausted his

administrative remedies regarding the deliberate medical mistreatment; in footnote one, the Court states Plaintiff could amend complaint as sent forth in his preliminary injunction motion (which included the deliberate medical mistreatment). During this hearing, Plaintiff's medical troubles were discussed repeatedly (See, Transcript, 4/21/05, pages, 3,10,18,19,21 and 27).

While the Magistrate Judge now states that it will not allow Plaintiff to supplement the complaint with the new Defendants; the Court fails to claim any prejudice it would impose on the Defendants. It would make no sense to force Plaintiff to file an additional lawsuit bringing forth the new allegations when they all relate to the original complaint (and would have to be consolidated in order to substantiate the claims at any rate). The record in this case is clear; Plaintiff has only amended this complaint once and it was done prior to the Defendants filing a responsive pleading. In fact, under Rule 15(a), a party may amend a pleading once as a matter of course at any time before a responsive pleading is served (a motion to dismiss is not considered such). The Court should grant leave to supplement pleadings that will not unfairly prejudice other party, see, *Quaratino v. Tiffany*, 71 F.3d 58, 66 (2dCir.1995). There has been no claim of prejudice by the Defendants. To the contrary, they are solely responsible for this ordeal and should not be able to escape liability based upon the Magistrate Judge not wanting to keep the case in abeyance (Magistrate's Order, page 1).

The Magistrtate Judge claims that Plaintiff has been granted to amend and supplement this complaint twice. This is factually inaccurate. A reading of the docket sheet clearly indicates that Plaintiff has only been granted leave to amend once (Doc.#63). While the record shows Plaintiff requested to amend a second time under Doc.#70, this was deemed a duplicate filing by Plaintiff and dismissed by the Court on 4/11/05. While Plaintiff, under Rule 15(a) did not require leave to amend Doc.#63, as this was filed prior to any responsive pleading, the Magistrate Judge has

counted it as a previously allowed amendment. The instant amend/supplemental complaint is in all actuality his first required to seek leave to amend. Since the Magistrate Judge has granted leave to supplement the complaint, in part, and because the Court had already granted him permission to bring forth all of the foregoing issue's in the Court's R & R (Doc.#83), it is respectfully asked that this Court allow Plaintiff's complete amended/supplemenal complaint be filed. Furthermore, Plaintiff's supplemental complaint alleges that the newly named Defendants conspired with the original Defendants to violate his constitiutional rights. In order to state a cause of action for conspiracy, a complaint must allege (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpsoe; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *McKeenan v. Corestortes Bank*, n.9. 751 A.2d 655, 660 (Pa.Super.2000). If the Court does not allow Plaintiff to join both groups of Defendants in one single civil action he will not be able to satisfy the first prong necessary to state a claim for civil conspiracy. Thus, joinder of these Defendants into one lawsuit is warranted.

5. Based upon the foregoing, in addition to the fact that the Court should allow liberal supplements to a lawsuit, it is respectfully asked that this Court allow the newly named Defendants be added to the complaint.

WHEREFORE, Plaintiff prays this Honorable Court allow the amending of the complaint to add the new Defendants based upon the facts of this case.

Respectfully submitted,

February 10, 2006

Anthony DeFranco CZ-3518
10745 Route 18
CC: Attorney General's Office
564 Forbes Ave., Pgh., Pa. 15219
Albion, Pa. 16475-0002