## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-230-ERIE |
| V. ) | |
| ) | Judge Maurice B. Cohill, Jr. |
| SUPERINTENDENT WILLIAM WOLF; ) | Mag. Judge Susan P. Baxter |
| STEVE REILLY; DENESE BRUNNER; ) | |
| MANAGER ROD SHOWERS; CASE ) | |
| MANAGER gecacJUDY JACKSON; ) | |
| DR. JOHN DOE; JANE DOE JEFFREY ) | |
| BEARD; ASSIST. SUPER. WILLIAM ) | |
| BARR; MARILAND BROOKS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

AND NOW, come the defendants, Superintendent William Wolfe, Steve Reilly, Denese Brunner, Manager Rod Showers, Case Mgr.—GECAC Judy Jackson, Jeffrey Beard, Assist. Super. William Barr, and Marilyn Brooks (incorrectly identified as "Mariland") by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submit the following answer Response to Plaintiff's Motion for Reconsideration:

1.  DeFranco filed his most recent Motion for Temporary Restraining Order on August 15, 2005, requesting that defendants be restrained from transferring him away from SCI-Albion "due to past threats and follow through retaliatory transfer." (Doc. 107.)

2. The Magistrate Judge held a hearing on the Motion on September 2, 2005 (Transcript, Doc. 141), and on September 29, 2005, issued a Report and Recommendation which recommended that plaintiff's motion be denied (Doc. 123.)

3. On November 2, 2005, this Court issued an Opinion and Order denying Plaintiff's Motion for Temporary Restraining Order. (Doc. 132.)

4. Plaintiff filed a Motion for Reconsideration, which this Court granted on November 29, 2005 (Doc. 136). In doing so, this Court indicated that it would examine the recent hearing transcripts involving plaintiff's various motions: (a) to inquire whether DeFranco actually does have a likelihood of success; (b) whether there exists a clear showing of immediate and irreparable injury; and (c) the harm to defendants should the relief be granted.

**A.   October 22, 2004 Hearing** (Doc. 14)

5. Plaintiff DeFranco filed a civil rights complaint on or about August 10, 2004 alleging First and Eighth Amendment and Due Process claims relating to his medical care and removal of single cell ("Z code") status at SCI-Albion.

6. Plaintiff filed his initial Motion for Temporary Restraining Order on September 22, 2004 (Doc. 7). DeFranco claimed that he should be reinstated Z-code status due to his medical and mental condition. At that time, he was not seeking injunctive relief as to future transfers.

7. The Magistrate Judge conducted a hearing on October 22, 2004 at which William. Barr (Assistant to the Superintendent) and Sueane Rebele, Health Care Administrator, testified on behalf of SCI Albion as to the Z-Code issues. The only reference to transferring DeFranco arose in connection with Mr. Barr's discussion of events in 2002, when DeFranco was released

from RHU (he had threatened to kill a guard). Barr testified that at that time, two years earlier, there was some consideration given to transferring him. However, it was felt that he did not truly pose a threat to the staff member and "we were able to lobby and keep Mr. DeFranco here because it's close to his home and family." (10/22/04 Tr. at 24.) Barr went on to explain that the Z-Code change was part of an annual review process and that DeFranco no longer met the criteria for it. *Id.* The Court took this matter under advisement.

8. On October 26, 2004, plaintiff filed another Motion for Immediate Temporary Restraining Order, claiming that following the October 22, 2004 hearing, during the course of "small talk," Mr. Barr threatened him, stating that there would probably be a single cell available for you at SCI-Dallas. (Doc. 9.) DeFranco further alleged that he was drafting an Amended Complaint naming Barr as a defendant after the "direct threat" of transfer. *Id.*

9. The Magistrate issued a Report and Recommendation on October 29, 2004 recommending that both Motions for Temporary Restraining Order be granted (Doc. 11.) The Court adopted the R & R by Order dated November 2, 2004. (Doc. 13.)

