# Pennsylvania Department of Corrections

Return to DocNet

dkagarise 4/20/2005 4:17:51 PM

Transfer Petition System - Permanent Petition

Production

Inmate Info \ Reports \ Photos \ JNET

DOC Info

**Return to Last Inmate**

Inquiry \ Reports \ Help

**Inmate #:** CZ3518 ACTIVE  **Name:** DEFRANCO, Anthony Wayne  **Cust Lvl:** 3  **Prog Cd:** Y,Z  **Perm Loc:** Smithfield
**Race:** White  **DOB:** 12/23/1963  **Sex:** Male  **Housing Unit:** C-A-1016-01  **Temp Loc:**
**SID:** 149-70-82-7  **FBI #:** 242913AA6  **PBPP #:**  **Counselor:**
**Detainers:** YES  **Problematic offense:** YES

Cancel

| | |
|---|---|
| **Purpose Of Transfer:** Adm./Separation | **Other:** |
| **Priority Transfer:** NO | **Approval Required:** (Applies to CCC or PV return only) |
| **From:** ALB - ALBION | **To:** SMI - SMITHFIELD |
| **Requesting Official:** Habursky, Christine Marie | |
| **Status:** Transferred | **Trip Id:** 037-B1-03/08/2005 |
| **Approved by:** Williamson, Donald | **Request Date:** 2/15/2005 11:09:10 AM |
| **Approval Comments:** PER REVIEW BY CENTRAL OFFICE PSYCH. STAFF | **Approval Date:** 2/23/2005 2:24:50 PM |
| **Layover Location:** | **History Date:** 3/8/2005 3:04:57 PM |
| **Layover Comments:** | **Custody Level:** 3 |

**Sentence Explanation:**

**Commutation:** NO  **Confidential Info:** NO  **Individual Treatment Plan:** YES
**Mental Health Transfer:** NO  **Other Info:** NO

**Passenger List Comments:** Panic Disorder without Agoraphobia

**Rationale for Transfer & Institutional Recommendations:**

Serving a Life sentence for Criminal Homicide. Detainer for Simple Assault. Escape History: 1982 Ecsape. Completed Citizenship and is currently a peer leader for Citizenship. Needs to complete A.O.D. Education and Violence Prevention. An Administrative/Separation transfer is being requested due to litigation against William Barr, SCI-Albion's Suerintendent's Assissant. Mr. Barr is the Institutional Grievance Coordinator and doesn't want any potential problems between this inmate and future potential grievances.

DC-804
Part 1
SCI-Smithfield    MAR 15 2005

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

112276

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Super / Mr. Barr | Albion | 3/8/05 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| Anthony DeFranco CZ-3518 | [signature] | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| — | at SCI-Smithfield | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

This is in regards to a retaliatory transfer that I have been saying would happen for years - in which the federal courts are aware. During a interview this date, it was told to me by SCI Smithfield officials that I was moved for making Mr. Barr a Defendant, which created a "Conflict of Interest". The DOC has moved me approx. 4 hours away from home, just as I predicted on paper previously. As Mr. Barr knows, this court action is no reason to transfer me. He distributes almost all grievances filed to other staff to handle (which I can prove). So, moving me from my home jail was strictly retaliatory. Which has cost my family considerable hardship. It has cost me my top paying job, which has kept me surviving (money wise) in prison. As the DOC knows, when an inmate files suit on the Superintendent he is not automatically removed (and the Super. must review all grievance appeals). I am requesting my immediate return to SCI Albion - in the meantime, I would like to keep my same inmate pay that I was receiving before this retaliatory transfer which has caused all this damage.

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Spoke w/ SCI Smithfield officials who said this is why I was moved. No law clerk job available now.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

[signature] Paul for WAB                    3-15-05
Signature of Facility Grievance Coordinator    Date

Transfer / Mr Bryant

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy
Revised

DC-804
Part 2

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001**

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO. | 112276

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| DeFranco, Anthony   CZ-3518 | SCI Albion | B/B 49 | 3/15/05 |

The following is a summary of my findings regarding your grievance:

Mr. DeFranco has a formal separation in place from Mr. Barr. It is felt that based on pending litigation it is in the best interest of all parties that he not be housed at SCI-Albion. No inmate has the right to determine where he or she will be housed.

Inmate was not available for signature as he is currently at SCI-Smithfield.

