**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY DeFRANCO, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>SUPERINTENDENT WILLIAM WOLF; )<br>STEVE REILLY; DENESE BRUNNER; )<br>MANAGER ROD SHOWERS; CASE )<br>MANAGER gecac JUDY JACKSON; )<br>DR. JOHN DOE; JANE DOE JEFFREY )<br>BEARD; ASSIST. SUPER. WILLIAM )<br>BARR; MARILAND BROOKS, )<br>)<br>Defendants. ) | Civil Action No. 04-230-ERIE<br><br>Judge Maurice B. Cohill, Jr.<br>Mag. Judge Susan P. Baxter |

**DEFENDANTS' ANSWER TO
PLAINTIFF'S SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

AND NOW, come the defendants, Superintendent William Wolfe, Steve Reilly, Denese Brunner, Manager Rod Showers, Case Mgr.—GECAC Judy Jackson, Jeffrey Beard, Assist. Super. William Barr, and Marilyn Brooks (incorrectly identified as "Mariland") by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submit the following answer to Plaintiff's Second Amended and Supplemental Complaint:

<u>FIRST DEFENSE</u>

Defendants respond to Plaintiff's factual allegations as follows:

1-2. The averments of paragraphs 1 and 2 are conclusions of law to which no response is required.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted only that defendant Reilly was head of the psychology department. The remaining averments of paragraph 6 are denied.

7. Admitted only that defendant Showers was a Unit Manager. The remaining averments of paragraph 7 are denied.

8. Admitted only that defendant Jackson was a counselor. The remaining averments of paragraph 8 are denied.

9. Denied.

10. Admitted only as to Defendant William Wolfe's employment status. The remaining averments of paragraph 10 are denied.

11. Denied as stated. At all times relevant to the events alleged in the complaint, defendants were acting within the scope of their employment.

12. Admitted only as to the address of SCI—Albion. The remaining averments of paragraph 12 are denied.

13. Admitted only that Plaintiff entered Albion on or about the date alleged from SCI-Pittsburgh. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 13.

14 - 16. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 14, 15 and 16.

17. Admitted only that plaintiff was seen by Dr. Reilly and assigned a Z-Code status for a period of time beginning in or around February 2000. The remaining averments of paragraph 17 are denied.

18. Denied.

19. Denied.

20. Admitted only that plaintiff was seen by Dr. Lindemuth. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 20.

21. Denied as stated. Plaintiff was placed in the RHU, AC status, pending a hearing on March 22, 2002. He subsequently pled guilty to threatening an employee with bodily harm.

22. Denied.

23. Denied as stated. The vote sheet from June 24, 2002 reflects the voting process.

24 - 29. Denied.

30. Denied as stated. To the extent that plaintiff is referring to Dr. Lindemuth, she explained the reasons behind her written comments at an evidentiary hearing on 12/10/04 in this case, which is incorporated by reference.

31. Denied.

32. Denied.

33. Denied.

34. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 34.

35. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35.

36. Denied.

37. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37. Defendants also incorporate paragraph 30.

38. Denied as stated; defendants incorporate herein their response to paragraph 30.

39. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39.

40 - 43. Denied.

44. Denied as stated; defendants incorporate herein their response to paragraph 30.

45. Denied.

__. Unnumbered paragraph "Exhaustion" is denied.

46. Defendants incorporate their previous responses as if set forth at length.

47 - 51. Denied.

__. Unnumbered paragraph under heading "Civil Rights Conspiracy" is denied.

52 - 54. Denied.

55. Denied as stated. The grievance paperwork speaks for itself.

56. Denied.

57. Denied as stated. The request and response attached as exhibits speak for themselves.

58 - 59. Denied.

60. Defendants incorporate their previous responses as if set forth at length.

61 - 63. Denied.

64. Denied as stated. The court's rulings speak for themselves.

65 -70. Denied.

4

[Paragraphs redacted by Court Order.]

76.   Defendants incorporate their previous responses as if set forth at length.

77.   Denied.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Second Amended and Supplemental Complaint fails to state a claim on which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

Defendants' actions and decisions with respect to plaintiff were not the result of any retaliatory motive or intent, but were based upon legitimate penological interests.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his remedies under the PLRA or has procedurally defaulted.

FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks relief from the defendants in their official capacities for claims in the nature of a constitutional violation, such relief is barred by the Eleventh Amendment.

FIFTH AFFIRMATIVE DEFENSE

Any injuries received by plaintiff were the direct result of his own actions for which defendants cannot be liable.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has received all procedural due process protection to which he is entitled.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive the plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

### NINTH AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts state law claims, they are barred by the Pennsylvania Sovereign Immunity Act.

### TENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of plaintiff. Therefore, they entitled to qualified immunity and/or qualified good faith immunity from civil damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting pursuant to a duty required or authorized by statute or regulation; and therefore, said acts were within the discretion granted them by statute or statutorily authorized regulations.

WHEREFORE, defendants request judgment in their favor and against plaintiff.

        Respectfully submitted:

        Thomas W. Corbett, Jr.
        Attorney General

By:   /s/ Mary Lynch Friedline
      MARY LYNCH FRIEDLINE
      Senior Deputy Attorney General
      Attorney I.D. No. 47046
      Susan J. Forney
      Chief Deputy Attorney General
      Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

Date:   February 24, 2006

## **CERTIFICATE OF SERVICE**

        I hereby certify that on February 24, 2006, I electronically filed the foregoing *Answer* with the Clerk of Court using the CM/ECF system.  This document will be mailed via U.S. mail to the following non CM/ECF participants:

Anthony DeFranco, CZ-3518
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

                                                  By:    /s/  Mary Lynch Friedline
                                                            MARY LYNCH FRIEDLINE
                                                             Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219