IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 04-230-ERIE |
| V. | ) |
| | ) Judge Maurice B. Cohill, Jr. |
| SUPERINTENDENT WILLIAM WOLF; | ) Mag. Judge Susan P. Baxter |
| STEVE REILLY; DENESE BRUNNER; | ) |
| MANAGER ROD SHOWERS; CASE | ) |
| MANAGER JUDY JACKSON; | ) |
| DR. JOHN DOE; JANE DOE; | ) |
| JEFFREY BEARD; ASSIST. SUPER. | ) |
| WILLIAM BARR; MARILYN | ) |
| BROOKS, | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

AND NOW, come the defendants, Superintendent William Wolfe, Steve Reilly, Denese Brunner, Manager Rod Showers, Case Mgr.—GECAC Judy Jackson, Jeffrey Beard, Assist. Super. William Barr, and Marilyn Brooks (incorrectly identified as "Mariland") by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submit the following Response to Plaintiff's Motion to Compel (Doc. #167):

1. DeFranco's latest Motion to Compel incorrectly states that defendants are late in producing plaintiff's Second Request for Production.

2. DeFranco's Second Request was dated April 9, 2006 and received in this office on April 12th. Defendants mailed their Response to DeFranco on May 11, 2006, which was timely. (See Exh. A.)

3. In his first Motion to Compel, DeFranco raised the same inaccurate charge – that defendants' discovery responses were late, when in fact, they were not even due. Thus,

1

DeFranco's allegation of a "continued need to file with the Court" and his request for sanctions are baseless.

4. The only other issue raised in plaintiff's Motion relates to the defendants' previous objection to production of the DOC internal criteria and procedures for Z-Code evaluations and classifications.

5. Defendants originally objected to this request on the grounds that production of this confidential internal document reflecting vital DOC procedures and criteria could pose a security risk to inmates, staff and/or the institution, and would give this inmate information that could be manipulated or misused by him or other inmates, or used in a manner to adversely affect his treatment program.

Since that time, counsel for defendants has received information that reinforces defendants' legitimate and serious concerns with the production of these procedures and criteria. Counsel has learned that DeFranco has, in fact, misused other confidential documents previously produced in this case, in particular, the unredacted Z-Code vote sheets produced following the hearing before Your Honor on April 13, 2006. It appears that plaintiff has been confronting certain DOC personnel based upon comments written on those vote sheets, and made accusatory and potentially threatening statements about at least one individual defendant based upon comments on those vote sheets. In addition, other inmates have reported that plaintiff is assisting them with efforts to obtain copies of their DC-15's, as he did in this case. Thus, this plaintiff has clearly demonstrated his goal to manipulate, misuse and share the confidential information provided by defendants. For that reason, the concerns of this defendant in producing sensitive and confidential documents reflecting internal procedures and criteria are well-

grounded, and they strongly object to production of the confidential internal critera/policy for Z-Code classification.

6. In light of the foregoing, defendants also object to the production of plaintiff's DC-14 file which contains confidential reports and assessments by counselors and other DOC personnel, for the same reasons stated above. Defendants had originally objected to this request but agreed to produce the file with confidential and classification information redacted. Given plaintiff's misuse of previously produced information, however, defendants believe that production of the file (even in redacted form) poses an unacceptable risk to facility security and to the ability of DOC personnel to maintain order and properly administer this inmate's treatment program.

WHEREFORE, defendants submit that plaintiff's Motion to Compel (Doc. #167) is without merit and should be denied.

           Respectfully submitted:

           Thomas W. Corbett, Jr.
           Attorney General

By:   /s/ Mary Lynch Friedline
      MARY LYNCH FRIEDLINE
      Senior Deputy Attorney General
      Attorney I.D. No. 47046
      Susan J. Forney
      Chief Deputy Attorney General
      Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Date: May 18, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2006, I electronically filed the foregoing *Response to Motion to Compel (#167)* with the Clerk of Court using the CM/ECF system. This document will be mailed via U.S. mail to the following non CM/ECF participants:

Anthony DeFranco, CZ-3518
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

By:   /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219