IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

'06 MAY 30 A9:57

CLERK

ANTHONY DeFRANCO,
    Plaintiff,

V.

WILLIAM WOLFE, et al.,
    Defendants.

: No. C.A. 04-230-E
: Magistrate Judge Baxter
: District Judge Cohill

### PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE (MOTION TO COMPEL)

AND NOW, comes plaintiff, respectfully bringing forth his Reply to the defendants Response to the motion to compel and states as follows:

1. Defendants' have filed a response (Doc.#165) regarding plaintiff's second motion to compel, dated May 18, 2006. They allege that their second production of documents were not untimely, however, plaintiff received this request on May 16th, 2006. Either the mail is running extremely late or the defendants are mailing the documents late.

2. The defendants have raised an outrageous accusation in that plaintiff has misused the prior released documents to threaten or make accusatory comments to DOC staff. This is simply not true and fabricated to stop him from receiving much needed discovery. Of interest is the fact that the defendants', in their Response, leave out their reply to plaintiff's second request for production of documents. Plaintiff has attached said document, dated May 11th, 2006, marked Exhibit "A". In this document they merely assert that plaintiff has misused the documents released to "harass and/or pressure staff" without saying or adding more. In this most recent filing, less than one week later, they now make a leap and assert that plaintiff has been confronting staff and potentially threatening at least one named defendant. This is absurd. It is

1

obvious that the defendants are desperate and are simply making up stories in order to stop plaintiff from receiving or reviewing discovery, i.e. evidence.

## DISCUSSION

If plaintiff made any type of threat to a staff or about a staff member, he would be issued an automatic misconduct and placed in the RHU (as the Court is no doubt aware). To now entertain these unfound, off-the-cuff allegations produced by the defendants, or those acting in concert with them, would be a complete travisty of justice. Further, they are nothing but *unsupported conclusionary* allegations. If the Court simply compares the May 11th, 2006, Response (Ex."A") to the May 18th, 2006 Response (Doc.#168), it is clear that the defendants have made this all up and continue to embellish the accusations in order to defeat plaintiff's discovery requests. Obviously, on May 11th, 2006, when the defendants stated in writing that plaintiff's DC-14 file was being prepared for his review, the now alleged accusations were known to defense counsel at that time yet no objection was made then. Now they come up with even more heightened, indeed bogus, rationale for not releasing it. As stated, if plaintiff made any of these comments or confrontation to any staff he would have been subjected to a misconduct; an incident report would have been prepared and plaintiff would be in the RHU. Yet none of those things occurred.

The defendants further suggest that plaintiff is helping other inmates gain access to their DC-15 files; this is another fabrication. Plaintiff challenges the defendants to produce one inmate that he has helped gain access to his DC-15 file. Moreover, there is DOC "policy" available to all inmates on how they can gain access or release information. Plaintiff is attaching some affidavits from inmates that show he does not approach staff nor trust staff or other inmates. (See, attached affidavits).

3. The Court is reminded that there remains an outstanding motion involving the retaliation by the defendants and a document they submitted to the Court that was forged and/or altered. This is currently pending before Judge Cohill. Ironically, it was the defendants who have submitted false and altered documents that prove they falsify the truth. [1]

4. Plaintiff has previously wrote to defendants counsel and requested that any further telephonic hearings held not be conducted in his counselor's office as the counselor was a witness for the DOC and it is unfair that the counselor continue to hear half of the Court proceedings when there are literally dozens of other telephones that can utilized. Further, it places plaintiff in an awkward position knowing the counselor is obviously working for the DOC and working as his counselor too.

WHEREFORE, plaintiff prays this Honorable Court Grant his motion to compel, sanctions and all other relief requested.

Date: May 24, 2006

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by US First Class Mail
this date to Attorney General's Office 564
Forbes Ave., Pgh. Pa. 15219.

---

[1] As the Court can clearly see, the defendants' are doing exactly what they have been doing in their collective conspiracy. The defendants new allegations of plaintiff misusing the documents provided and making threats or potential threats is remarkable. Without question had plaintiff made any threat or potential threat to or about another staff member, he would have been issued a misconduct. The hearing staff member is *obligated* to take action. Yet nothing was. This goes to the truth of the matter asserted by the defendants. Plaintiff had filed a previous letter brief (Doc.#164) outlining some of the harassment he had been receiving from the defendants. In the backdrop of this letter brief, the defendants now manufacture stories of threats and harassment. Importantly, the Court will recall during the 4/13/06 hearing, the defendants specifically admitted that plaintiff poses no threat to staff. The record will reveal the statement (hearing trans. 4/13/06). These allegations are outrageous and designed to alter discovery and further the conspiracy against plaintiff. As stated, the allegations are unsupported and merely conclusionary and should not be entertained by the Court.