IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-230 E |
| | ) |
| WILLIAM WOLFE, ET AL., | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1. Vote sheets are not prepared as per policy relating to transfers; although there was a vote sheet dated May 11, 2005 at SCI-Smithfield in connection with a request to initiate procedures for transferring plaintiff to SCI-Albion. This vote sheet is Objected to as seeking information that is privileged and confidential. Furthermore, releasing this document presents security and personnel concerns because plaintiff has used similar documents produced in this case to harass and/or pressure staff. Without waiver of these objections, the vote sheet reflects that plaintiff was received at SCI-Smithfield on March 8, 2005 from SCI-Albion "as an Administrative Separation Transfer, in order to separate him from William Barr, SCI-Albion Grievance Coordinator", that Mr. Barr contact SCI-Albion by telephone on May 4, 2005 and requested that appropriate transfer procedures be initiated to return plaintiff to SCI-Albion in order to accommodate his federal lawsuit, and that the staff at SCI-Albion agreed with the transfer request. The only written comments by voters were that the transfer was "per request of SCI-Albion staff" and "if they request him it is ok with me".

EX. "A"

2. This request is Objected to as seeking information that is privileged, confidential, irrelevant and not likely to lead to the discovery of admissible information. Providing these logs could pose as a security risk to staff, inmates and/or the institution.

3. These documents should be in records either already made available to the plaintiff to view or records that are in the process of being made available for plaintiff to view.

4. See attached cell history of plaintiff.

5. This information is maintained within plaintiff's psychiatric records, which plaintiff recently had the opportunity to view.

6. This information relating to z-code is maintained within plaintiff's DC-15, which plaintiff recently had the opportunity to view.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

_Mary L. Friedline_
Mary L. Friedline
Senior Deputy Attorney General
Attorney I.D. No. 47046

Susan J. Forney
Chief Deputy Attorney General

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219
Phone: (412) 565-3520
Fax:   (412) 565-3019

Date: May 11, 2006

# WITNESS AFFIDAVITS

## AND

## REQUEST SLIPS SIGNED BY STAFF

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Officer McLauren (unit) | 2. Date:<br>5/24/06 |
| 3. By: (Print Inmate Name and Number)<br>Anthony DeFranco CZ-3518<br><br>_____<br>Inmate Signature | 4. Counselor's Name<br>Ms. Webb |
| | 5. Unit Manager's Name<br>M. Stenhoff |
| 6. Work Assignment<br>law lib. | 7. Housing Assignment<br>D/A 31 |

8. Subject: State your request completely but briefly. Give details.

WHAT HAPPENS IF ANY INMATE MAKES POTENTIALLY THREATENING COMMENTS ABOUT A STAFF MEMBER TO ANOTHER STAFF MEMBER?

THE RESPONSE TO THIS REQUEST PROVES THAT PLAINTIFF WOULD HAVE RECEIVED A MISCONDUCT HAD HE MADE ANY "POTENTIAL THREATENING STATEMENTS" ABOUT A STAFF MEMBER: AND REFUTES DEFENDANTS UNSUPPORTED ALLEGATIONS. THIS REQUEST RESPONSE SPEAKS FOR ITSELF AND IS WRITTEN BY A VETERAN STAFF MEMBER.

9. Response: (This Section for Staff Response Only)

REPORT IT TO ANOTHER STAFF MEMBER IMMEDIATLY

YOU WILL RECEIVE A MISCONDUCT FOR THREATNING AN EMPLOYEE.

☐ To DC-14 CAR only        ☐ To DC-14 CAR and DC-15 IRS

Staff Member Name  McLaurin / McLaurin   Date  5-24-06
                    Print           Sign

Revised July 2000

## UNSWORN DECLARATION

I, Daniel Edward Francis, make the following declaration under penalty of perjury:

1. I have been housed on the same unit as Anthony DeFranco before his arrival here. Anthony DeFranco has not approached any staff (unless they call for him) that I have witnessed and he works all the time so I would most likely see this. Also, I know he is untrusting and does not speak to staff openly.

2. Anthony DeFranco also only talks with or sort of socializes with maybe a handful of inmates. When he is in the yard he sits by himself in the grass. He is not a social person.

Date: May 24, 2006

*Daniel Francis*
Daniel E. Francis

I, Brian Wolfe, under perjury make the following statement. Anthony Defranco does not talk, speak, ask questions or any other form of verbal contact with Corrections staff unless he is called upon by them for a good reason

He spends most of his time at work or in his cell, He only speaks to a select few inmates as He does not trust many people In prison or In general

5-24-06   Brian Wolfe