IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>Plaintiff,<br><br>v.<br><br>WILLIAM WOLFE, et al.,<br>Defendants. | )<br>) No. CA-04-230-ERIE<br>) Magistrate Judge Baxter<br>) District Judge Cohill<br>)<br>) |

TO THE HONORABLE JUDGE COHILL, JR.

<u>APPEAL OF MAGISTRATE JUDGE'S ORDER, DOC. No. 172</u>

AND NOW, comes plaintiff, respectfully asking this Honorable Court to vacate the Magistrate Judge's Order (Doc.172) denying plaintiff permission to file additional interrogatories:

1. This appeal comes before the Court based upon the denial of plaintiff's motion to file additional interrogatories on the defendants.

2. In accordance with Fed.Civ.P., Rule 33, plaintiff filed a motion requesting leave to submit additional (follow-up) interrogatories upon the defendants (Doc.169). Unfortunately, the Magistrate summarily denied the motion without explanation.

3. As the Court is aware, plaintiff is acting pro se and is not well versed in the law, and particularly, federal civil rights actions and rules.

4. While plaintiff filed interrogatories upon the defendants, he never went to nor exceeded the 25 permitted by Rule. He was under the impression that he could freely submit follow up interrogatories.

5. The Magistrate Judge has simply denied three (3) motions filed by plaintiff in this case. Plaintiff submits that the Magistrate Judge is partial to the defendants which is evident through the Magistrate's comments during the April 13, 2006 hearing (see trans. generally) and

now denying plaintiff's discovery requests. The Magistrate has just systematically denied 3 of plaintiff's motions, 2 for discovery, without any explanation. These are <u>essential</u> discovery requests that are material to plaintiff's lawsuit.

6. Discovery in this case has recently began and there were no reasons to deny plaintiff's requests to file additional interrogatories. Plaintiff is an inmate, acting pro se and in forma pauperis. Given these facts, plaintiff submits that the Magistrate was extremely harsh in denying plaintiff's request to file additional interrogatories. Discovery requests should be freely given, especially to inmate litigants who are indigent. The defendants would in no way be harmed by allowing plaintiff to file additional interrogatories; these are needed to ask follow up questions and to ask questions that plaintiff over-looked.

7. In the fair administration of justice, plaintiff asks this Court to vacate the Order and allow plaintiff to submit additional interrogatories, given his pro se and indigent status.

WHEREFORE, plaintiff prays this Honorable Court will vacate the Magistrate Judge's Order (Doc.172) and allow plaintiff to file additional interrogatories.

Respectfully submitted,

Date: 5/31/06

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First Class Mail to the Attorney General's Office, 564 Forbes Ave., Pittsburgh, Pa. 15219, this date.

FILED '06 JUN -5 AM 10:03 CLERK U.S. DISTRICT COURT