IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,  )
Plaintiff,         ) No. CA-04-230-ERIE
                   ) Magistrate Judge Baxter
v.                 ) District Judge Cohill
                   )
WILLIAM WOLFE, et al., )
Defendants.

## MOTION TO COMPEL DISCOVERY

AND NOW, comes plaintiff, respectfully asking this Honorable Court to compel discovery, in requiring the defendants to answer interrogatoies fully and in support avers:

1. Plaintiff has submitted interrogatories to the defendants in this case. Numerous of his interrogatories were not completely answered. However, plaintiff brings before the Court answers provided by defendant Barr and Reilly.

2. Specifically, the defendants are in violation of Fed.Civ.R.P. Rule 33 and see, Hansel v. Shell Oil Corp., 169 F.R.D. 303, 305 (E.D.Pa.1996) and Cage v. New York, 276 F.Supp. 778 786-87 (W.D.Pa.1967), "Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories."

3. Under Rule 33(b) if a responding party fails to respond completely to an interrogatory the propounding party makes a motion to compel under Rule 37(a) and if it is found that the defendants have violated these Rules than the Court "shall" award reasonable expenses to the moving party.

4. Plaintiff respectfully requests that he be awarded reasonable expenses, as stated in the Rule, for the following violations:

5. Defendant Reilly and Barr have submitted their first set of

interrogatories. In each of their responses they have submitted incomplete answers and/or no answer. Specifically, Plaintiff asked defendant Barr the following interrogatoy; "**5. When you moved to have plaintiff transferred in February/March of 2005, did you receive the permission of the superintendent of SCI Albion? Or any other person? Please identify everyone and name how they knew and what their involvement was.**" Defendant Barr's answer was as follows, "**5. All transfers are made through Central Office.**" As the Court can see, this did not come close to answering plaintiff's interrogatory and sanctions should be imposed and defendant ordered to answer the interrogatory in full. (See attached Interrogatories and Answer).

    6. Additionally, defendant Reilly has failed to follow proper Rules in answering interrogatories. Specifically, plaintiff's question reads, "**4. It has became known that a Ms. Eichenlaub has purportedly stated that she was plaintiff's psychologist at a time in 2002; please state [when] and how many times your Office states this Ms. Eichenlaub consulted with plaintiff.**" Defendant Reilly's response was as follows, "**4. One time.**" This was a incomplete answer and plaintiff asks that sanction be issued and defendants forced to answer the interrogatory in full.

    7. Also, plaintiff asked defendant Reilly in the same set of interrogatories the following question, "**16. Please state the changes in plaintiff between February 2000 and June 2002; that is, plaintiff was given a misconduct in March of 2002; a couple of months later the z-code was removed; please state what was different premisconduct and postmisconduct that warranted z-code removal?**" Defendant Reilly's answer to this interrogatory was as follows, "**16. Misconducts do not

2.

directly influence Z Code removals within the Psychology Department." This is clearly unresponsive to the question and totally incomplete. Based on such, plaintiff asks that he be awarded sanctions, in accordance with the Rule and defendant Reilly order to answer this interrogatory in full. (See attached Interrogatories and Answers).

WHEREFORE, based upon the above and attachments, plaintiff asks that he be awarded reasonable expenses (sanctions) and that the defendants be Order to Answer the Interrogatories in full.

Respectfully submitted,

Date: 6/1/06

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First
Class Mail to the Attorney
General's Office, 564 Forbes Ave.,
Pittsburgh, Pa. 15219, this date.