IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DeFRANCO,**<br>Plaintiff,<br><br>V.<br><br>**WILLIAM WOLFE, et al.,**<br>Defendants. | : <br>: No. C.A. 04-230-E<br>: Magistrate Judge Baxter<br>: District Judge Cohill<br>:<br>:<br>: |

### MOTION TO COMPEL DISCOVERY

AND NOW, comes plaintiff, respectfully requesting this Honorable Court to compel discovery, and in support avers:

1. As this Honorable Court is aware, pursuant to Fed.Civ.Proc.R. Rule 33, a defendant who is to answer interrogatories, *must* answer them *completely* and must obtain the information accessible to them. See Rule 33 generally.

2. Plaintiff has submitted interrogatories to defendant Brooks who is the superintendent at SCI Albion, and currently holds that position. In accordance with the Rules, this defendant "must" make all reasonable efforts to obtain the information to answer a interrogatory (Rule 33).

3. While the defendants did provide plaintiff his medical file for inspection, they did so in the "redacted" form. Plaintiff submitts that the information asked in the interrogatories to defendant Brooks was unknown to him; nevertheless, the defendant was compelled to answer the interrogatory in accordance with the Rule, as defense counsel is well aware.

4. Plaintiff asked defendant Brooks the following question: *"1. Please name the dates, and by which doctor prescribed NITROGLYCERN, LOPRESSOR and ASPIRIN to plaintiff."* Defendant Brooks answered the question as follows *"1. The responding defendant has no*

1

*personal knowledge regarding what inmate DeFranco is prescribed and/or diagnosis for such. Further, inmate DeFranco has been recently given the opportunity to review his medical/psychiatric file, which contains this information."* The responding defendant has failed to answer this interrogatory. As the superintendent of the prison, this information is easily accessible to the defendant and she had a *duty* to seek that information to *fully* and *completely* answer this interrogatory which is *material* to plaintiff's lawsuit. (See attached Interrogatories).

5. Pursuant to <u>Hansel v. Shell Oil Corp.</u>, 169 F.R.D. 303, 305 (E.D.Pa.1996)(*Answers (to interrogatoies) should set forth the efforts used to attempt to obtain the requested information*). Defendants Brook's answer stated that she knew the answer was located in plaintiff's medical file, and was compelled to answer it completely as the superintendent of the prison and person in charge of all documents inside said prison.

6. As the Court is aware, the crux of plaintiff's lawsuit is the harm done to him, i.e. his pre-existing heart condition and this interrogatory is essential and needs to be answered. Plaintiff requests that sanctions be imposed and he be compensated the expenses for filing this motion in accordance with Rule 33(b) and 37(a), and defendant ordered to answer the interrogatory. WHEREFORE, plaintiff prays this Honorable Court grant this motion to compel.

Date: June 6, 2006

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

Certificate of Servive
Service was made on the
defendants this date, by US
First Class Mail.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,
    Plaintiff,

V.

WILLIAM WOLFE, et al.,
    Defendants.

: No. C.A. 04-230-E
: Magistrate Judge Baxter
: District Judge Cohill

DEFENDANT'S RESPONSE TO
**PLAINTIFF'S FIRST INTERROGATORIES
TO DEFENDANT MARILYN BROOKS, SUPERINTENDENT**

In accordance with Rule 33 of Federal Rules of Civil Procedure, plaintiff requests that defendant answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on plaintiff within 30 days.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifing your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materalizes.

1. Please name the dates, and by which doctor prescribed NITROGLYCERIN, LOPRESSOR and APSIRIN to the plaintiff:

ANSWER:   SEE ATTACHED SHEET FOR RESPONSES.

2. Please name the diagnosis the doctor(s) listed for these prescriptions.

ANSWER:

3. Are there any doctors on the z-code staffing board?

ANSWER:

4. Do you believe that doctors should be on the z-code staffing boards and that doctors would be much better qualified to render opinions about that?

1

ANSWER:

5. Are you aware that prior psychiatrist, Dr. Lindemuth, testified at a preliminary injunction hearing on December 17, 2004, and it was revealed that SCI Albion staff had actually tampered with the doctor, dictating to the doctor that the DOC thought that the reports generated by the doctor set a dangerous precedent; that the reports would not be tolerated by the DOC and staff ordered the doctor not to write reports on inmates again; the staff was more concered over legal precedent than plaintiff's health.

