IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,
    Plaintiff,

V.

WILLIAM WOLFE, et al.,
    Defendants.

: No. C.A. 04-230-E
: Magistrate Judge Baxter
: District Judge Cohill
:
:
:

## APPEAL OF MAGISTRTATE JUDGE'S ORDER, DOC.#184

**TO THE HONORABLE JUDGE COHILL**

AND NOW, comes plaintiff, respectfully asking this Honorable Court to vacate the Magistrate's Order (Doc.#184) and issue an Order consistent with plaintiff's discovery requests, and in support:

1. Plaintiff is appealing the Magistrate's Order (Doc.#184) denying his motions to compel discovery Doc.## 182 & 183.

2. Plaintiff has been denied discovery that is material to this lawsuit. So as not to be repetitive, plaintiff incorporates his motion to compel discovey (Doc.## 182 & 183) as if fully stated herein.

3. It has become apparent that the Magistrate is partial for the defendants by the arbitrary denials for discovery made by plaintiff without even an explanation as to why his requests are being systematically denied. The material requested inside these documents are pertinent and *material* to this case.

### Z-CODE POLICY

One of the documents requested by plaintiff is the z-code "policy" in place by the defendants. This policy is allegedly the policy that plaintiff quickly failed to meet its requirements (which he had previously met) which resulted in his pre-existing heart condition becoming worse, requiring him to take numerous medications that he had not taken previously. The defendants have objected to the production of this document stating it could be used by plaintiff to manipulate his treatment plan and

1

poses a security risk. However, this "policy" is what is being challenged by plaintiff; the defendants claim plaintiff failed to suddenly not meet its criteria while plaintiff maintains that he did and that it was only removed as retaliation. Obviously the defendants realize that if plaintiff does not have the z-code policy that it is in place than he is basically fighting a "ghost" and would be unable to prove the crux of his case.

Of interest is the fact that defendant Reilly (Chief Psychologist) wrote in his interrogatories that mental health is a factor in the z-code process and that the psychiatrist is involved in meeting every 120 days (see Reilly's answer to interrogatories attached to Doc.#182). Compare those answers to the testimony of prior Chief Psychiatrist, Dr. Lindemuth, who testified at the preliminary injunction hearing held, stating, in reply to the Court's question if mental health is a criteria for z-code:

> **Dr. Lindemuth: "No, because their mental health criteria or mental health state is not— or no longer—or I don't know if it was or not, it's not a criteria."**
>
> **The Court: "Mental health is not a criteria for Z Code status."**
>
> **Dr. Lindemuth: "That's how it has been at our facility."**

(See Trans. 12/17/04 page 31).

While Dr. Lindemuth was the Chief Psychiatrist, and at many times the only psychiatrist, at SCI Albion. The doctor clearly testified that mental health was never a criteria for z-code status at this prison (and the doctor was the psychiatrist for over 5 years). Comparing defendant Reilly's answer to the interrogatories;

> **"8. The procedure at SCI Albion regarding the Psychiatric Review Team is to review all inmates assigned to the latter team regarding their mental health stability. These reviews are conducted within the Medical Department every 120 days. Individual Treatment Plans are reviewed and signed off by the PRT. Generally, the PRT consists of the Consulting Psychiatrist, Mental Health Coordinator, Chief Psychologist, Unit Manager and Unit Counselor."**
>
> And, **"15. Mental health conditions for Z Code criteria include significant mental health illness."**

(Defendant Reilly's answers to interrogatories, attached to Doc.#182).

2

There is a clear and important dispute as to the truth of this matter. Defendant Reilly states that mental health is and was a factor in z-code while the doctor testified opposite. This case involves clearly disputed testimony regarding this z-code policy and the record supports this. If defendant Reilly was truthful in his interrogatories then surely Dr. Lindemuth would have known that mental health was a criteria considered, in fact, according to Reilly, discussed with the psychiatrist every 120 days. This z-code policy is material to plaintiff's case and its production is respectfully requested, particularly in light of the evidence outlined above showing conflicting testimony on the subject. As noted, the defendants and their agents (Chief Psychologist Reilly and Chief Psychiatrist Lindemuth) have given total conflicting testimony regarding the mental health relating to their z-code policy. They condradict one another, as shown by the record. Is mental health a criteria or is it not?

4. The other documents requested in plaintiff's motion to compel are needed as well and plaintiff stands on the arguments made therein. Discovery is an integral part of any prisoners civil rights action. And, plaintiff submits, prisoners should be given liberal access to discovery, especially prisoners moving *in forma pauperis*.

5. Also, plaintiff's interrogatories were not answered and not answered completely as stated in Doc.#183. These interrogatories are material and need to be completely answered by the defendants in accordance with Fed.Civ.P. Rule 33.

WHEREFORE, plaintiff prays this Honorable Court vacate the Magistrate's Order (Doc.#184) and compel the discovery requests, sanctions and answer to interrogatories.

Respectfully Submitted,

Date: June 9, 2006

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

Service was made by U.S. Class Mail this date to the Attorney General at 564 Forbes Ave., Pgh. Pa. 15219