**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY DeFRANCO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. No. 04-0230 Erie** |
| | ) | **Magistrate Judge Baxter** |
| **WILLIAM WOLFE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Presently before the Court are pro se Plaintiff Anthony DeFranco's appeals of four of the Magistrate Judge's Orders filed in this case.

In his first Appeal (Doc. 179), Plaintiff appeals the Magistrate Judge's Order dated May 26, 2006 (Doc. 173) denying his motion to compel discovery (Doc. 167).

In the second Appeal (Doc. 180), Plaintiff appeals the Magistrate Judge's Order dated May 26, 2006 (Doc. 172) denying his motion for leave to file additional interrogatories (Doc. 169).

In his third Appeal (Doc. 181), Plaintiff appeals the Magistrate Judge's Order dated May 23, 2006 (Doc. 171) denying his motion for appointment of counsel (Doc. 170).

In the fourth Appeal (Doc. 186), Plaintiff appeals the Magistrate Judge's Order dated June 7, 2006 (Doc. 184) denying Plaintiff's two motions to compel discovery (Docs. 182 and 183).

We will deny Plaintiff's Appeals.

I. Discovery Motions

We find no error in the Magistrate Judge's Orders denying Plaintiff's discovery motions.

A. Magistrate Judge's Order dated May 26, 2006 (Doc. 173)

In Plaintiff's motion to compel discovery (Doc. 167) he complains that the Defendants are a few days late in providing requested documents. Plaintiff does not seek to compel discovery in this motion but rather seeks sanctions against Defendants. We see no basis to impose sanctions. Moreover, as Defendants point out in response to Plaintiff's motion they have not been late in responding to discovery requests. (Doc. 168.) We also note that discovery is ongoing and Plaintiff acknowledges in his motion that he has a current motion to compel (Doc. 162) that is being held in abeyance. We find no error with the Magistrate Judge's Order denying Plaintiff's motion to compel.

B. Magistrate Judge's Order dated May 26, 2006 (Doc. 172)

Plaintiff's motion for leave to file additional interrogatories (Doc. 169) is a bare bones request for leave to file two additional interrogatories. In his Appeal to this Court, Plaintiff explains that he filed his motion for additional interrogatories in accord with Federal Rule of Civil Procedure 33. (Appeal of Magistrate Judge's Order, Doc. No. 172, at ¶ 2.) Plaintiff also states that in his initial interrogatories he served less than the limit of 25 interrogatories imposed by Rule 33. (Appeal of Magistrate Judge's Order, Doc. No. 172, at ¶ 4.)

Rule 33 instructs that leave to serve additional interrogatories "shall be granted to the extent consistent with the principles of Rule 26(b)(2). Fed.R.Civ.P. 33(a). Rule 26(b)(2) states in part that a court shall limit discovery if it determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2).

Plaintiff offered the Magistrate Judge no basis on which his motion should be granted. He did not attach his initial interrogatories, nor did he attach his proposed additional interrogatories. In addition it is possible, though we have no way of knowing, that Plaintiff need not have filed a motion for leave to file additional interrogatories if, as he claims, he had not filed the limit of 25 interrogatories. We do not suggest that Plaintiff was able to file additional interrogatories without seeking leave of court or that a properly filed Rule 33 motion would be granted. In any event, the Magistrate Judge is in the best position to manage discovery. We find no error with her Order denying Plaintiff's motion for leave to file additional interrogatories.

C. Magistrate Judge's Order dated June 7, 2006 (Doc. 184)

Plaintiff appeals the denial of two separate motions to compel discovery, which we will address in turn.

1. Plaintiff's Motion to Compel Discovery (Doc. 183)

Plaintiff's motion to compel discovery (Doc. 183) seeks to compel Defendants Barr and Reilly to respond to certain interrogatories that Plaintiff claims the Defendants failed to fully answer.

With regard to Defendant Barr, Plaintiff states that he failed to properly answer Interrogatory 5. The Interrogatory and Response are as follows:

> **5.** When you moved to have plaintiff transferred in February/March of 2005, did you receive the permission of the superintendent of SCI Albion? Or any other person? Please identify everyone and name how they knew and what their involvement was.
>
> **A.** All transfers are made through Central Office.

Plaintiff claims that this response is incomplete. We disagree. We read Defendant Barr's answer as stating that he was not involved with the transfer since such transfers are made through Central Office. More specifically we read Defendant Barr's answer as stating "No" he did not receive the permission of the superintendent of SCI Albion or the permission of any other person because such transfers are made through the Central Office, not through Mr. Barr. We further note that Plaintiff's first clause "When you moved to have plaintiff transferred" is an assertion of the Plaintiff's, not a question directed to Defendant Barr; we thus have no comment on this aspect of the question and response.

