IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY DeFRANCO,<br>Plaintiff,<br><br>V.<br><br>WILLIAM WOLFE, et al.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | No. C.A. 04-230-E<br>Magistrate Judge Baxter<br>District Judge Cohill |

FILED

'06 JUN 22 A10:29

CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

1. Plaintiff did make numerous allegations in his Complaint's and Injunctive requests that he was threatened with transfers if he pursued reinstatement of his z-code status. The last of these threats came from defendant Barr after the 10/22/04 telephonic hearing. Barr admitted to engaging in this but stated it was not meant as to convey a threat.

2. On October 29, 2004, Magistrate Judge Baxter did make a Recommendation that the defendants' be enjoin from transferring plaintiff, partly due to defendant Barr's last threat (Doc.#11). The District Court adopted the Recommendation on November 2, 2004 (Doc.#13).

3. On December 17, 2004, a preliminary injunction hearing was held where the defendants failed to produce a single bit of evidence to refute the threats of transfers and particularly, defendant Barr's last threat on 10/22/04. The Magistrate Judge subsequently denied the preliminary injunction and used Barr's previous statement to the Court that there were no planned transfers for plaintiff and used his subsequent affidavit. The District Court adopted the R & R on February 28, 2005.

4. One week later, after the District Court adopted the R & R, on March 8, 2005, the defendants transferred plaintiff to the central of the state.

5. Plaintiff filed a grievance on March 8, 2005, claiming, inter alia, that he was given a retaliatory transfer; wanted returned to Albion and compensation.

1

6. On March 28, Mr. Bryant, with defendant Barr's initials, responded to the grievance stating plaintiff was transferred due to litigation.

7. On May 10, 2005, defendant Superintendent Brooks, granted plaintiff's grievance and allowed his return to SCI Albion "in resolution of the grievance." Thus, admitting or inferring that plaintiff's claims in the grievance as being true (that he was transferred in retaliation).

8. On August 2, 2005, plaintiff was transferred back to SCI Albion.

9. Defendants submitted a transfer order or petition to this Court that they had submitted to Central Office to have plaintiff transferred. The transfer petition stated that the transfer was being requested due to litigation filed against defendant Barr by plaintiff. The transfer petition is dated Febraury 15, 2005.

10. Plaintiff had no litigation filed against defendant Barr until March 7, 2005 (Doc.#63). Therefore, the transfer petition was fabricated as there was no litigation against Barr on Febraury 15, 2005, as the transfer petition states.

I hereby declare under penalty of perjury that the foregoing facts are true and correct, based upon my personal knowledge and that I am able to competently testify to these facts at trial.

Respectfully Submitted,

Date: 6/18/06

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by U.S.
Class Mail this date to the
Attorney General at 564
Forbes Ave., Pgh. Pa. 15219

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,  :
    Plaintiff,  : No. C.A. 04-230-E
      : Magistrate Judge Baxter
V.  : District Judge Cohill
  :
WILLIAM WOLFE, et al.,  :
    Defendants.  :

_____

### PLAINTIFF'S SWORN AFFAIDAVIT

I hereby declare under penalty of perjury, that the facts contained in my Complaints, Injunctive reliefs and the foregoing Summary Judgment Motion and Exhibits, are true and correct. I make this under 42 USCA § 1746. All statements made therein are true and correct to the best of my information and belief.

Respectfully Submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

Date: 6/18/06

Service was made by U.S.
Class Mail this date to the
Attorney General at 564
Forbes Ave., Pgh. Pa. 15219

1