IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>Plaintiff,<br><br>v.<br><br>WILLIAM WOLFE, et al.,<br>Defendants. | : <br>: No. 04-230-E<br>: Magistrate Judge Baxter<br>: District Judge Cohill<br>:<br>:<br>: |

## MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

AND NOW, comes plaintiff, respectfully requesting this Honorable Court to compel the production of documents and in support avers:

1. Plaintiff has submitted his third request for production of documents upon the defendants. It was returned to plaintiff, under the date of June 19, 2006, denying production. (See Ex."A").

2. The defendants have once again objected to plaintiff being provided with relevant discovery material claiming security issues. The following is the defendants response regarding the releasing of one shift of staff that were working the 2nd shift on March 7, 2005:

> This request is Objected to as seeking information that is privileged, confidential, irrelevant and not likely to lead to discovery of admissible information. Providing this Roster could pose as a security risk to staff, inmates and/or the institution.

(Attached Ex."A" are both plaintiff's request for production and the defendants response). This roster request is pertinent to plaintiff's case as it will show who was working during the shift and enable plaintiff to prove that the defendants do see and treat him unusual to the *normal* inmate. While the defendants claim that plaintiff was treated no differently than other inmates, plaintiff has evidence that this is inaccurate and will show that the defendants do believe plaintiff is

1

atypical to other inmates. They have a specific belief in this while claiming they do not. This will also show that the defendants have a state of mind with regards to plaintiff. This document will lead to additional witnesses that will refute what some of the defendants have asserted. And will undoubtedly help prove his case. Moreover, while the defendants have stated this document will create a security risk if turned over to plaintiff, this is a bald, unsupported statement; how could a shift log, from more than one and a half years ago possibly pose a security risk? Of interest is the fact that the defendants have disclosed these exact logs to another plaintiff whose lawsuit is currently pending before this Court. That case is *Kerwin v. McConnell*, 05-93-Erie. In the *Kerwin* case, the defendants not only turned over one log but an entire three (3) weeks worth of log-rosters. It flies in the face of all logic that this one log could pose a security risk while the defendants turned over the exact documents to *Kerwin* (See Ex. "B"—plaintiff-*Kerwin's* request for production of these rosters; the defendants response and the release of these documents to him). Also, see transcript of the telephonic hearing held in the *Kerwin* case. Interestingly, during a hearing held before this Court in the *Kerwin* case in or about April 2006, both Attorney's Friedline and Mercili were physically present and agreed, and in fact, released these documents to *Kerwin*. Plaintiff is asking the Court to now stop these defendants from asserting unsupported security claims in order to deny plaintiff relevant documents. Plaintiff would also ask the Court to go back over previous rulings where the defendants claimed security issues in order to deny plaintiff discovery. The defendants claims of security should be *supported* by evidence. Attorney Friedline and Mercili work from the same office and help one-another on cases; this was asserted by Attorney Mercili during plaintiff's April 13, 2006 telephonic hearing before this Court (See trans. 4/13/06). This roster turned over to *Kerwin* was never requested by the defendants to remain confidential and so he provided his roster to enable plaintiff to prove

that the defendants are making random, inconsistent security claims in order to deny plaintiff with relevant discovery requests. Again, this roster was never considered "confidential" by the defendants nor requested by them for *plaintiff-Kerwin* to keep it confidential.[1]  Kerwin provided this roster as a means to show this Court that the defendants have turned over the exact type of documents to him without the claim of security issues. Plaintiff would ask the Court to now stop accepting the defendants bald, unsupported security claims in denying his discovery requests, and would ask the Court to reconsider other denied discovery requests.

3. Plaintiff asks that this Court issue an Order that the requested Roster be turned over to him forthwith and that plaintiff be awarded expenses and sanction defendants.

4. Plaintiff's ¶ 2. merely asks the exact date a Ms. Eichenlaub had supposedly met him. It is relevant as plaintiff denies ever meeting this person. The defendants state that the information was maintained in his psychiatric file which he reviewed. These files, as the Court is aware, were in their "redacted" form and plaintiff did not see this vital information. This is a simple request and the defendants should be required to answer it. Moreover, it is needed by plaintiff. Reasonable expenses should be awared to plaintiff.

5. Plaintiff asked that his "block file" be produced. This will show plaintiff's behavior on the units and support his claims. While the defendants claim this has been responded to, they have failed to produce the block file.

---

[1] Due to the defendants ("DOC") history of retaliation to both Kerwin and plaintiff, Kerwin's disclosure of these staff logs will likely lead to some further retalitory measure taken by defendants', even though these logs were not deemed "confidential" when turned over to Kerwin or requested by defendant that they remain confidential.

6. In Plaintiff's ¶ 4. he asks for his cell location through out his incarceration (from 1993-2002). While the defendants did provide him with his cell locations from 1999 through 2006, they did not produce his cell location from 1993-2002. For most of this time, plaintiff was held in a single cell and this information is needed as it helps his case regarding z-code and single cell status.

WHEREFORE, plaintiff asks this Honorable Court to Order the defendants to turn over these documents and award expenses and sanction defendants.

Date: 7/17/06

Respectfully submitted,
Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by US First Class Mail this date to Attorney General's Office 564 Forbes Ave., Pgh. Pa. 15219.

4