IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>    Plaintiff,<br><br>V.<br><br>WILLIAM WOLFE, et al.,<br>    Defendants. | : <br>: No. 04-230-E<br>: Magistrate Judge Baxter<br>: District Judge Cohill<br>:<br>:<br>: |

FILED
'06 AUG -1 A10 :26
CLERK
U.S. DISTRICT COURT

### MOTION FOR SANCTIONS & VERIFICATION OF ANY MEETING

AND NOW, comes plaintiff, respectfully requesting this Honorable Court to impose sanctions upon the defendants for submitting fraud and perjuried testimony in the form of answers to interrogatories, and further Order the defendants to supply complete information and in support avers:

    1. Plaintiff has received interrogatories propounded upon the defendants, and specifically, defendant Steve Reilly, Chief Psychologist; two separate sets.

    2. After receiving defendant Reilly's first set of answers, plaintiff filed a motion to compel full answers (Doc.#183). Regarding answer number four (4) plaintiff asked how many times a Ms. Eichenlaub purportedly met with plaintiff regarding his z-code and the date. Defendant Reilly stated "One time." District Judge Cohill in his Order (Doc.#187) addressed this issue and stated that defendant Reilly stated Ms. Eichenlaub met with plaintiff *one time* and it was on *May 20, 2002* (See, Doc.#187, pages 4-5). Also, attached hereto are plaintiff's interrogatories and defendant Reilly's answers, signed under oath.

    3. It is clear from defendant Reilly's answers and District Judge Cohill's review of those answers that Reilly stated plaintiff met with Ms. Eichenlaub one time, on May 20, 2002.

1

4. Plaintiff submitted a second set of interrogatories upon defendant Reilly and asked again about this purported meeting:

> 3. Is it your claim that a Ms. Eichenlaub actually "met" with plaintiff or is it your statement that she reviewed plaintiff's z-code status one time? In other words, do your records show an actual meeting between plaintiff and Ms. Eichenlaub? If so, give *exact date* of meeting.
>
> Reilly's Answer: 3. The Psychology records reflect that on May 29 and June 21 of 2002 inmate DeFranco met with Ms. Eichenlaub.

See plaintiff's second set of interrogatories and Reilly's answers attached hereto.

5. It is clear that defendant Reilly has been completely untrue and not forthcoming in his verified answers. In his first answers he specifically states that there was only one (1) meeting between Ms. Eichenlaub and plaintff and that it occurred on May 20, 2002. In his second answers, he states that there were two (2) meetings and gave two (2) completely different dates.

6. Plaintiff avers that he had never met this Ms. Eichenlaub in any meeting and that the defendants have forged and or altered documents to make it appear that there was a meeting or meetings. Defendant Reilly's very own answers prove that the defendants are "producing" so-called *evidence* in order to try and defeat plaintiff's deliberate indifference claim. Reilly's answers condradict each other; the dates do not match up and if we were to go by the asserted dates, Ms. Eichenlaub and plaintiff would had met three times; on May 20, 29 and June 21 of 2002.

7. Plaintiff submits that this Ms. Eichenlaub (psychologist) was never his psychologist and never had any meetings with him, as stated by defendants. In fact, on the "vote sheet" to remove the z-code from plaintiff, it states that Ms. Eichenlaub stated plaintiff does not meet the z-code criteria and every other staff member casted their vote due to this Ms. Eichenlaub's comments (See, Vote Sheet, Ex. "A", attached). It is clear from defendant Reilly's answers to

interrogatories that the psychology department are altering and making up meetings between this Eichenlaub and plaintiff that did not ever transpire. Plaintiff asks that the defendants now produce *real proof* that this Ms. Eichenlaub met with plaintiff at all or admit the truth (that no such meeting ever occurred). Based upon this vote sheet (Ex."A"), it appears that all other staff were making their vote to remove plaintiff's z-code due to this Ms. Eichenlaub and her assessments.

8. Plaintiff is requesting this Court to now impose sanctions upon the defendants for filing known false answers to interrogatories and admit that this Ms. Eichenlaub had never met plaintiff. Plaintiff would further request that the defendants produce actual "proof" of any meeting they claim occurred between Ms. Eichenlaub and plaintiff, and what her report(s) allegedly state.

9. Pursuant to Rule 11 of the Federal Civil Rules of Procedure, this Court has the power to impose sanctions upon the defendants. It is clear from the very evidence supplied by the defendants themselves that they have entered into a further conspiracy to manipulate this Court and plaintiff by the filing of knowingly false answers to interrogatories. These answers came from the *same exact defendant*---it is not like two (2) separate defendants gave conflicting answers. Indeed, the same defendant has condradicted himself.

10. District Judge Cohill had read defendant Reilly's answers and stated that is what Reilly stated in his answers; one meeting occurred and it was on May 20, 2002. (Doc.#187). Based upon all of the evidence, it is clear that defendant Reilly has misrepresented the truth in his answers to interrogatories, which he signed under oath. There was never any meeting between this Ms. Eichenlaub and plaintiff and the defendants know it and that is why they are giving false statements in this case.

WHEREFORE, plaintiff prays this Honorable Court will, in the fair administration of justice, impose sanctions upon the defendants and further, Order them to submit actual proof of any meeting between Ms. Eichenlaub and plaintiff. And for any other relief that is fair and just.

Date: July 28, 2006

Respectfully submitted,

*[signature]*
Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by U.S. First
Mail to Attorney General at
564 Forbes Ave., Pgh. Pa. 15219, this date