# *Exhibit 1*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DEFRANCO,                    C.A. No. 04-230 Erie
              Plaintiff,

       v.

WILLIAM WOLFE, et al.,
              Defendants

## DECLARATION UNDER PENALTY OF LAW

I, William Barr, declare under penalty of perjury that
the following is true and correct to the best of my knowledge
and belief:

1. My name is William Barr.  I am employed by the
Pennsylvania Department of Corrections (DOC) as the Assistant to
the Superintendent of the State Correctional Institution at
Albion, Pennsylvania (SCI-Albion).  There are currently 2230
inmates at SCI-Albion.

2. The basic purpose of facility management is the
care, custody, and control of inmates.  The security measures in
place at Department of Corrections facilities are intended to
provide public safety, a safe environment for inmates as well as
for the institutional staff.

3. The DOC uses a standard classification system to
determine an inmate's custody level and program code.  Each
level specifies the restrictions or freedoms that apply to
inmates at a particular level.  This system is also used to

determine which facility an inmate will be placed in and to place inmates in a housing unit. If an inmate maintains proper behavior, he will generally be assigned to less restrictive housing. Attached to this affidavit is an overview of the Classification System Custody levels and Program Codes.

4. Inmate DeFranco was committed on 04/22/95 for CC2501, criminal homicide and is serving a life sentence. He has been incarcerated at SCI-Albion since 10/20/99. Inmate DeFranco received a misconduct, #A0294324, for threatening to kill corrections officer Fry and was placed in restricted housing. Inmate DeFranco pled guilty of the charge. He was place in the Restricted Housing Unit pending transfer. Several members of the DeFranco family called the institution and pleaded with me to keep him here rather than transfer him. I spoke to the corrections officer in question to see if he felt a transfer to another facility was warranted. He asked that we separate inmate DeFranco to a part of the facility that he did not work in. After discussion among the administrative staff, it was determined that we would continue to house inmate DeFranco at SCI-Albion and separate him from the officer by housing assignment.

5. As of October 22, 2004, inmate DeFranco was classified as a custody level 3, with a program code of Y. Under this classification, inmate DeFranco requires a medium

2

level of supervision, and was housed in a two person cell in
general population.

      6. An inmate's classification is reviewed annually.
The classification review is conducted by his counselor's review
and meeting with the inmate utilizing the Pennsylvania Additive
Classification Tool (PACT) as outlined in the attachment 11.2.1,
Section 3.  A vote sheet is prepared by counselor to review Z
code status annually.  The committee consists of Counselor, Unit
Manager, three (3) regular housing unit officers, Psychologist,
Program Manager, Major, Deputy of Facility Management, and
Deputy of Centralized Services. The vote sheet is then sent to
the institution superintendent.  The superintendent considers
the recommendation of the committee, as well as the information
that was presented to the committee, and makes his/her own
decision.

      7. Due to his misconduct against Officer Fry, inmate
DeFranco was classified as level 4 YZ from 03/26/02 until
06/24/02.  On 06/24/02, his classification level was changed
from 4YZ to 4Y. At his review on 05/01/03,it was changed to 3Y
and continued until 11/03/04. On 11/03/04 the Z code was added
when inmate DeFranco showed the court order from Judge Paradise
Baxter to Mr. Skendall.

      8. At the time of inmate DeFranco's classification
change lifted his Z code status, inmate DeFranco had

<div align="center">3</div>

demonstrated through his everyday behavior, as witnessed by his Unit Manager, his counselor, unit officers, that he could interrelate with other inmates without being disruptive, and that he was not threatening to other inmates nor to himself. Furthermore, inmate DeFranco was provided ongoing medical treatment, which included therapy sessions and medication.

9. Since 06/24/02, inmate DeFranco has been housed in a two person cell, and has shared that cell with ten (10) different cellmates. In the last 29 months, inmate DeFranco has not presented any threat to any of his cellmates, nor has inmate DeFranco been a disruption to the order of his cellblock. Furthermore, inmate DeFranco continues to receive the following treatment, Nitroglycerin (for chest pain), aspirin (blood thinning), Lopressor (high blood pressure), Valium (anxiety). He is seen by the Psychiatrist every 4-6 weeks since March 2004. In 2003 he was seen quarterly. In 2002 he was seen roughly every 6 weeks. His Prescriptive Program Plan includes Alcohol and Other Drug Education, Long Term Offenders, and Violence Prevention.

