IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,            )
   Plaintiff,                )
                             ) No. CA-04-230-ERIE
   v.                        ) Magistrate Judge Baxter
                             ) District Judge Cohill
                             )
WILLIAM WOLFE, et al.,       )
   Defendants.               )

PLAINTIFF'S COUNTERSTSTATEMENT OF MATERIAL UNDISPUTED FACTS

   11. Admitted.

   12. Admitted.

   13. Denied as stated.  No family member pleaded with defendant Barr.  And the stated transfer attempt happened many months later and Barr was against plaintiff.

   14. Admitted.

   15. Unknown.  Plaintiff has insufficient knowledge & information.

   16. Denied as stated.  Plaintiff was retaliated against by staff/defendants for the misconduct of threatening the guard and advising defendant Showers of his intent to sue.

   17. Denied as stated.  Plaintiff never met Ms. Eichenlaub and unaware of her participation.

   18. Denied as stated.  Dr. Lindemuth wrote her recommendations due to her own thoughts and conclusions.

   19. Denied as stated.  Plaintiff denies making repeated requests to his counselor for z-code staffing and spoke with Dr. Lindemuth about the z-code need.

   20. Admitted only as to what the vote-sheets reflect.  The rest of the averments are denied.

   21. Admitted only to transfer petition; the exact date of the

request is in question.  See Response #20.

22. Denied.  Plaintiff denies ever being "obsessed" with Barr nor perceiving him as a physical threat.  Plaintiff stands by his allegations inside of his Complaints.

23. Admitted.  And testified to by Dr. Lindemuth that Barr had approached her; admonished about writing reports, worrying about a dangerous precedent (Hearing Trans. 12/14/04 p. 74-77).

24. Admitted that this is that stated purpose.  Denied that this is the true purpose of the grievance procedure, rather it is used as a tactical procedural default weapon which the DOC deliberately abuses to protect its employees from liability and defeat meritorious civil claims raised by prisoners.

25. Denied.  See plaintiff's summary judgment pleadings.

26. Denied.  Defendant Brooks approval was to veil the real reasoning behind the transfer.

27. Denied as stated.  The grievances were heard by other staff who found evidence to support all the favorable grievances.  Barr simply agreed with the investigating staff member.

28. Admitted as far Barr had written that on one request.  The rest of the claims are denied.

29. Denied.  Barr stated to the Magistrate Judge that there were no planned transfers during the TRO hearing, whether transcribed or not; the Magistrate Judge heard the statement as well as plaintiff.

30. Denied.  Only Mr. Skendall made the cell move.

31. Denied.  Plaintiff's mental and physical health was severally compromised due to the forced double celling.  Even the Prison's Health Care Administrator stated: "...There has been no changes in his physical

condition, other than the angina, which is what he takes Nitroglycercin for and the Lopressor..." (10/22/04 Trans. p. 14).

32. Denied as stated. Nitroglycerin is only prescribed for angina (not anxiety). Plaintiff suffers from real angina. This was further confirmed by Ms. Rebele, stating: "Right. Anyone with a heart condition such as Mr. DeFranco, if God forbid, he does have a heart attack, its much easier and quicker to get help when you have a roommate to summon help." (10/22/04 Trans. p.7). This testimony is very telling in comparison to later testimony and Dr. Baker's slanted declaration proclaiming plaintiff's heart condition to be minor. Moreover, as stated, Nitroglycerin is prescribed for angina, not anxiety unrelated to heart/chest pain. See PDR on Nitroglycercin uses.

34. Denied as stated. Further, plaintiff has not been provided with the stress test results nor the 1996 Echocardiogram result.

35. Unknown. See Response #15.

36. Unknown. See Response #15.

37. See Response #35; Dr. Baker may have signed a declaration for the defendants but what his actual beliefs are, uncertain. Certainly his statements are conflicting in, on one hand plaintiff has a "minor" heart condition, but on the other, he worries that if there is a problem while plaintiff is sleeping a roommate could get help. He states that if the inmate has serious medical condition relevant to his classification he would inform staff involved in the Z-code review. States plaintiff has no such condition. But goes on to state he recommends a cellmate due to a minor heart condition; which is in itself a recommendation (Def.s Ex. 7).

