IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | |
| Plaintiff, | Case No. 04-230-E |
| vs. | MAGISTRATE JUDGE BAXTER |
| WILLIAM WOLFE, et al., | DISTIRCT JUDGE COHILL |
| Defendants. | |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT FOR RULE 56(f) CONTINUANCE**

Plaintiff incorporates by reference the Motion For Rule 56(f) Continuance as if fully stated herein:

I, Anthony DeFranco, make the following Declaration under penalty of perjury:

1. The defendants have filed a cross motion for complete summary judgment. I am unable to effectively, meaningfully and completely respond to said motion as I am still in the discovery stage of the proceedings and need vital discovery.

2. For example, I have outstanding interrogatories and many others to yet file. I have been filing discovey requests from the very beginning; and have encountered countless hurdles placed by the defendants regarding discovery.

3. The defendants claim in summary judgment is that I did not meet the z-code criteria; evidence needed will show that I did and that they were deliberately indifferent. The Court has

Case 1:04-cv-00230-MBC   Document 211   Filed 08/11/2006   Page 2 of 4

held in abeyance, my motion to compel the z-code policy release. This is a vital piece of evidence and one that I need to show the defendants were deliberately indifferent to my medical needs. Of relevance is the fact that DOC staff have given conflicting testimony regarding the z-code policy and if mental health is even a criteria. This has been raised in my many pleadings. Again, while the Chief Psychologist recommended and I received the z-code in 2000, "due to high levels of stress", when the defendants removed it in 2002, they claim that high levels of stress due to not meet the z-code criteria (see z-code vote sheets). Also, I was given a formal z-code at SCI Smithfield in 2005 due to "mental health" and a "PRT" (Psychiatric Review Team) meeting reviewing my case and history. This z-code policy is material to the case. The removal of this z-code harmed my heart condition and it was done as a retatiatory measure based upon the alleged threatening of the guard and my conversation to defendant Showers regarding my intent to sue the DOC and his threat about how I would see how the DOC reacts to inmates who sue. Moreover, the psychologist who voted to remove it never met with me and there is conflicting evidence about this that discovery will unavil. Also, defednant Reilly had been my treating psychologist for years and he should had been the psychologist who voted and reviewed my z-code, not some other person I never met. Which constitues medical deliberate indifference.

4. The Court has also held a motion to compel and sanction against defendant Brooks for not answering interrogatories in abeyance. These interrogatories will show that I was only prescribed heart medications after being forced to double cell and refute the defendants claim that I suffered no harm. It will also show the times of prescription which helps in proving the claims.

5. Additionally, I have sent out subpoena's to Dr. Pulmuller, the head psychiatrist, requesting him to write out what his notes specifically state; as the Court will recall, his

Affidavit in Support of Rule 56(f) - 2

handwriting was not legible (except that we could read the words 'double celled'). This is also *material* to my case and supports the z-code need, and wrongful removal. Indeed, a medical need. For example, his notes read, in part, 'Anger, Impulsivity & Panic'. The notes also stated 'double celled'. This document, in its legible form, is essential to this case and will show that the DOC's head psychiatrist knew I required z-code status.

6. I am also awaiting the answering of a subpoena to SCI Albion's Medical Custodian to release the echocardigram results and stress test results as stated by Mark Baker, D.O. in his Declaration. While he made references to these reports, he failed to submit them as proof. These test results will refute Mark Baker, D.O. claims of my having only a minor heart condition. The defendants claims I have atypical angina and my my chest pain is not cardiac related; there is evidence stating otherwise. That is why the defendants did not produce my Stress Test results or prior Echocardiogram results. They further state that anxiety I experience does not effect my angina, while I have some evidence saying it does and am in the process of gaining additional evidence to support this.

7. In addition to this, I and my family are consulting with other doctor's, and specifically, a possible cardiologist, to render an opinion based upon my records. This will prove the harm caused to my pre-existing heart condition by the defendants. Further, I am trying to locate my prior heart test results to submit them as proof of my condition. All of this is needed to combat summary judgment, refuting the DOC's claims.

8. The Court has not ruled on the discovery, motion to compel regarding the the release of the emploee roster, that is, staff who were working on March 7, 2005, during the second shift. This will list witnesses who can confirm that the defendants do see me as atypical and took

atypical steps on that specific date. Also, the block file will show my behavior as the guards noted.

9. The D/A staff sign in log for September, 2002, will prove that defendant Wolfe was present; that I did have a converstaion with him alerting him to my need of z-code and the doctors recommendation. His concern was "space" as is reflected by my evidence. The defendants claim that Wolfe was not apart of this and should be taken off of the complaint. However, the stated evidence needed will show otherwise.

10. I have plans on taking depositons on a number of people. However, in order for me to completely make a decision, I am in need of more discovery as it pertains to the medical deliberate indifference claim. As the Court is aware, I am a pro se prisoner and should be given the benefit in the fundamental fairness of justice. I am also in the process of communicating with a lawyer who may take on this case from this point forward. I ask that the Court read my affidavit liberally and allow me to fully develop a complete record so I can properly and reasonably respond to the summary judgment.

Signed pursuant to 28 U.S.C. §1746.          Respectfully submitted,

Date: 8/9/06

*Anthony DeFranco* (signature)

**Anthony DeFranco**

**Certificate of Service**
Service was made by US First Class Mail
this date to Attorney General's Office 564
Forbes Ave., Pgh. Pa. 15219.