IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>SUPERINTENDENT WILLIAM WOLF; )<br>STEVE REILLY; DENESE BRUNNER; )<br>MANAGER ROD SHOWERS; CASE )<br>MANAGER JUDY JACKSON; )<br>DR. JOHN DOE;  JANE DOE; )<br>JEFFREY BEARD; ASSIST. SUPER. )<br>WILLIAM BARR;   MARILYN )<br>BROOKS, )<br>Defendants. ) | Civil Action No. 04-230-ERIE<br><br>Judge Maurice B. Cohill, Jr.<br>Mag. Judge Susan P. Baxter |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR A RULE 56(f) CONTINUANCE

AND NOW, come the defendants, Superintendent William Wolfe, Steve Reilly, Denise Bunner (incorrectly identified as Denese Brunner), Unit Manager Rod Showers, Case Mgr.—GECAC Judy Jackson, Jeffrey Beard, Assistant to the Superintendent William Barr, and Marilyn Brooks (incorrectly identified as "Mariland"), by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submit the following Response to Plaintiff's Motion for a Rule 56(f) continuance (Doc. #210):

1.  Plaintiff claims that he requires substantial additional discovery in order to respond to defendants' cross motion for summary judgment on the issue of deliberate indifference.

2.  There currently is no discovery deadline in place.  However, in light of the dispositive motions before the Court, defendants respectfully request that the Court impose a

discovery deadline in the near future, so that there can be a definite end to the ongoing abusive and burdensome discovery requests by plaintiff.

      3.      It is unclear at this point what "additional" discovery plaintiff could possibly seek. He has been given unprecedented access to his DC-15 and medical and psychological records. Starting in early 2006, he has submitted at least 18 sets of interrogatories (6 First Sets, 8 Second Sets, and 4 Third Sets) and 3 requests for production to the various defendants. He has filed numerous motions to compel and has been warned by this Court and by Judge Cohill to cease filing further frivolous motions. Nonetheless, the Motion to Compel answers to interrogatories he recently filed (#194), which is scheduled for hearing on August 24, 2006, is exactly that – another frivolous motion.[1] Finally, it appears that he recently started sending out subpoenas to DOC personnel who are not parties without advance notice to defendants' counsel, in clear violation of Rule 45(b) (see Doc. # 212 and 213).

      4.      This case was filed in August 2004. For the past many months, if not years, plaintiff has devoted his time and effort to filing frivolous motions, instead of evaluating his claims. He has seen his voluminous medical records and had the opportunity to copy them but only selected a few pages. He has seen his echocardiogram reports showing only slight, if any, regurgitation (in fact a copy was attached to Dr. Baker's affidavit). He simply refuses to accept what the records reflect and disagrees with what the defendants have said in response to his multiple, repetitive questions.

      5.      While defendants reserve the right to raise objections to any further discovery sought by plaintiff, it should be noted that the anticipated discovery to which he alludes (physician reports and depositions, etc., to contradict Dr. Baker) would not be relevant to his

---

[1] Again, he claims that defendants were late in responding, when in fact, they had advised plaintiff that they never received the interrogatories in dispute. Moreover, once additional copies were provided, those interrogatories were answered on a timely basis. (see defendants' response to the motion to compel, Doc. #195)

claims. Assuming for the sake of argument that plaintiff could produce different medical opinions about his heart condition or other issues, disagreement over medical diagnoses and treatment does not establish deliberate indifference under the law. It is clear that "[m]ere disagreement as to the proper medical treatment does not support a claim of an Eighth Amendment violation; courts will defer to medical judgments of the propriety of treatment." McCabe v. Prison Health Services, 117 F.Supp.2d 443, 450 (E.D.Pa. 1997). See also Cropps v. Chester County Prison, 2001 WL 45762 (E.D.Pa. 2001)(holding that a claim cannot rest on "the prisoner's dissatisfaction with the medical care he has received").

6. Moreover, the issue here is not mistreatment or malpractice (if that were the case, the parties would not be in this court). Rather, plaintiff must show that the named defendants were deliberately indifferent in connection with the Z-Code voting, as set forth in defendants' Cross Motion for Summary Judgment. Even if plaintiff could produce some physician to contradict Dr. Baker and the specialists who evaluated his echocardiogram results in the 1990's and in 2004, how could that "dispute" possibly be attributable to the non-medical defendants in 2002 and 2004, so as to suggest deliberate indifference on their parts when voting on his Z-code request? Clearly, further discovery in that direction would not lead to the discovery of admissible evidence.[2]

7. In light of the foregoing, defendants request that this Court close discovery and require plaintiff to respond to defendants' cross motion within a limited period of time (45 days is suggested). Defendants further request that this Court require plaintiff to seek leave of court prior to submitting any further discovery, identifying what is being sought and why.

---

[2] It also bears repeating that plaintiff has no right to court payment of depositions or experts. According to *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), indigent plaintiffs still must pay for the necessary expenses of suit.

4

WHEREFORE, defendants request that plaintiff's Motion for Rule 56(f) Continuance be denied, and that the Court enter an Order closing discovery and imposing the limitations requested above.

                                      Respectfully submitted:

                                      Thomas W. Corbett, Jr.
                                      Attorney General

By:    /s/ Mary Lynch Friedline_____
         MARY LYNCH FRIEDLINE
         Senior Deputy Attorney General
         Attorney I.D. No. 47046
         Susan J. Forney
         Chief Deputy Attorney General
         Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date:   August 11, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2006, I electronically filed the foregoing *Response to Motion Rule 56(f) continuance  (#210)* with the Clerk of Court using the CM/ECF system.  This document will be mailed via U.S. mail to the following non CM/ECF participants:

Anthony DeFranco, CZ-3518
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

                         By:    /s/  Mary Lynch Friedline
                                   MARY LYNCH FRIEDLINE
                                   Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219