IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

'06 AUG 23 P12:32

CLERK
U.S. DISTRICT COURT

ANTHONY DeFRANCO,
   Plaintiff,

V.

WILLIAM WOLFE, et al.,
   Defendants.

: No. 04-230-E
: Magistrate Judge Baxter
: District Judge Cohill
:
:
:

## MOTION TO COMPEL RESPONSE TO SUBPOENA

AND NOW, comes plaintiff, respectfully requesting this Court to issue an Order upon the defendants Records Custodian to turn over the copies of his Stress Test Results and Echocardiogram results and in support avers:

1. Plaintiff has directed a subpoena upon the medical records custodian at SCI Albion to produce a copy of his Stress Test Results and Echocardiogram Results from 1997 and 1996, respectively.

2. These test results became relevant in a number of ways. The most recent is the sworn delcaration of Albion's doctor, Mark Baker, D.O., where he stated that these results showed no signs of mitra valve prolapse or other significant problems. Plaintiff avers that his recollection is that they do and that is why Mark Barker, D.O. did not produce a copy of same with his August 1, 2006 declaration (Def.'s S.J.M., Ex. "7").

3. Attached hereto is a copy of the subpoena plaintiff mailed Maxine Overton, Medical Records Custodian at Albion directing the production of these documents. She has failed to comply with the subpoena request.

1

4. Plaintiff did mail defendants counsel a copy of said subpoena and letter on the same date he mailed Ms. Overton the instant subpoena. Pursuant to Rule 45.

WHEREFORE, plaintiff prays this Honorable Court will issue an Order directing Maxine Overton to produce a copy of the requested documents forthwith.

Date: 8/19/06

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by U.S. First
Mail to Attorney General at
564 Forbes Ave., Pgh. Pa. 15219, this date

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

WESTERN  DISTRICT OF  PENNSYLVANIA

ANTHONY DeFRANCO
V.
WILLIAM WOLFE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-230-E

TO: Maxine Overton, SCI Albion
Medical Custodian

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one days attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Please produce the Stress Test Results done on plaintiff in 1997, as described by Dr. Baker in his Declaration, but failed to produce as proof. And the 1996 Echo Test results.

| PLACE | DATE AND TIME |
|---|---|
| Anthony DeFranco at SCI Albion | within 14 days |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | August 3, 2006 | State Correctional Inst. @ Albion |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Maxine Overton, Director | U.S. First Class Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Anthony DeFranco | Plaintiff |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   8/3/06
DATE

SIGNATURE OF SERVER

10745 Route 18
ADDRESS OF SERVER

Albion, Pa. 16475-0002

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:
(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.