IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,                )
    Plaintiff,                   ( CA-04-230-ERIE
                                 ) Magistrate Judge Baxter
        v.                       ) District Judge Cohill
                                 )
WILLIAM WOLFE, et al.            )
    Defendants.                  

FILED
'06 AUG 29 A10:55
CLERK
U.S. DISTRICT COURT

### APPEAL OF MAGISTRATE JUDGE'S ORDER

To: The Honorable Maurice B. Cohill, Jr.

AND NOW, comes plaintiff, who brings forth the following appeal of the Magistrate Judge's oral Order, issued August 24, 2006, and sets forth as follows:

1. There was a telephonic hearing held in this matter on August 24, 2006, involving plaintiff's outstanding motions to compel discovery.

2. During this hearing, the Magistrate issued an Order that plaintiff is "forbidden" to file any further motion to compel requests (See, Trans. 8/24/06).

3. The Magistrate further set a discovery deadline for September 15, 2006. The Magistrate set this deadline despite the fact that plaintiff has outstanding discovery pending.

4. While the Magistrate did grant "one" of plaintiff's discovery request (compelling the DOC head doctor to decipher a paragraph of progress report) the Judge denied every other request.

5. Plaintiff had filed a motion for continuance under Rule 56(f) and affidavit in support (Doc.# 210-211), asking that his summary judgment response be continued until he received all discovery, giving him a fair chance to combat summary judgment.

6. Plaintiff submits that the Magistrate's Order is in error and

is fundamentally unfair for a number of reasons. First, as this Court is aware, a party responding to a summary judgment motion has thirty (30) days in which to do so. If the Order stands as orally issued, plaintiff would only be given 22 days to respond. Further, as stated supra, the Magistrate set the discovery deadline for September 15, 2006; plaintiff submits that he should be given 30 days to respond to summary judgment <u>after</u> the close of discovery so that he can fairly and completely respond to summary judgment. Plaintiff asks that his summary judgment response be due on or before October 14, 2006, giving him the full 30 days to reply after the discovery deadline.

7. Further, the Magistrate Judge's Order, "forbidding" any further motion to compel by plaintiff is legally in error. Due to the fact that discovery is still on-going until at least September 15, 2006, if the defendants fail to respond or file any wrongful discovery, plaintiff would be without legal redress and waive appellate review. Plaintiff, in the event the defendants fail to comply with discovery, should be allowed (legally) to file a motion to compel and not be banned by the Magistrate's out of hand Order "forbidding" it.

8. Plaintiff is asking this Court to vacate the Magistrate's Order and allow him to file his summary judgment response the standard 30 days, consistent with the Rules. Further, plaintiff asks that if the defendants fail to comply with discovery that he be allowed to file any necessary motion to compel, which would preserve any possible appellate review.

WHEREFORE, plaintiff prays this Honorable Court will give him 30 days after the close of discovery to respond to summary judgment, so that he can fairly combat summary judgment; giving him until October

14, 2006 to file his response. And that he be allowed to file a motion to compel if the defendants fail to comply with discovery.

Respectfully submitted,

Date: 8/25/06

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First
Class Mail to the Attorney
General's Office, 564 Forbes Ave.,
Pittsburgh, Pa. 15219, this date.

3.