IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,         )
Plaintiff,                ( CA-04-230-ERIE
                          ) Magistrate Judge Baxter
v.                        ) District Judge Cohill
                          )
WILLIAM WOLFE, et al.,    )
Defendants.

**SCANNED**

## MOTION TO DEPOSE WITNESS OR REDACT DECLARATION

AND NOW, comes plaintiff, respectfully requesting this Court to Order the deposing of Dr. E. Polmueller or for the Court to redact portions of his Declaration (Doc.#224), and in support avers:

1. As this Court is aware, since the October 2004 TRO hearing, Dr. Polmueller's "progress notes" done on plaintiff have been at issue since they were, for the most part, unlegible.

2. The defendants have had almost two (2) years to seek out and receive Dr. Polmueller's declaration, but failed to take any action.

3. Plaintiff sent Dr. Polmueller a subpoena in June of 2006 asking him for the transcription of these progress notes. Since the doctor and defendants failed to respond, plaintiff filed a motion to compel with this Court.

4. On August 24, 2006, after the defendants had filed their summary judgment motion, this Court held a hearing and granted plaintiff's request, ordering Dr. Polmueller to transcribe his progress notes, consistent with plaintiff's request.

5. While the defendants complied with this Court's Order and the doctor's transcription of his notes were done, the defendants took this opportunity to have their doctor make "comments" that were not requested by plaintiff nor Ordered by this Court. The unrequested

comment section of the doctor's declaration was clearly written for the defendants (after all, this doctor is the head psychiatrist for the department of corrections).

6. Plaintiff objects to the defendants request to use this declaration as their exhibit "14" (Doc.#224), as it pertains to the doctors "comments".

7. It is obvious that the comments were put in place to aid the defendants in summary judgment. The doctor is the defendants head psychiatrist and they have had more than ample opportunity to seek a declaration from him. Because plaintiff did not request these comments in the declaration, and they were not so Order by this Court, plaintiff is asking the Court to Order the defendants allow plaintiff to depose the doctor. The doctor only made comments about subjects that would help the defendants. Of great relevance is the first sentence in his progress notes where he writes in regards to plaintiff, "Anger and Impulsivity"; he purposely failed to make comment on these specific assessment of plaintiff. Also, while the doctor attributes the "double celled" notation as something plaintiff told him (not meant as a recommendation or endorsement of single cell by him), why did the doctor feel compelled to write it when obviously plaintiff said many more words than those.

8. Alternatively, plaintiff requests the Court to redact the doctor's comment section of his declaration, from ¶ 3. down. It would be up to the defendants and plaintiff to raise argument about what the notes stand for.

9. Plaintiff would ask the Court to offer some reasonable means for plaintiff to ask this doctor questions regarding this declaration

2.

3.

as a fair means to address the issue. Plaintiff submits that it is unfair to allow the defendants to draft this declaration in this fashion when the transcription of Dr. Polmueller's notes were Order based upon plaintiff's request. The declaration is slanted and very much incomplete; leaving more questions than answers.

WHEREFORE, plaintiff prays this Honorable Court will Order the deposing of Dr. Polmueller regarding the declaration he gave; or redact the declaration from ¶ 3. down (the comment section); or offer some other means to have the doctor clarify his responses and lack of responses.

Date: 9/14/06

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First
Class Mail to the Attorney
General's Office, 564 Forbes Ave.,
Pittsburgh, Pa. 15219, this date.