IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

FILED

'06 OCT 18 A10:33

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ANTHONY DeFRANCO, | |
| Plaintiff, | Case No. C.A. 04-230-E |
| vs. | MAGISTRATE JUDGE BAXTER |
| WILLIAM WOLFE, et al., | DISTIRCT JUDGE COHILL |
| Defendants. | |

## MOTION FOR SANCTIONS

AND NOW, comes plaintiff, Anthony DeFranco, respectfully requesting this Honorable Court to impose sanctions upon the defendants, and in support:

1. Plaintiff brings this motion for sanctions as he has no other avenue for relief and to preserve his appellate rights, should an appeal become necessary.

2. Attached hereto are the interrogatories and answers by defendant Beard. As the Court can see, defendant Beard has failed to answer questions 3-6. The questions are regarding the z-code policy that he himself placed into action via Policy 6.5.3. Plaintiff would ask the Court to read his questions 3, 4, 5 and 6 and defendant Beard's answers. They are clearly evasive and amount to no answer at all. Plaintiff asks the Court to Order defendant Beard to answer these interrogatories in full.

1

3. The defendants have purposely filed this non-responsive pleading due to this Court's August 24, 2006 Order, that would preclude the Court from sanctioning the defendants for non-compliance or filing incomplete or untruthful answers.

4. Plaintiff further moves for sanctions for the above described and supported non-compliance of his interrogatoies.

5. Additionally, defendant Beard has committed perjury in his answers to these interrogatoires. Specifically, plaintiff asked Beard two (2) separate and distinct questions about the z-code criteria relating to "his" policy. Beard replied that 1) the z-code (double celling) "policy" is confidential and priviledge (while plaintiff asked if the "policy" was accessible to inmates). Then plaintiff asked, 2) if the "procedures manual to the policy" was accessible to inmates. Beard answered "No", that neither is accessible to inmates and that both were privilegded and confidential. Attached hereto, marked Exhibit "A" is a copy of the z-code "policy" that clearly states that the policy is accessible to the general public and inmates on request (See, Ex. "A"). This policy was signed into action by Beard himself.

6. Based upon this, it is clear that Beard has committed perjury and it is asked the defendants now be sanction by this Court.

7. Plaintiff asks this Honorable Court to impose sanctions upon the defendants for defendant Beard's perjured answers to interrogatories as outlined, *supra*. See Ex. "A", attached. Plaintiff clearly asked Beard about the "policy" for z-code (single cell) and the "manual for the policy", in questions 1 and 2. They were clearly distinguishable. He answered that *both* are confidentail and priviledged. However, as this Court can see by reading the "policy" itself, it

clearly states that it is accessible to inmates and the general public. (Ex. "A", Section IX., Release of Information).

8. Also of note is the fact that when plaintiff requested that the defendants produce the z-code "policy" through discovery they successfully prevented him from obtaining this policy through the same assertion that the policy was privileged (Doc. #162 and the Court's Order of August 24, 2006, agreeing with the defendants that this policy was privileged). The defendants argued to this Court, successfully, that the "policy" was confidential when it was a blatant false claim designed to deny plaintiff relevant discovery.

9. Plaintiff asks this Honorable Court to impose sanctions upon the defendants for the above and issue an Order directing Beard to answers these interrogatories in full.

WHEREFORE, plaintiff prays this Honorable Court will impose Sanctions for Beard's perjured testimony and Order the defendants to answer the interrogatories fully. Plaintiff further asks that this Court be provided with the DOC policy and procedural manual to the policy so it may properly view it while considering summary judgment.

Signed pursuant to 28 U.S.C. §1746.

Date: 10/15/06

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by US First Class Mail this date to Attorney General's Office 564 Forbes Ave., Pgh. Pa. 15219.

3