# EXHIBIT "A"

Case 1:04-cv-00230-MBC   Document 232-2   Filed 10/18/2006   Page 1 of 10



**POLICY STATEMENT**
Commonwealth of Pennsylvania • Department of Corrections

| Policy Subject: | Policy Number: |
|---|---|
| Single Celling ("Z" Code) and Double Celling Housing Policy | 6.5.3 |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| April 10, 2001 | *[signature]*<br>Jeffrey A. Beard, Ph.D. | May 3, 2001 |

## I. AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§ 61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177 No. 175, as amended.

## II. PURPOSE

To establish guidelines and procedures to single or double cell inmates.

## III. APPLICABILITY

The guidelines, policies and procedures contained herein are applicable to all facilities under the jurisdiction of the Department of Corrections.

## IV. DEFINITIONS

    A. Department

        The Pennsylvania Department of Corrections.

        All other pertinent definitions regarding this policy are contained in the procedure manual for this policy.

## V. POLICY

All inmates, upon initial reception into the Department and upon any subsequent transfers to other facilities, will be evaluated for appropriate housing status. Each inmate will be evaluated to determine if there are medical, mental health, victimization, behavioral problems, etc., which indicate that single-cell housing is necessary. Assignments must be based upon documented behavior of an inmate in a facility or similar setting, or upon staff's evaluation of the inmate and review of available information. The Department does not make housing assignments based solely on race.

## VI. PROCEDURES

All pertinent procedures and/or terms are contained in the confidential procedure manual for this policy.

## VII. SUSPENSION DURING AN EMERGENCY

In an emergency or extended disruption of normal facility operation, the Secretary, or designee may suspend any provision or section of this policy, for a specific period.

## VIII. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility so as to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

## IX. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

#### 1. Policy

This policy document is public information and may be released to members of the public, staff, legislative, judicial, law enforcement and correctional agencies and/or inmates upon request.

#### 2. Procedure Manual (if applicable)

The procedure manual for this policy is <u>not public information</u> and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee. This manual or parts thereof, may be released to any Department of Corrections employee on an as-needed basis.

### B. Distribution of Policy

#### 1. General Distribution

The Department of Corrections' policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections or designee.

#### 2. Distribution to Staff

It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

# EXHIBIT "B"

Case 1:04-cv-00230-MBC    Document 232-2    Filed 10/18/2006    Page 4 of 10

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,
    Plaintiff,  : No. 04-230-E
: Magistrate Judge Baxter
V.  : District Judge Cohill
:
WILLIAM WOLFE, et al.,  :
    Defendants.  :

DEFENDANT'S RESPONSE TO
**PLAINTIFF'S THIRD INTERROGATORIES TO
DEFENDANT JEFFREY BEARD, SECRETARY**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, plaintiff requests that defendant answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on the plaintiff within 30 days.

If you cannot answer the following interrogatoires in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifing your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions. These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materalizes.

    1. Plaintiff has been denied all access to any of the single cell (z-code) policy; is the policy accessible to inmates? if not why?

ANSWER:    SEE ATTACHED SHEET FOR RESPONSES.


    2. As stated above, plaintiff has been denied the z-code policy; is the procedure manual to the policy accessible to inmates? if not why?

ANSWER:


    3. Is an inmate who is deemed dangerous to others and/or himself by staff (psychology/psychiatry) considered for z-code? Please explain completely;

ANSWER:


    4. Are inmates with certain medical conditions such as heart conditions, infectious diseases, etc. considered for z-code?

ANSWER:

1

5. Would an inmate such as plaintiff who has a heart condition coupled with a psychiatric history; showing an inability to double cell due to the interplay between both mental and physical health be eligible for z-code?

ANSWER:

6. Are high levels of stress considered z-code eligible?

ANSWER:

Date:

Sent by U.S. Mail by plaintiff on 5/15/06

Jeffrey Beard, Secretary

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DEFRANCO,                )
                                 )
        Plaintiff,                )
                                 )
            v.                   )   C.A. No. 04-230 E
                                 )
WILLIAM WOLFE, ET AL.,           )

### DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD INTERROGATORIES TO DEFENDANT JEFFREY BEARD, SECRETARY

1. No, this policy is privileged and confidential; information contained within the policy/procedures could be used by the plaintiff to manipulate his treatment program. Further, the Court rejected plaintiff's request for this policy in a Hearing on August 24, 2006.

2. No, see response provided in number 1 above.

3. This is not a decision made by the responding defendant. In addition, see Defendants' Motion for Summary Judgment and attached documents.

4. This is not a decision made by the responding defendant. In addition, see Defendants' Motion for Summary Judgment and attached documents.

5. This is not a decision made by the responding defendant. In addition, see Defendants' Motion for Summary Judgment and attached documents.

6. This is not a decision made by the responding defendant. In addition, see Defendants' Motion for Summary Judgment and attached documents.

                                    Respectfully submitted,

                                    THOMAS W. CORBETT, JR.
                                    Attorney General

| | |
|---|---|
| Office of Attorney General | Mary L. Friedline |
| 6th Floor, Manor Complex | Senior Deputy Attorney General |
| 564 Forbes Ave. | Attorney I.D. No. 47046 |
| Pittsburgh, PA 15219 | |
| Phone: (412) 565-3520 | Susan J. Forney |
| Fax:    (412) 565-3019 | Chief Deputy Attorney General |

Date: September 14, 2006

## VERIFICATION

I, Jeffrey Beard, hereby state that the foregoing answers to Plaintiff DeFranco's Third Set of Interrogatories to Defendant Jeffrey Beard are true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Date: 9/14/2006

Jeffrey A. Beard, Ph.D.
Secretary

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

*Defendant's Response to Plaintiff's Third Interrogatories to Defendant Jeffrey Beard*

was served upon the following, by first-class mail this September 14, 2006.

Anthony DeFranco, CZ-3518
State Correctional Institution
At Albion
10745 Route 18
Albion, PA  16475

*(signature)*
MARY L. FRIEDLINE
Senior Deputy Attorney General