IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>    Plaintiff, | :<br>: No. 04-230-E<br>: Magistrate Judge Baxter |
| V. | : District Judge Cohill<br>: |
| WILLIAM WOLFE, et al.,<br>    Defendants. | :<br>: |

### PLAINTIFF'S MOTION FOR ORDER TO RELEASE
### HIS COPIED FILES AT HIS OWN EXPENSE

AND NOW, comes plaintiff, respectfully requesting this Honorable Court to issue an Order directing the defendants to turn over his copied pages of his file at his own expense and in support avers:

1. During discovery plaintiff requested inspection and copying of his inmate and medical files. While the defendants allowed his inspection of some of these items, at the time of inspecting the files, the agents acting on the behalf of the defendants requested plaintiff to sign a cash slip, which stated, *inter alia*, a enormous search and retrieval cost of some twenty dollars for the medical file alone, plus over one dollar per page, per copy. Plaintiff objected to that and refused to sign the cash slip.

2. At any rate, the selected pages that plaintiff requested were tabbed and sent to the Attorney General's Office for re-copying and "approval".

3. Plaintiff next received a letter in the mail from the Attorney General's Office indicating that they have agreed only to release a select portion of the copied pages and directed plaintiff to pay the defendants more than 54 dollars for 25 pages of the files he selected. Plaintiff again objected to that and so his copied pages have been held by the defendants.

1

4. Plaintiff advised the defendants (and the Court) of this and his objections; it is fundamentally unfair that the defendants can with-hold relevant discovery material of an indigent litigant unless or until he pays an enormous search and retrieval fee imposed by the Department of Corrections. While the defendants do have a "policy" in place, this so-called policy should not be imposed upon indigent, pro se litigants, who need the material for a lawsuit against the same defendants. It creates a conflict of interest.

5. Plaintiff has no problem paying for copies at his **own expense** but objects to the search and retrieval fees attempted to be levied by the defendants as a means to stop him from receiving needed discovery.

6. While plaintiff has further attempted to resolve this matter informally with Attorney Friedline, by mailing her a copy of a request slip where the Department of Corrections had agreed to provide another inmate suing the DOC, needing these same materials, for the fair cost of .10 cents per page. This inmate is Ryan Kerwin (See, Request Response, attached, Ex. "A").

7. Attorney Friedline responded to plaintiff by letter dated October 17, 2006, stating that plaintiff did not object to the search and retrieval fees back in April or May (which certainly is contradicted by the mere fact that plaintiff has not signed the cash slip back then or now) and the letter further states that inmate Kerwin's issues are quite different than plaintiff's. Inmate Kerwin is suing the DOC, as is plaintiff; inmate Kerwin objected to being charged the extra fees associated with the copying of his medical file and the defendants agreed to provide same with the normal .10 cent per page cost. See Attorney Friedline's Letter, attached, Ex. "B".

8. These copied pages from plaintiff's file, were already completed and in fact, "re-copied" by the Attorney General's Office and mailed back to SCI Albion. That should also be a basis to waive these extra fees. Moreover, the complete selected pages were redacted by the

Attorney General's Office, leaving plaintiff with just scant pages of his selected copies, pages the defendants wanted him to have. This also should serve as a further basis to grant plaintiff these copies at the normal .10 cents per page.

9. Plaintiff has a "copy card" and would be able to make his own copies, at his own expense, which would cost him .10 cents per page by utilizing his copy card. Plaintiff has no problem of paying for these copies at his own expense, just not the extra search and retrieval fees that he cannot afford.

10. If the defendants would request documents from a plaintiff, would he be permitted to charge a search and retrieval fee that would be equal to the percentage of money that the Attorney General makes compared to that of a prisoner? *e.g.*, if the Attorney General made a yearly income of the modest rate of $50,000.00 dollars a year compared to the average inmate who makes approx. $150.00 dollars per year, if the inmate was charged fifty dollars, as in this case, then the *search and retrieval* fee for the Attorney General imposed by the inmate would be approx. $16,600.00 dollars.

11. Additionally, as asserted by Attorney Friedline in her correspondence, where she references the fees are within the parameters of the Pennsylvania Medical Records Act, pursuant to 42 Pa.C.S.§ 6152, that Act is specifically based upon a subpoena duces tecum, and are based on citizens of the "free world", who can afford the inflated costs. Here, the defendants are the Department of Corrections who possess the discovery at issue herein. The defendants who control the medical files are not third parties. It is therefore argued that in addition to the argument made *supra.*, the Act stated by Ms. Friedline is not applicable here, particularly as it relates to 42 Pa. C.S. § 6152, as this is a discovery request made under "**Production of Documents**" upon the defendants (Department of Corrections). Noteworthy is the request slip

response to inmate Kerwin (Ex."A") where the DOC in essesance admits that the "search and retrieval fee" is waived in regards to discovery. This request slip answer specifically tells inmate Kerwin that he *would not* be charged the search and retrieval fee.

12. Additionally, the Asst. Attorney General in the Kerwin case has agreed to release these medical pages to him for .10 cents per page and waived all search and retrieval fees. The Department of Corrections medical employee gave a signed declaration to this (See, Ex. "C" ¶6). Such a procedure which gives certain indigent inmates but denies it to others, implicates and violates the Equal Protection Clause and is invidious discrimination aimed point blank at our Country's most poor and vulnerable citizens: prisoners. It is clear that this DOC "policy" does not pertain to plaintiff, specifically as they cite directly to 42 Pa. C.S. § 6152.

13. Plaintiff has attempted to resolve this matter with defendants counsel but was unable to come to any fair resolution.

WHEREFORE, plaintiff prays this Honorable Court will issue an Order directing the defendants to turn over to plaintiff the copied pages of his files, being held by the DOC, at the normal .10 cents per page, by using his own copy card, which is fair and just.

Respectfully submitted,

Date: 10/28/06

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service was made by U.S. First
Mail to Attorney General at
564 Forbes Ave., Pgh. Pa. 15219, this date