10. Defendants filed a Motion to Vacate (Doc. 15) and Objections to the R&R (Doc. 18), with an Appendix (Doc. 19). Included in the appendix were Declarations by Barr and Rebele as to the discussion with DeFranco following the October 22, 2004 hearing. Barr explained that he told DeFranco one looks at the Department as a whole when looking for bed space, rather than an individual facility. (Barr Declaration, ¶ 12.) According to Barr:

> I went on to explain that if he was given a z code, we could not guarantee that the cell would be at SCI-Albion. I explained that the single cell could be, for instance, at SCI-Dallas. To the extent that I made reference to SCI-Dallas, that was not said in any way to communicate a threat. It was nothing more than an observation of the reality of the situation at that time.

(Barr Declaration, ¶ 12.)

11.     On January 19, 2005, following an evidentiary hearing on December 17, 2004, the Magistrate issued a Report and Recommendation recommending that plaintiff's various motions for preliminary injunction be denied and defendants' Motion to Vacate be dismissed as Moot. (Doc 41.)

12.     With respect to plaintiff's request to enjoin any retaliatory transfer, the Magistrate indicated in footnote 2 of the R&R that she "accepted Defendant Barr's testimony that no such transfer is planned" citing immediately to Barr's November 8, 2004 Barr declaration. However, it is respectfully submitted that the Magistrate may have misread Barr's Declaration, particularly the cited portion, as it reflected just the opposite, *i.e.*, that DeFranco could have been transferred if there was no single-cell opening at Albion:

> I explained to inmate DeFranco that we look at the Department as a whole when looking for bed space, rather than an individual facility. I went on to explain that if he was given a z code we could not guarantee that the cell would be at SCI-Albion. I explained that the single cell could be, for instance, at SCI-Dallas…On the date of the telephone conference, there was no opening in a Z-Code cell at SCI-Albion, nor is there one today.

(1/19/05 R&R, p. 7, n. 2.)

13.     By Order dated February 28, 2005, this Court adopted the Magistrate's January 19, 2005 R&R and denied plaintiff's various motions for injunctive relief. (Doc. 62.)

B.      **April 21, 2005 Hearing** (Doc. 142)

14.     On March 17, 2005, DeFranco filed another Motion for Temporary Restraining Order (Doc. 68), claiming that he had been the subject of a retaliatory transfer to SCI-Smithfield on March 7, 2005.   Citing to footnote 2 of the January 19, 2005 R & R in which the Magistrate misinterpreted or misread Barr's Declaration,  plaintiff incorrectly alleged that William Barr had

4

assured the Court in November 2004 that there would be no transfer. (Plaintiff's Motion, ¶¶ 3, 4.)[1]

15.     The Magistrate Judge held a hearing on April 21, 2005 to address the Motion for Temporary Restraining Order. (Doc. 142.)  During the hearing, plaintiff continued to mischaracterize Barr's November 8, 2004 declaration as a promise of "no transfer." (4/21/05 Tr. at 23.) The Magistrate unfortunately repeated that misstatement, stating "when he [Barr] told me he had no plans to transfer you, I believed him." (4/21/05 tr. at 23-24.)

16.     The Magistrate also pointed out, however, that the January 19, 2005 Report and Recommendation and the Order of this Court adopting it were favorable to defendants, not to plaintiff – it held that he was not entitled to an injunction on the z code status. (4/21/05 Transcript at 6.) Thus, there was no apparent connection between the Court's February 28, 2005 ruling and the transfer.

17.     By Report and Recommendation dated April 26, 2005, the Magistrate recommended that the Motion for Temporary Restraining Order be denied. (Doc. 85.)

C.     **September 2, 2005 Hearing** (Doc. 141 )

18.     In support of the August 2005 Motion for Temporary Restraining Order, plaintiff relied upon Albion's March 28, 2005 response to grievance 112276 (Doc. 107, Exh. A), indicating that it was in the best interests of all parties, due to the litigation, that Mr. DeFranco have a formal separation from Barr. He also submitted Superintendent Brooks' appeal decision dated May 10, 2005 which permitted him to return to Albion in resolution of the grievance. (Doc. 106, Exh. B.)

---

[1] Plaintiff then filed an Amended Complaint on March 29, 2005, adding Barr, Secretary Beard and Superintendent Brooks as defendants and including a claim for threatening retaliatory transfer. (Doc. 76.)

19.    Throughout the September 2, 2005 hearing, DeFranco continued to mischaracterize William Barr's November 8, 2004 Declaration as an assurance of no future transfer:

> Mr. DeFranco:  And he gave you a declaration. If you look at that, based on his declaration, that there was no planned transfer for me. Eight days after Judge Cohill adopted the recommendation, I was transferred to SCI-Smithfield.