RESOLVED: _____  DATE: _____
          Inmate's Signature

UNRESOLVED: _____  DATE: _____
           Inmate's Signature

cc:   Original – Ms. McWilliams
      Grievance Officer
      Inmate
      DC-15          UAB 3-29-05

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Ronald J. Bryant, CCPM | Bryant | 3/28/05 |



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO,<br>Plaintiff, | )<br>)<br>) C.A. No. 04-230 Erie |
| vs. | ) District Judge Cohill<br>) Magistrate Judge Baxter |
| WILLIAM WOLFE, et al.,<br>Defendants. | )<br>) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is recommended that 1) Plaintiff's Motion for Preliminary Injunction [Document #4] and its amended version [Document #6] be denied; 2) Plaintiff's Motion for Immediate Temporary Restraining Order [Document # 12] be denied; and 3) Defendants' Motion to Vacate the District Court's Order of November 2, 2004, granting the motion for temporary restraining order and adopting the report and recommendation [Document #15] be dismissed as moot.

II. **REPORT**

Plaintiff Anthony DeFranco, an inmate at the State Correctional Institution at Albion ("SCI-Albion"), brings a civil rights action pursuant to 42 U.S.C. § 1983 against William Wolfe, Superintendent of SCI Albion; Steve Reilly and Denise Bunner, Psychologists at SCI-Albion; Rod Showers, Unit Manager at SCI-Albion; Judy Jackson, Counselor at SCI-Albion; and unnamed Defendants identified as Jane and John Doe(s). Plaintiff claims that his rights guaranteed by the first, eighth, and fourteenth amendments to the United States Constitution were

1

AO 72
(Rev. 8/82)

Injunctive relief in any form is an extraordinary remedy that should be granted in "limited circumstances." AT & T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1427 (3d Cir.1994) (citations omitted). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the District Court must consider: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the alleged misconduct; (3) the extent of harm to the movant; and (4) the effect on public interest. Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990).

If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987). Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. Denied, 493 U.S. 848 (1989). In fact, the Plaintiff must show <u>immediate</u> irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard. "The word irreparable connotes 'that which cannot be repaired,

3

retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted). Additionally, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate the possibility of a remote future injury..." Acireno, 40 F.3d at 655 (citation omitted).

Plaintiff has not demonstrated that he will be immediately irreparably harmed to support granting this extraordinary relief. In fact, Plaintiff has successfully participated in prison life during nearly 2 ½ years in a double cell since his z-code status was removed. However, Plaintiff is unhappy with these living arrangements, and his psychiatrist, Dr. Angela Lindemuth, testified that he has been singularly focused on being returned to z-code status such that she has been able to discuss little else with him in their therapy sessions.

Dr. Lindemuth's testimony at the December 17th hearing was particularly important since this court based its Temporary Restraining Order on recommendations she wrote to the staff members deciding Plaintiff's housing status. These recommendations, dated September 23, 2002, and August 20, 2004, urged that Plaintiff be conferred z-code status. Lindemuth Letters, Plaintiff's Appendix and Exhibits, Appendix 3 (Docket Entry #22). The court especially relied upon the August 2004 letter to support its TRO:

> Internalizing and suppressing anger also exasperates his angina (chest pain resulting from decreased blood circulation to the heart), requiring him to take more nitroglycerine to dilate the coronary vessels that become constricted by the severe episodic hostility.

Lindemuth Letter, August 20, 2004, unnumbered ¶ 3. The court reasoned that not only did Dr. Lindemuth's letter warn that Plaintiff's disorder may result in an explosive rage directed at a

4

cellmate, but it also spoke to immediate harm to Plaintiff's own health.

At the preliminary injunction hearing, Dr. Lindemuth testified that her letter was not interpreted correctly by the court. She stressed that because she was unable to move to any topic other that Plaintiff's z-code status in their therapy sessions, and because Plaintiff constantly requested a recommendation letter in this regard, she agreed to write this letter as a "therapeutic" measure to solidify Plaintiff's trust in her, while at the same time knowing personally that Plaintiff would not be given z-code status at any rate. She testified that Plaintiff was unlikely to be granted z-code status because there was limited space in the institution and Plaintiff's situation was not more dire than many other inmates seeking z-code status.

Dr. Lindemuth stressed over and over in her testimony that she would not have written this letter as an affidavit for the court to base an order requiring that Plaintiff be single-celled. She refused to testify that there was a likelihood of irreparable harm to Plaintiff or others if Plaintiff continued to be double-celled, and in fact, testified oppositely. Although Dr. Lindemuth did not retract anything that she wrote in her letters, she kept insisting in her testimony that there was a distinction between using her words as intended – for a staffing decision that she was certain would be against Plaintiff – and to support a court opinion of irreparable harm. Dr. Lindemuth was adamant that her recommendation could not be interpreted to support the latter. In essence, the very evidence relied upon by the court to support the TRO was eliminated as support for injunctive relief by Dr. Lindemuth herself.