ANSWER:

6. What are your opinions about the events described above and do you believe it was proper for staff to state these things to a doctor who was to give testimony before a federal court?

ANSWER:

7. Are you aware that Dr. Lindemuth gave a new declarartion on October 2, 2005, clarafying her testimony and stance on the issue? Attached is a copy of said declaration.

ANSWER:

8. Is there a "PRT" (psychiatric review team) in place at Albion and if so please state the names of those people and state whether plaintiff was on the mental health rooster in May/June of 2002.

ANSWER:

_____
Marilyn Brooks, Superintendent

Date:

Served by plaintiff
on _____ by US Mail.

2

# DECLARATION

I, **Dr. Angela Lindemuth**, make the following declaration in regards to Anthony DeFranco:

1. As stated in my Report's dated September 23, 2002 and August 20, 2004, it is my professional opinion that Anthony DeFranco not be double celled due to his history of violence and impulsivity, which represents a serious risk to any potential cellmate.

2. He internalizes and suppresses his anger of dealing with cellmates which causes him to take increased doses of nitroglycerin; this causes irreparable harm to his pre-existing heart condition.

3. It is my opinion that Anthony DeFranco be housed in a single cell for his safety and the safety of any cellmate.

Signed pusuant to 28 U.S.C. §1746.

Date: 10/2/05

_____
Angela Lindemuth, R.Ph., D.O.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DEFRANCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-230 E |
| | ) |
| WILLIAM WOLFE, ET AL., | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST INTERROGATORIES TO DEFENDANT
MARILYN BROOKS, SUPERINTENDENT**

1. The responding defendant has no personal knowledge regarding what inmate DeFranco is prescribed and/or diagnosis for such. Further, inmate DeFranco has been recently given the opportunity to review his medical/psychiatric file, which contains this information.

2. The responding defendant has not personal knowledge regarding who the physicians where that prescribed the medication referred to in question number 1 above. Further, inmate DeFranco has been recently given the opportunity to review his medical/psychiatric file, which contains this information.

3. No.

4. The responding defendant Objects to this interrogatory as the opinion/information sought is irrelevant and not likely to lead to the discovery of admissible evidence. Without waiver of this Objection, Correction Officers, Unit Managers, and Counselors are very qualified to make determinations as to whether an inmate requires a Z-code. They have the opportunity to observe the inmate on a regular basis and are in a very good position to be able to determine whether an inmate is

adjusting to their cell situation or not. The Major, Inmate Program Manager and Deputy may not have the benefit of observing the inmate first hand, however, they depend on the decisions of those personnel who are observing the inmate first hand to assist with their decision.

5. This request is Objected to as seeking information that is irrelevant (this defendant's awareness of filings or testimony in this litigation) and not likely to lead to the discovery of admissible information. Further, defendant objects to plaintiff's attempt to characterize the testimony, which is a matter of public record and speaks for itself.

6. The responding defendant Objects to this interrogatory as the opinion/information sought is irrelevant and not likely to lead to the discovery of admissible evidence.

7. No, any declarations filed in this case speak for themselves and the responding defendant Objects to the characterization of the same.

8. Yes. However, I do not recall who would have been on the team and I do not recall the roster. Roster changes are made, with additions and deletions, on a regular basis.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

Mary L. Friedline
Senior Deputy Attorney General
Attorney I.D. No. 47046

Office of Attorney General
6th Floor, Manor Complex

## VERIFICATION

I, Marilyn Brooks, hereby state that the foregoing answers to Plaintiff's First Set of Interrogatories to Defendant Marilyn Brooks are true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Date: 6-1-06

Marilyn Brooks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

***Defendant's Response to Plaintiff's First Interrogatories to Defendant Marilyn Brooks***

was served upon the following, by first-class mail this June 1, 2006.

Anthony DeFranco, CZ-3518
State Correctional Institution
At Albion
10745 Route 18
Albion, PA  16475

MARY L. FRIEDLINE
Senior Deputy Attorney General