With regard to Defendant Reilly, Plaintiff states that he failed to properly answer Interrogatories 4 and 16. We address these in order. Interrogatory 4 and its Response are as follows:

> **4.** It has become known that a Ms. Eichenlaub has purportedly stated that she was plaintiff's psychologist at a time in 2002; please state when and how many times your Office states this Ms. Eichenlaub consulted with plaintiff?
>
> **A.** One time.

Plaintiff complains that the response is incomplete. We disagree. Plaintiff asked how many times Defendant Reilly's Office says that Ms. Eichenlaub consulted with plaintiff, and

the answer is one time. The other part of Plaintiff's question is "when" did Ms. Eichenlaub consult with plaintiff. That question is answered in Plaintiff's own question, namely, in 2002; more specifically the exact date was given in Defendant Reilly's response to Interrogatory 3 as May 20, 2002.

Interrogatory 16 and its Response are as follows:

> **16.** Please state the changes in plaintiff between February 2000 and June 2002; that is, plaintiff was given a misconduct in March of 2002; a couple of months later the z-code was removed; please state what was different premisconduct and post misconduct that warranted z-code removal?
>
> **A.** Misconducts do not directly influence Z Code removals within the Psychology Department.

Plaintiff claims that the response is unresponsive and incomplete. Once again, we disagree. Defendant Reilly's answer that misconducts do not directly influence Z Code removals appears to mean that the misconduct in March 2002 had no effect on plaintiff's Z Code status.

We find no error with the Magistrate Judge's Order denying Plaintiff's motion to compel (Doc. 183.)

<u>2. Plaintiff's Motion to Compel Discovery (Doc. 182)</u>

In Plaintiff's motion to compel discovery (Doc. 182) he seeks to compel production of several documents and compel answers to interrogatories. As noted above, Plaintiff currently has a motion to compel discovery (Doc. 162) that the Magistrate Judge is holding in abeyance, and which concerns some of the requested material in Plaintiff's Doc. 182 motion to compel. Other material requested by Plaintiff is apparently objected to by Defendants for security or other reasons, that are not specifically set forth before this Court. We again note that these

types of discovery disputes are best resolved by the Magistrate Judge who is in the best position to assess the competing arguments. Plaintiff's rapid-fire filing of discovery motions, some of which are obviously meritless and duplicative, offers the Magistrate Judge numerous opportunities to become acquainted with the discovery issues. In addition, these motions only serve to delay Plaintiff's case.

We are confident that at the appropriate time the Magistrate Judge will resolve the outstanding discovery issues, in particular the Plaintiff's requests regarding documents relating to Z Code status. At this point it appears that Plaintiff is assuming the worst and alleging that he will be denied access to the most relevant documents he needs when no such final decision has yet been rendered. In any event, counsel for Defendants have a duty to ensure safety and security at the prison when responding to discovery requests and the Court must give appropriate deference to those determinations. We find no error with the Magistrate Judge's Order denying Plaintiff's motion to compel (Doc. 182).

II. Motion to Appoint Counsel

Finally, Plaintiff appeals the Magistrate Judge's Order dated May 23, 2006 (Doc. 171) denying his motion for appointment of counsel (Doc. 170). As stated in the Magistrate Judge's Order this is Plaintiff's third motion of appointment of counsel. The first two motions were denied, and the Magistrate Judge notes that no new argument has been raised by Plaintiff and no new complexities have arisen since that decision. We agree. To the extent that this case *appears* complex, that is due to Plaintiff's insistence on constantly filing pleadings with the Court. Upon examination, however, the issues involved in this case are not

complex, and we see no error in the Magistrate Judge's Order denying Plaintiff's motion for appointment of counsel.

III. Conclusion

We have taken the opportunity to explain our reasons for denying Plaintiff's Appeals in order to demonstrate to Plaintiff that his original motions and his appeals are not as compelling as he believes them to be. We note that Plaintiff has already filed another motion to compel (Doc. 185) and we are not confident that this is the end of his discovery motions or appeals. The Magistrate Judge's summary denials of Plaintiff's motion are appropriate in a case where the Plaintiff insists on serially filing baseless motions. As is shown by our discussion for the most part the issues raised by Plaintiff were simply not issues requiring analysis or discussion. Unless future appeals contain substance we do not expect to engage in lengthy discussions to explain to Plaintiff why his motions are without merit.

The following Order is hereby entered.

AND NOW, to-wit, this 20th day of June, 2006, it is hereby ORDERED, ADJUDGED, and DECREED that

1. Plaintiff's Appeal of Magistrate Judge's Order (Doc. (Doc. 179) be and hereby is DENIED.

2. Plaintiff's Appeal of Magistrate Judge's Order (Doc. 180) be and hereby is DENIED.

3. Plaintiff's Appeal of Magistrate Judge's Order (Doc. 181) be and hereby is DENIED.

4. Plaintiff's Appeal of Magistrate Judge's Order (Doc. 186) be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Anthony Defranco, pro se
counsel of record