10. SCI-Albion has 95 cells in which inmates with Z-Code status can be housed. Of those, as of October 22, 2004, all were occupied (and continue to be occupied) with other inmates with a Z-Code status. Inmates that are sexual predators, assaultive, physically handicapped, and mentally challenged are

4

assigned to the single cells. Each inmate is reviewed on an annual basis to determine if the single cell status warrants continuance. If the review shows significant progress, the inmate will have the Z code lifted. Inmate DeFranco is currently Z coded in a single cell. Inmate DeFranco presented his papers from Judge Paradise Baxter to his Unit Manager, Mr. Skendall. Mr. Skendall approached an inmate regarding moving to a higher custody level unit and the inmate refused to make the move. That placed the inmate in violation of the direct order given and he was sent to the Restricted Housing Unit for disobeying a direct order. That action freed up a single cell to place inmate DeFranco in.

11. Since 06/24/02, inmate DeFranco has filed one (1) grievance in regards to a problem he had with a staff member. The matter was resolved at initial review. Inmate DeFranco has never grieved his classification, nor has he grieved his medical treatment. Inmates are allowed, permitted, to grieve their classification

12. Following the telephone conference that was conducted on October 22, 2004, I did engage in a short conversation with inmate DeFranco. This conversation was witnessed by Acting Corrections Health Care Administrator, Sueane Rebele. Specifically, the following was said, I explained to inmate DeFranco that we look at the Department as a

whole when looking for bed space, rather than an individual facility. I went on to explain that if he was given a Z code we could not guarantee that the cell would be at SCI-Albion. I explained that the single cell could be, for instance, at SCI-Dallas. To the extent that I made reference to SCI-Dallas, that was not said in any way to communicate a threat. It was nothing more than an observation of the reality of the situation at that time. To the extent that inmate DeFranco asserts that I specifically testified that there existed an opening within the Z-Code cells that he could move into without displacing any other inmate, that is simply not true. I do not recall testifying in that regard at all, and can only assume that what was said by me may have been misinterpreted by inmate DeFranco. On the date of the telephone conference, there was no opening in a Z-Code cell at SCI-Albion, nor is there one today.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this date. 28 U.S.C. § 1746.

Date: 11-08-04

William Barr

Notarial Seal
Dana L. Williams, Notary Public
Conneaut Twp., Erie County
My Commission Expires Sept. 12, 2006

6

*Exhibit 2*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTHONY DeFRANCO,** )<br>)<br>       **Plaintiff,** )<br>)<br>       **v.** )<br>)<br>**SUPERINTENDENT WILLIAM WOLF;** )<br>**STEVE REILLY; DENESE BRUNNER;** )<br>**MANAGER ROD SHOWERS; CASE** )<br>**MANAGER GECAC JUDY JACKSON;** )<br>**DR. JOHN DOE; JANE DOE;** )<br>**JEFFREY BEARD; ASSIST. SUPER.** )<br>**WILLIAM BARR; MARILAND** )<br>**BROOKS,** )<br>       **Defendants.** ) | **Civil Action No. 04-230-ERIE**<br><br>**Judge Maurice B. Cohill, Jr.**<br>**Mag. Judge Susan P. Baxter** |

## DECLARATION OF WILLIAM BARR

I, William Barr, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.     I am employed by the Pennsylvania Department of Corrections (DOC) at SCI-Albion. I assumed the position of Corrections Food Service Manager in May 2006. I was the Assistant to the Superintendent and Facility Grievance Coordinator at SCI-Albion from 2001 to mid-2006, and continue to serve as Acting Assistant and Acting Grievance Coordinator.

2.     I filed a Declaration in this case dated November 8, 2004. I stand by the statements in that Declaration and incorporate it herein by reference.

3.     As Assistant to the Superintendent and as Grievance Coordinator, I had substantial direct contact with inmates, including inmate DeFranco. In addition to

coordinating the grievance process, I personally handled information requests, assisted inmates with their problems and concerns, and dealt with family questions and issues.