38. Same as Response #35. Plaintiff keeps receiving conflicting

3.

information from the psychology department.

39. Denied as stated. Plaintiff has had a long history of mental illness, including a diagnoses by Dr. Pizzat from 1986 stating a Mixed Personality Disorder with the feature of the Borderline and Paranoid. Further, plaintiff has had other long standing mental illnesses. Also, defendant Bunner wrote in her second interrogatories (Def.s Ex. 9) that plaintiff was diagnosed with having Agoraphobia in 2001-2.

39. Denied. See answer 38, above.

40. Admitted.

41. Denied as stated. Dr. Lindemuth was testifying under pressure and later gave a corrective declaration dated 10/2/05. (Doc.#128).

42. Denied as stated. See response above, #4$.

43. Denied. Dr. Lindemuth was pressured to testify a certain way. Evidence of that is her testimony and the fact that during the hearing on 12/17/04, in regards to Judge Baxter's question, would she have written her reports to be used for a Federal Court Hearing, Dr. Lindemuth stated she would not. (12/17/04 Trans. p.30); however, Dr. Lindemuth gave a subsequent Declaration on 10/2/05, stating plaintiff does need a z-code and is or was being irreparably harmed by double celling. (See, Doc.#128, Dr. Lindemuth Declaration). This is quite telling as the Doctor had pressure from no one while signing this as she was no longer employed by the DOC.

44. Plaintiff is without sufficient knowledge or information to admit or deny therefore it is denied. Dr. Lindemuth testified that she is not consulted and that mental health is not a criteria (12/17/04 hearing transcripts).

4.

45. See Response #44.  More information needed.

46. See Response #44.  No information provided to plaintiff.

47. See Response #44.  See above response #46.

48. See Response #44.  Unknown and denied.  Not enough information known to plaintiff.  Further, Dr. Lindemuth and defendant Reilly gave conflicting testimony.  Dr. Lindemuth stated mental health is not a z-code criteria at our facility (12/17/04 Trans. page 31); compared to defendant Reilly's answers to interrogatories, where he states the psychiatrist is involved and that mental health is a criteria (Def.'s Ex. 11 ¶8); states that the PRT meets every 120 days, which consists of the psychiatrist, mental heath coordinator, chief psychologist (him), U.M. and counselor.

49. See Response to #44.

50. Denied.  See Dr. Lindemuth's testimony (12/17/04 trans. p.31).

51. Denied.  See Response #50.

52. Denied.  Not medically qualified.

53. See Response #44.

54. Admitted.

55. Admitted only to staffing.  Denied statement, See Response #28.

56. Denied as to ongoing medical care.  Plaintiff stands by his Complaints filed in this case.  He still works in the library.

57. Denied as stated.  Plaintiff, on several occasions expressed his mental anguish with living with another person.  Never asked how she would vote as Ms. Webb agreed that plaintiff should not have lost his z-code in 2002.

58. See Response #44.

5.

59. Denied.  Never did Ms. Eichenlaub met with plaintiff. Defendant Reilly has given self conflicting interrogatories about this.

60. See Response #44.  Plaintiff has not seen this.

61. Denied.  Further, which z-code staffing?

62. Admitted.

63. Admitted.

64. Denied as stated.  Plaintiff received some treatment but denied other---reflected in his Complaints.

65. Denied.  Plaintiff filed numerous grievances, some of which were notarized.  The z-code grievances went unresponded to, making any "appeal" to them impossible.  Thus, the grievance system was made unavailable to him.  Further, Ms. Pollock's Declaration is false as it states plaintiff never filed any grievance (since 1995) through final review (Def.'s Ex. 13 ¶7(a)).

Date: 8/7/06

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First
Class Mail to the Attorney
General's Office, 564 Forbes Ave.,
Pittsburgh, Pa. 15219, this date.

6.