(9/2/05 Transcript at 6.)

**D.    Argument**

20.    In his Motion for Reconsideration, DeFranco continues to claim that he was transferred to a distant prison for filing of this lawsuit "despite the fact that Defendant Barr signed an affidavit that no such transfer was going to occur."

21.    He also alleges that the "untrue affidavit" was the direct cause for the Magistrate Judge's recommendation that the previous TRO be lifted. (Doc. 133.) However, the Magistrate had rejected that argument in the hearing:

> The Court:    . . . The TRO lasted 10 days and then it dissolves automatically under the federal rules. And then I did not grant a preliminary injunction.
> Mr. DeFranco:    You did that based on Mr. Barr's declaration affidavit. That was a later recommendation based on him telling you there was no planned transfer.
> The Court:    No, I did that because of the court hearing we had. The court hearing we had and the evidence that was in front of me.

(9/2/05 Transcript at 4.)

22.    Defendants respectfully submit that there is no likelihood of success, or threat of immediate an irreparable injury, on this record and that the Court's November 2, 2005 Order should stand.

6

23.     First, the plaintiff has misread and mischaracterized the Barr Declaration filed on November 8, 2004. Contrary to plaintiff's repeated statements since November 2004, there was no promise not to transfer him. Yet this has been the theme of his TRO arguments and the premise upon which he urges the Court to find that he has been subject to a retaliatory transfer (and may be again).

24.     Likewise, there is no basis on which to infer that the transfer to Smithfield in March 2005 was retaliatory. The rulings which immediately preceded the transfer on March 7, 2005 (the Court's February 28, 2005 ruling and the January 19, 2005 R & R) were **against the plaintiff and in favor or defendants**, *i.e.*, the Court **denied** plaintiff's motions for injunctive relief. Admittedly, plaintiff had filed various motions in late 2004 alleging "threats" by Mr. Barr. Nonetheless, plaintiff only moved to add Mr. Barr as a defendant on March 7, 2005, and the transfer petition had been initiated weeks before, on February 15, 2005. (Exh. A.)

25.     Finally, while defendants acknowledge that the March 2005 transfer was related in a general sense to litigation, that does not automatically translate into retaliation. As reflected in Albion's response to plaintiff's grievance over the transfer, (#112276) and in Exh. A (the transfer petition), there was a formal separation in place with respect to plaintiff and Mr. Barr because of concerns over potential conflicts of interest involving plaintiff's litigation. According to the grievance response: "It is felt that based on pending litigation it is in the best interest of all parties that he not be housed at SCI-Albion." Further, the transfer petition, which was requested on February 15, 2005 and approved February 23, 2005, noted that "the Administrative/Separation transfer is being requested due to litigation against William Barr, SCI-Albion's Superintendent's Assistant. Mr. Barr is the Institutional Grievance Coordinator and

7

Case 1:04-cv-00230-MBC    Document 152    Filed 02/23/2006    Page 8 of 9

doesn't want any potential problems between this inmate and future potential grievances." (Exh. A.)

26. As the Magistrate correctly noted at the September 2, 2005 hearing, regardless of the merits of the transfer, the fact remains that the Superintendent reversed that decision in her handling of plaintiff's grievance. Under those circumstances, Mr. Barr hardly presents an immediate threat to plaintiff. (9/2/05 Tr. at 9.)

27. Finally, it should be noted that plaintiff was permitted to amend his complaint again and has done so (Doc. 139) to state a claim for damages based upon the alleged retaliatory transfer in March 2005.

                              Respectfully submitted:

                              Thomas W. Corbett, Jr.
                              Attorney General

By:   /s/ Mary Lynch Friedline_____
       MARY LYNCH FRIEDLINE
       Senior Deputy Attorney General
       Attorney I.D. No. 47046
       Susan J. Forney
       Chief Deputy Attorney General
       Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Date: February 23, 2006

8

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2006, I electronically filed the foregoing *Defendants Response to Plaintiff's Motion for Reconsideration* with the Clerk of Court using the CM/ECF system. This document will be mailed via U.S. mail to the following non CM/ECF participants:

Anthony DeFranco, CZ-3518
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

By:   /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219