In addition, the Court's concern that Plaintiff's angina condition was linked to his need for a single cell was also refuted at the hearing. Defendants demonstrated that Plaintiff's angina did not, in fact, require increased medication over the period that he was

5

double-celled. Plaintiff's medical records did not reflect that he complained about this problem in his regular medical check-ups during this period, and his refill orders for nitroglycerin actually decreased during an eighteen month period in 2003 and 2004 when he had a cellmate. Testimony of Sueanne Rebele, Health Care Manager, SCI Albion.

Finally, Defendants correctly point out that Plaintiff cannot argue "out of both sides of his mouth." Plaintiff supports his need to be single-celled by arguing that he is a convicted killer and a violent offender, while at the same time claiming that he is innocent of the crime of which he was convicted. Similarly, he claims that because he threatened a staff member last year, he should be considered a danger to others, while arguing at the same time that his threat was actually a joke that was misinterpreted by the institution and for which he was wrongly punished. He submits a 20-year-old examination diagnosing him with antisocial behavior to support his claim that he should not be housed with others, while at the same time exhibiting largely model behavior at SCI Albion -- successfully working as a peer leader at the institution, as well as helping inmates in his job at the law library.

Plaintiff failed to meet his burden of demonstrating that he will suffer irreparable harm by continuing to be double-celled. Plaintiff has also failed to demonstrate that the relief sought "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). His motions should be denied.[2]

---

[2]

Plaintiff also seeks a preliminary injunction to stop any retaliatory transfer to another institution, and specifically to SCI Dallas, where Plaintiff claims Defendant Barr threatened

6

## Conclusion

In light of the testimony and other evidence at the hearing of December 17, 2004, and the analysis above, Plaintiff's Motion for Preliminary Injunction [Document #4] and its amended version [Document #6] should be denied; Plaintiff's Motion for Immediate Temporary Restraining Order [Document # 12] should be denied; and Defendants' Motion to Vacate the District Court's Order of November 2, 2004, granting the motion for temporary restraining order and adopting the report and recommendation [Document #15] should be dismissed as moot. that 1) Plaintiff's Motion for Preliminary Injunction [Document #4] and its amended version [Document #6] be denied; 2) Plaintiff's Motion for Immediate Temporary Restraining Order [Document # 12] be denied; and 3) Defendants' Motion to Vacate the District Court's Order of November 2, 2004, granting the motion for temporary restraining order and adopting the report and recommendation [Document #15] be dismissed as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a

---

to send him following his successful TRO motion. The Court accepts Defendant Barr's testimony that no such transfer is planned: "I explained to inmate DeFranco that we look at the Department as a whole when looking for bed space, rather than an individual facility. I went on to explain that if he was given a z code we could not guarantee that the cell would be at SCI-Albion. I explained that the single cell could be, for instance, at SCI-Dallas....On the date of the telephone conference, there was no opening in a Z-Code cell at SCI-Albion, nor is there one today." Affidavit of William Barr, November 8, 2004 at ¶ 12. Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(An injunction is not issued "simply to eliminate the possibility of a remote future injury..." ); Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995)("[T]he claimed injury cannot merely be possible, speculative or remote").

7

AO 72
(Rev. 8/82)

waiver of any appellate rights.

                                                                  _____
                                                                  SUSAN PARADISE BAXTER
                                                                  UNITED STATES MAGISTRATE JUDGE

cc:   all parties of record (lw)

8

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO, ) | |
|        Plaintiff, ) | |
| v. ) | C.A. No. 04-230 ERIE |
| ) | |
| WILLIAM WOLFE, et al, ) | |
|        Defendants. ) | |

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on August 10, 2004, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on January 19, 2005, recommended that Plaintiff's Motion for Preliminary Injunction [Document #4] and its amended version [Document #6] be denied; Plaintiff's Motion for Immediate Temporary Restraining Order [Document # 12] be denied; and Defendants' Motion to Vacate the District Court's Order of November 2, 2004, granting the motion for temporary restraining order and adopting the report and recommendation [Document #15] be dismissed as moot. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Plaintiff by certified mail at SCI Albion, where he is incarcerated, and on Defendants. Objections were filed by Plaintiff on February 2, 2005, and an amendment to his objections was filed on February 14, 2005. After de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 25th Day of February, 2005;

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction [Document #4] and its amended version [Document #6] is DENIED; Plaintiff's Motion for

Immediate Temporary Restraining Order [Document # 12] is DENIED; and Defendants' Motion to Vacate the District Court's Order of November 2, 2004, granting the motion for temporary restraining order and adopting the report and recommendation [Document #15] is DISMISSED as moot.

The report and recommendation of Magistrate Judge Baxter, issued January 19, 2005, is adopted as the opinion of the court.

*Maurice B. Cohill, Jr.*
MAURICE B. COHILL, JR.
United States District Judge

cc:   Susan Paradise Baxter
      U.S. Magistrate Judge

      all parties of record _____