4.     Over the years, I had many positive dealings with inmate DeFranco and assisted him with numerous grievances, property issues, disputes with staff, and even trnasfers. For example, DeFranco received a misconduct (#A0294324) for threatening to kill a corrections officer and was placed in the Restricted Housing Unit pending transfer on March 24, 2002. Several members of his family called and pleaded with me to keep him at Albion. I spoke with the corrections officer in question about keeping DeFranco here at SCI-Albion, and after further discussion with the administrative staff, it was determined that he would continue to be housed at SCI-Albion and be separated from the officer by housing assignment.

5.     I provided testimony in the course of a telephone hearing before the Court on October 22, 2004 in connection with DeFranco's TRO seeking immediate Z-Code status. In response to the Magistrate Judge's questions about whether there is a quota system for Z-code cells, I answered: "No. We can actually shift Mr. DeFranco to a Z-code cell if necessary." (10/22/04 Hrg. Tr. at 22.)

6.     The issue of whether this inmate could or would be transferred was not addressed during the hearing on October 22, 2004. I simply advised the Court that we could shift DeFranco into a single cell if necessary. In making that response, my intent was to explain what could be done at Albion on a temporary basis, if so ordered by the Court. If the Court understood my response to suggest anything else, i.e., that Albion had a permanent Z-code cell opening, I regret not being clearer.

2

7.     When DeFranco showed us the Court Order which granted the TRO and ordered a Z-code, which happened on or about November 3, 2004, we added the Z-code to his classification. All Z-code cells were still occupied, however. Accordingly, Unit Manager Skendall approached an inmate in one of the single cells regarding moving to a higher custody level unit. The inmate refused to make the move and was sent to the RHU for disobeying a direct order. This action was necessary to free up a single cell temporarily for DeFranco as I had promised the Court when I said "we can actually shift Mr. DeFranco to a Z-code cell if necessary."

8.     Following the hearing on Octoer 22, 2004, I engaged in a short conversation with inmate DeFranco in the presence or our Health Care Administrator, Sueane Rebele. As referenced in my prior declaration, I explained that we consider the Department as a whole when looking for bed space, rather than the individual facility, and that if Mr. DeFranco would be given a Z-code, we could not guarantee it would be at SCI-Albion. I told him that the single cell could be, for instance, at SCI-Dallas. This was not intended to be a threat but simply an observation of the reality of the situation. As stated, when the order came to us, we only were able to place DeFranco in a single cell by displacing another inmate.

9.     Mr. DeFranco misinterpreted my comments and filed another TRO Motion, claiming that I had threatened to transfer him "as a means of punishment for filing the lawsuit." (Doc. #9.) He also indicated that he was presently drafting an Amended Complaint naming me as a defendant as a result of what he believed was a "direct threat."     He filed pleadings throughout the fall of 2004 and early 2005 in which he claimed that I had tampered with witnesses, made statements in a threatening and

3

upset tone, misrepresented and manipulated the truth, and was part of a conspiracy to alter the truth. (Doc. #'s 21, 24.)

10. Inmate DeFranco seemed to become more and more obsessive in his allegations and focus upon my statements and actions. I grew concerned that Mr. DeFranco would not be able to accept any decision or recommendation by me or other staff, particularly in the grievance context. I believed that my effectiveness could be compromised, particularly as grievance coordinator, as DeFranco would inevitably view my actions (and the grievance process itself) as tainted or the product of a conflict of interest. Thus, I requested an Administrative/Separation Transfer in mid-February 2005.

11. This transfer request was not intended to punish or retaliate against DeFranco for filing his lawsuit or pursuing his claim for Z-Code status. Rather, because of DeFranco's irrational mindset and obsessions with my role and decisions (which DeFranco had developed in preceding months), I believed that DeFranco would never believe that he was getting a fair shake at SCI-Albion. In my view, the transfer request would allow him to start fresh and pursue his concerns in a setting free of what he perceived to be conflict of interest and conspiracy.

12. Ultimately, a decision was made to allow DeFranco to return to SCI-Albion as a reasonable means of resolving DeFranco's grievance concerning the transfer and his related motions in this federal court proceeding. I had no objection to that course of action. However, I believed then and now that my concerns about DeFranco's well-being, and about the integrity and effectiveness of the grievance process at SCI-Albion, were legitimate and warranted the transfer request.

4

I declare under penalty of perjury that the foregoing is true and correct, per 28 U.S.C. § 1746.

Date: 7 - 19 - 06

William Barr

# *Exhibit 3*

| DC-46 (Rev. 7/95) | **VOTE SHEET** | Commonwealth of Pennsylvania Department of Corrections/SCI Albion |
|---|---|---|

| Facility SCI-Albion | Date 2-7-00 | Number CZ3518 | Name Anthony DeFranco | Cus. Lev.& Code(s) 3Y |
|---|---|---|---|---|

**Purpose** Z code

| | YES | NO | COMMENTS |
|---|---|---|---|
| Counselor Kauffman | ✓ | | per psych recommendations - inmate comp of anxiety and previous use of meds (M.H.) |
| Work Supervisor | | | |
| Corrections Officer Fisher | ✓ | ✓ | Inmate appears to live with his current cell mate without a problem. Z code needed |
| Psychologist Reilly | ✓ | | Highly recommended due to stress level |
| Unit Mgr., Couns, Supv., CCC Dir. | ✓ | | Appears to be suffering from anxiety, cellmate claims he does not sleep. |
| Inmate Program Mgr. Mr. Boeh | ✓ | | Per Mr. Reillys assessment & staff support |
| Major Neiswonger | ✓ | | Per Psych Recommendation |
| | | | |
| **Votes Recorded** | | | |

**STAFF RECOMMENDATIONS** SCIP 4-19-96 → WDCC SCIP 7-26-96 → SCIA 10-20
36 yr old male serving life for Criminal Homicide/Murder 2°. No Misconducts, 1 Detainer from Erie County for Simple Assault with a sentence 12 months - 24 months.
Staff for Z code according to Steve Reilly, Psychology, recommendations.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Deputy-Centralized Services | Yes ☑ | No ☐ | Deputy-Facility Management | Yes ☐ | No ☑ |
|---|---|---|---|---|---|
| Comments | | | Comments Concur with | | |
| Per psych recommendati | | | Officer Fisher. No apparent problem before he arrived - VKap marguard | | |

| Superintendent | ✓ Approved | | Disapproved |
|---|---|---|---|
| Comments | Approve for Z code | VKap for CT Brenne | |

| DC-46 (Rev. 7/95) | **VOTE SHEET** | | Commonwealth of Pennsylvania Department of Corrections/SCI Albion |
|---|---|---|---|

| Facility **SCI-Albion** | Date **6/24/02** | Number **CZ-3518** | Name **Anthony DeFranco** | Cus. Lev.& Code(s) **4YZ** |
|---|---|---|---|---|

**Purpose Annual Review for**

| Z Code continuation | YES | NO | COMMENTS |
|---|---|---|---|
| Counselor J. Jackson | | ✓ | Does not meet criteria for Z-code. Manipulated Albion staff upon his arrival. History of |
| Work Supervisor | | | incarcerations did not necessitate a Z code. Incarc Since '96 w/ one misconduct on record. high levels of |
| Corrections Officer | | | stress does not meet z code criteria. (See Psych Eval |
| Psychologist Ms. Eichenlaub | | ✓ | Does not meet z-code criteria. |
| Unit Manager R. Showers | | ✓ | No need for z code, Manipulative. Psych Rpt indicates medication is appropriate to handle psych nee |
| Inmate Program Mgr. B. Boeh | | ✓ | Psychologist does not recomend and staff do not support. |
| Major Gates | | ✓ | Per Psych |
| Lt. | | | |
| Votes Recorded | | | |

**STAFF RECOMMENDATIONS**    SCI-Pittsburgh 4/19/96 → SCI-Albion 10/20/99

**SERVING:  Criminal Homicide/Murder 2nd Degree**

**MINIMUM:  Life**                      **MAXIMUM:  Life**

**DETAINERS: 93-Erie County Simple Assault 12-24 months**

**MISCONDUCTS: 3/26/02, A-15 Threaten an Employee  Received 45 DDC and removal from job**

**ESCAPE HISTORY:  83-Escape conviction Erie County**

**PRIORS: Escape, VCSDD & CA, Burglary, Retail Theft, Theft by Unlawful Taking, Firearm Carried Without License, Criminal Conspiracy, Criminal Attempt, and Corruption of Minors**

**PROGRAMS: He completed Peer Instructor Training for Citizenship on 5/13/01.  He is on the waiting list for vocational training, Long Timers, and Drug/Alcohol Education Classes. Attend self-help groups**

| Deputy-Centralized Services    Yes ☐    No ☑ | Deputy-Facility Management    Yes ☐    No ☑ |
|---|---|
| Comments  Agree with staff rationale for denial of Z code | Comments  No need. Does not meet criteria |
| | |

| Superintendent | Approved    X    Disapproved |
|---|---|
| Comments | Bruce T. Marquardt Dep Supt fn WJW |

03/30/2006 12:49 FAX 8147569733        SCI ALBION                        ☒ 003

| DC-46 Rev. 6/00 **VOTE SHEET** | | | Commonwealth of Pennsylvania Department of Corrections | |
|---|---|---|---|---|

| Facility **SCI-Albion** | Date 3-10-04 | Number **CZ-3518** | Name ▶ **DeFRANCO, Anthony** | Custody Level & Code(s) **3Y** |
|---|---|---|---|---|

| PURPOSE: Z-Code | YES | NO | COMMENTS | |
|---|---|---|---|---|
| Counselor –Karla Webb | ✓ | | Inmate has increased agitation with bellies and life sentence very painful - agree to Dr. Lindenmuth | |
| Work Supervisor | | | | |
| Corrections Officer-Malec | | | | |
| Corrections Officer -Coli | | | | |
| Psychologist  Billy | ✓ | | Anxiety disorder, persistent stress | |
| Unit Manager Mr. Skendall | | ✓ | I do not agree that inmate DeFranco needs | |
| Corrections Classification Program Manager Mr. Bryant | | ✓ | to be Z-coded. He has successfully resided on our for several months. Concur with the comments. STRESS will be ongoing | |
| Major Colvin | | ✓ | Concur w/ U.M. | |
| Zone Lt. | | | | |
| Votes Recorded | | | | |

**STAFF RECOMMENDATIONS:** SCI-Pittsburgh-4/19/96 ▶ SCI-Albion-10/20/99

**SENTENCED:** A 40 year old married male serving a Life sentence for Criminal Homicide from Erie County.

| Minimum Date: Life | Maximum Date: Life | Detainers: 1-Erie County for Simple Assault. |
|---|---|---|

**Escape History:** 83 Escape conviction Erie County.

**Misconducts:** Total 5.  Last being 3/02 for Threatening an Employee=45 DC

**Prior Criminal History:** Juvenile: REAP and Defiant Trespass  Adult: Escape, Theft By Unlawful Taking, VCSDD&A, Burglary, Retail Theft, Aggravated Assault, Simple Assault, Corruption of Minor, CC-Criminal Attempt, Reckless Driving, and Disorderly Conduct.

**Programs:** Peer leader for Citizenship. He is employed in the Library.

** Z-Code due to extreme Anxiety Disorder and Panic Disorder.  Dr. Lindenmuth requests re-evaluation for Z-Code due to the increased Anxiety, etc.   _Lindenmuth_

Pact as Custody Level 3Y

| Deputy - Centralized Services   YES ☐   NO ☒ | Deputy - Facilities Management      YES ☐   NO ☒ |
|---|---|
| Comments  Stress needs to be managed – care can be taken with assignment of cellmates. J Wilkie 3-17-0 | Comments  Do not feel he warrants single cell status. Dep Marquardt 3-17-04 |

| Signature of Facility Manager or DCC Director | APPROVED ☐ | DISAPPROVED ☒ |
|---|---|---|
| Comments | | |
| | Bruce T. Marquardt | |
| | Dep Supt for W.J.W. | |

| DC-46 Rev. 6/00 | **VOTE SHEET** | | | Commonwealth of Pennsylvania Department of Corrections | |
|---|---|---|---|---|---|
| Facility **SCI-Smithfield** | Date **4-18-05** | Number **CZ-3518** | | Name **DEFRANCO, Anthony** | Custody Level & Code(s) **3-YZ** |
| PURPOSE: **Continue "Z" Code** | | YES | NO | COMMENTS | |
| Counselor: **K.J. Zimmerman CC2** | | X | | Appears to adjust better with he single cell. PRT recommended | |
| Work Supervisor: | | | | | |
| Corrections Officer: | | | | | |
| Psychologist | | / | | | |
| Unit Manager, Counselor Supervisor, CCC Director: **F. Campopiano** | | / | | code originally approved Feb 2000 for MH reasons MH Concerns Continue on active roster | |
| Corrections Classification Program Manager: **J. Whitesel** | | X | | | |
| PRT | | | X | | |
| Housing Officers: AM: PM: | | | | | |
| Votes Recorded | | | | DOC:4-19-96 SCIS:3-8-05 MIN: Life MAX: Life | |

STAFF RECOMMENDATIONS: Anthony DeFranco, age 41, is serving a Life sentence for Criminal Homicide from Erie County. He was transferred to SCI-Smithfield from SCI-Albion on 3-8-05 on an ADM/SEP basis to separate him from William Barr, Superintendent's Assistant, due to litigation DeFranco filed against Mr. Barr. Mr. Barr did not want future potential problems between the inmate and future potential grievances. Prior to his arrival at SCI-Smithfield, SCI-Albion circulated a vote sheet on 3-10-04 for a "Z" code, and the Vote Sheet denied the "Z" code. In response to this, DeFranco filed a civil action against several SCI-Albion staff members. DeFranco has indicated that the "Z" code was ordered by the court to be assigned to him. A copy of a Magistrate Judge's Report and Recommendation in association with this action, is in his file, and under the Conclusion section of that document it indicates that it was the judge's recommendation that, "Defendants should be ordered to return Plaintiff to z-code status in a single cell at SCI-Albion immediately." Upon his arrival at SCI-Smithfield, a temporary "Z" code was assigned at IRC, and on 4-13-05, a PRT was held to determine his progress and whether to keep his "Z" code. The consensus of the PRT was that he keeps his "Z" code.

| Deputy – Centralized Services Victoria L. Kormanic | YES ☒ NO ☐ | Deputy – Facilities Management Daryl I. Briggs | YES ☒ NO ☐ |
|---|---|---|---|
| Comments | | Comments | |
| | | | |

| Signature of Facility Manager or DCC Director John A. Palakovich | |
|---|---|
| Comments | APPROVED ☒        DISAPPROVED ☐ |

# *Exhibit 4*


DC-804
Part 1
SCI Smithfield

MAR 15 2005

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

_112276_

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Super / Mr. Barr | ACSIN | 3/9/05 |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| Anthony DeFranco CZ-3518 | | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |
| | at SCI-Smithfield | |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

This is in regards to a retalitory transfer That I have been saying would happen for years - in which The Federal courts are aware. During a interview This date, it was told to me by SCI Smithfeld officials That I was moved for making Mr. Barr a Defendant, which created a "Conflict of interest". The DOC has moved me approx. 4 hours away from home, just as I predicted on paper previously. As Mr. Barr knows, this court action is no reason to Transfer me. He distributes almost all grievances filed to other staff to handle (which I can prove). So, moving me from my home jail was strickly retalitory. Which has cost my family considerable hardship. IT has cost me my top paying job, which has kept me surviving (money wise) in prison. As The DOC knows, when an inmate files suit on The superintendant he is not automatically removed (And The Super. must review all grievance appeals). I am requesting my immediate return to SCI Albion - in The mean time, I would like to keep my same inmate pay That I was receiving before This retalitory transfer which has caused all This damage.

**B.** List actions taken and staff you have contacted, before submitting this grievance.

Spoke w/ SCI Smithfield Officials who said This is why I was moved. No law clerk job available now.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator      _L H Saul for WAB_

Transfer / Mr Bryant

3-15-05

Date

**WHITE** - Facility Grievance Coordinator Copy    **CANARY** - File Copy    **PINK** - Action Return Copy    **GOLDENROD** - Inmate Copy

DC-804
Part 2

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF CORRECTIONS
### P.O. BOX 598
### CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO. | 112276

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| DeFranco, Anthony   CZ-3518 | SCI Albion | B/B 49 | 3/15/05 |

The following is a summary of my findings regarding your grievance:

Mr. DeFranco has a formal separation in place from Mr. Barr. It is felt that based on pending litigation it is in the best interest of all parties that he not be housed at SCI-Albion. No inmate has the right to determine where he or she will be housed.

Inmate was not available for signature as he is currently at SCI-Smithfield.

RESOLVED:_____DATE:_____
　　　　　　　Inmate's Signature

UNRESOLVED:_____DATE:_____
　　　　　　　　Inmate's Signature

cc:　　Original – Ms. McWilliams
　　　　Grievance Officer
　　　　Inmate
　　　　DC-15

UAB 3-29-05

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| Ronald J. Bryant, CCPM | Bryant | 3/28/05 |

APPEAL TO SUPERINTENDENT

To: Ms. Brooks, Superintendent

GRIEVANCE # 112276                                         April 7, 2005

This is an appeal of the grievance filed regarding my transfer and the reason Mr. Bryant used to uphold it. While normally, it is true that an inmate does not have an inherent right to determine where he will be housed, an inmate cannot be moved based upon filing a lawsuit, as a means to punish or show other inmates what will happen if they follow the same. They is a plethora of case law dealing with this subject. However, Mr. Barr is the person responsible for my transfer when he informed the court only recently that there were no plans on transferring me. This "formal separation", created by Mr. Barr was done because he was named a defendant in this lawsuit. There are numerous inmates still residing at Albion who actually named Mr. Barr as a defendant but were not transferred. I have been singled out and punished for asserting my rights.

If Mr. Barr feels he cannot function inside the same institution as me while litigation is pending than maybe he should not be working where he does. Lawsuits are an integral part of prison. Mr. Bryant's response is ambiguous at best. He simply states that an inmate has no right to be housed at a particular prison. But what he fails to state, if he wants to cite law, is that a prison cannot transfer an inmate based on his filing a lawsuit. That is a retaliatory action to "get back" at me. No one has stated what harm it would cause to have kept me at Albion, in my home region and not moved 240 miles away. I am requesting an immediate return to Albion; just as Mr. Barr informed the federal court.

Mr. Bryant has failed to reply to my request that I remain in the same pay I was receiving at the time of transfer. I want the same monthly pay, from the date of my transfer until this is over.

I DID NOT RECEIVE THE RESPONSE UNTIL THIS DATE AND HAVE THE MAILING ENVELOPE FROM ALEION SHOWING A POSTMARK OF 4/4/05.

ALSO THEY HAS BEEN NO RESPONSE TO GRIEVANCE #112277 (By MAJOR GIDDENS)

4/7/05

Anthony DeFranco  CZ-3518
SMI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

CC: federal Court
    file

COMMONWEALTH OF PENNSYLVANIA
Department of Corrections
State Correctional Institution at Albion
(814) 756-5778
May 10, 2005

**SUBJECT:** **APPEAL TO SUPERINTENDENT**
**GRIEVANCE #112276**

**TO:** Anthony DeFranco
CZ-3518
SCI-Smithfield

**FROM:** Marilyn S. Brooks
Superintendent

I have reviewed the original grievance and the Grievance Officer's response.

I do not find an appeal on file for 112276. However, I will allow you to be returned to SCI-Albion in resolution of the grievance.

Your transfer back to SCI-Albion will be done as a routine transfer and will be done when it can be scheduled. In anticipation of property shipment, if you are over the allowable limit and it is shipped by means other than the DOC, payment for shipping will be your responsibility.

Upon return you will be housed according to your classification.

After thorough review and evaluation, I amend the Grievance Officer's decision.

MSB/ljm

cc: Deputy Harlow
Deputy Wilkes
Mr. Bryant
Superintendent's Assistant
DC-15
File

**"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims"**

Anthony DeFranco CZ-3513
SCI-Sm field
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

Chief, Secretary's Office of Inmate Grievances
Department of Corrections
2520 Lisburn Rd., P.O. Box 598
Camp Hill, Pa. 17001-0598                                    May 8, 2005

     Re: APPEAL GRIEVANCE No. 112276

Dear Chief, this is my appeal of the above grievance. I received this date a reply
from the superintendent claiming that she did not receive my appeal but went on to
claim to have enclosed an "amendment that resolves the issue." (superintendent's
letter, enclosed, dated May 4, 2005. There was no "amendment" enclosed with this
reply so I am appealing to your Office. I have had continued trouble even receiving
replies from SCI-Albion. Please find enclosed a copy of my grievance, response, the
superintendent's reply (w/o the "amendment") and my appeal to you.

What happened to me was a retaliatory transfer. I filed a civil rights action (which
continues). From the outset I informed the Court that Albion would transfer me to
punish me for filing the lawsuit. The federal court placed a temporary restraining
order on Albion so as to keep me there. However, after the superintendent's Asst. made
a declaration that no such transfer was planned, I was transferred 8 days after the
restraining order was lifted. The reply that was given to my grievance was that Mr.
Barr (Super. Asst.) placed a formal separation in on me due to the litigation.
Although I have not received a misconduct in almost 3 years and my behavior there
was model over the almost past 3 years (and I was moved there due to my mother's health
and my good behavior). I lost my .42 per hour job and have been moved 240 miles away
from my family, who cannot see me as they want. I would like an immediate transfer
back to Albion with my job back, at the same pay rate and to be compensated for the
pay loss due to this move. It is fundamentally unfair to my family and myself to
have moved me; especially so far from my family. There is no pressing reason to
transfer me. Many inmates have lawsuit's going that do not get moved as I have.
Staff are suppose to be responsible and mature enough to litigate without personalizing
the matter. I ask that you have me returned to Albion, with my job the way it was;
and to be compensated for the loss of money. Thank you for your fairness in this
matter.

                        Sincerely,

                        Anthony DeFranco

Enclosures

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**Secretary's Office of Inmate Grievance's and Appeals**
(717) 975-4954
May 17, 2005

**SUBJECT:**  Grievance Correspondence-Grievance No. 112276(ALB)

**TO:**  Anthony DeFranco, CZ3518  c|A *16*
SCI Smithfield

**FROM:**  Secretary's Office of Inmate Grievances & Appeals

This is to acknowledge receipt of your letter to this office. Upon review of your letter, it is the decision of this office to file your letter without action. You have failed to comply with the provision(s) of the revised DC-ADM 804 effective January 3, 2005.

In accordance with the provisions of the DC-ADM 804, VI D, 1g, a proper appeal to final review must include photocopies of the Initial Grievance, Initial Review, the Appeal to the Facility Manager, and the Facility Manager's decision with amendment. The text of your appeal(s) to this office shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two pages.

Review of the record reveals that your appeal(s) is incomplete. You have failed to provide this office with the required documentation that relates to your appeal(s). You are not permitted to appeal to this office until you have complied with all procedures established in DC-ADM 804. **You have ten working days from the date of this memo to provide this office with documents needed to conduct final review. Any further correspondence from you regarding your appeal(s), which does not contain the required documents, will result in a dismissal of your appeal(s).**

/ms

cc:   Supt. Palakovich              Grievance Office
      DC-15                         Central File

*"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities to inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."*

Anthony DeFranco CZ-3518
SCI-Smithfield
P.O. Box 999, 1120 Pike St.
Huntingdon, Pa. 16652

Chief, Secretary's Office of Inmate Grievances
Department of Corrections
2520 Lisburn Rd., P.O. Box 598
Camp Hill, Pa. 17001-0598                     May 23, 2005

        Re: Grievance No. 112276 (Amendment)

Dear Chief;

Enclosed please find a copy of the Superintendent's Response (Amendment)
dated May 10, 2005.  Please be advised that while the "amendment" claims
to "resolve" this grievance, I disagree.  What was done to me was
atrocious and illegal.  Bringing me back to Albion is only step in this
matter.  I lost my prison job there; have had to pay shipping expenses;
considerable telephone bills; loss of family visitation, just to name
a few.

Thank you for your time and fairness in this matter.

                              Sincerely,

                              Anthony DeFranco

CC: enclosure