IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

| | | |
|---|---|---|
| ANTHONY DeFRANCO,<br>    Plaintiff, | :<br>: No. 04-230-E<br>: Magistrate Judge Baxter | '06 NOV -3 A10:57 |
| V. | : District Judge Cohill<br>: | |
| WILLIAM WOLFE, et al.,<br>    Defendants. | :<br>: | |

**PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDERS**

To The Honorable Judge Maurice B. Cohill, Jr.

AND NOW, comes plaintiff, respectfully appelaing to this Honorable Court Magistrate Judge Baxter's Orders (Doc.## 235 & 237), pursuant to Local Rule 72.1.3B, and in support avers:

1. Plaintiff filed a motion to depose a defendants' witness who gave a declaration and added a "comment section" which was clearly unrequested: plaintiff filed a subpoena and requested this doctor to translate his "notes" that he had written in plaintiff's medical file. These "notes" were not able to be read by the Court or anyone due to the sloppiness of the writing. The Magistrate Judge granted plaintiff's motion during the August 24, 2006 hearing, and Ordered the transcription of this doctor's notes.

2. The defendants' then produced a "declaration" from this doctor, who is the head psychiatrist and is supervised by defendant Jeffrey Beard. Inside this declaration, the doctor did translate his "notes" but added a unrequested and not ordered "comment section" where he attempts to down-play what he had written, the comments made specifically for the defendants' (his boss).

1

3. This "comment section" inside of his declaration was not requested by plaintiff in his subpoena and certainly not ordered by the Court. It was placed there at the behest of the defendants' in order to help their case.

4. The defendants' had more than ample opportunity to receive a declaration from one of their very own employees but did not do so. Instead, after being Ordered to have the doctor translate his "notes", they also had him add a "comment section".

5. Plaintiff, back on or about September 17, 2006, filed a motion with the Court asking that he be able to depose this doctor-witness and that the Court redact the unrequested "comment section". As this Court is aware, plaintiff's cross motion for summary judgment was due on or before October 16, 2006.

6. Because the Magistrate Judge did not respond to his motion to depose and redact this doctor's delclaration (the comment section), plaintiff actually responded to it inside his summary judgment motion and did not "object" to its use in the summary judgment proceedings.

7. Finally, on October 30, 2006, plaintiff received the Magistrate Judge's Order (Doc.# 237), stating that his motion was denied and that he could object to the doctor's "comment section" to his declaration at summary judgment or trial (See, Doc.# 237). This late ruling obviously prejudiced plaintiff as he did not set forth an objection to the comment section but instead made argument with it in his motion. Had the Magistrate Judge issued a ruling prior to plaintiff's October 16, 2006 due date, he would had been able to "object" as suggested by the Magistrate Judge. This has prejudiced plaintiff.

8. Plaintiff is asking this Honorable Court to redact the "comment section" of Dr. Polmueller's declaration, listed as defendants' exhibit "14" to their summary judgment motion pending before the Court. This comment section was never requested by plaintiff nor Ordered

by the Court, and it has now severally prejudiced plaintiff because it presumably rebuts evidence being considered during the summary judgment process against plaintiff.

## APPEAL OF MAGISTRATE'S ORDER No. 235

Plaintiff incorporates by reference the above argument as fully stated herein.

9. Plaintiff requested sanctions for perjured interrogatories by defendant Beard and for his not answering interrogatories (See, Doc. # 232).

10. In plaintiff's interrogatories, questions 1 & 2, he asks defendant Beard **specific** and distinct questions: first he asks if the "policy" to the z-code is accessible to inmates; Beard answers "No" and states that it is confidential and privileged. Question two asks if "the procedural manual" to the policy is assessible to inmates; he again answers "No".

11. However, by happenstance, plaintiff received a copy of the "policy" from another inmate who had previous litigation in. This policy clearly states, in the Release of Information Section, that it is accessible to inmates, and was signed into action by Beard himself. When Beard answered that the "policy" was confidential and not available to plaintiff, he lied. The policy, which is attached to plaintiff's motion (Doc.# 232), clearly states that it is public information and available to inmates. Plaintiff had tried to obtain this "policy" *and* the procedural manual to this policy throughout discovery. However, the defendants had successfully argued before the Court that these were *both* confidential and plaintiff was denied access to both.

12. As further proof of the "policy" being unavailable to inmates, plaintiff had the prison Librarian and himself go through the policy binder to locate this policy (which was not available). The Librarian then went on his DOC computer and attempted to retrieve this policy (where all of the DOC policies are located) but was unable to get it. Attached hereto, marked

Ex. "A" is the request stating this. As this Court is aware, all DOC "policies" which are available to inmates are held in the prison library. This policy, which states is accessible to inmates upon request, is not accessible to them (nor is it to the prison library staff, who have general access to DOC policies).

13. Defendant Beard committed perjury in his answers to interrogatories as shown by the evidence before the Court. Plaintiff did not title these documents as "policies", defendant Beard did.

14. Again, in plaintiff's interrogatories, he asked Beard direct questions that he did not answer. Plaintiff asked the Magistrate Judge to Order Beard to answer these questions. Specifically, plaintiff asked questions such as:

> 3. Is an inmate who is deemed dangerous to others and/or himself by staff (psychology/psychiatry) considered for z-code? Please explain fully;
>
> Beard's Answer: 3. This is not a decision made by the responding defendant. In addition, see Defendants' Motion for Summary Judgment and attached documents.
>
> 4. Are inmates with certain medical conditions such as heart conditions, infectious diseases, etc. considered for z-code?
>
> Beard's Answer: 4. This is not a decision made by the responding defendant. In addition, see Defendants' Motion for Summary Judgment and attached documents.

No where in the defendants' Motion for Summary Judgment or attached exhibits are these answers to interrogatories addressed (See, Doc.# 232, attachments). Clearly, these did not in any way answer plaintiff's questions. Defendant Beard gave the exact response to the remaining questions as well (See, questions 3, 4, 5 and 6; Plaintiff's Interrogatories, attached to Doc.# 232). These were not answers at all. The Magistrate Judge, for whatever reason, has been absolutely against plaintiff, systematically denying almost every motion he files, but granting every single motion filed by the defendants. There has to be some fair ground at some point in this litigation.

Through the months of discovery, plaintiff was given maybe a handful of papers and denied the most important discovery needed under the guise of "security". Plaintiff is asking this Court to Order defendant Beard to answer these interrogatories.

WHEREFORE, plaintiff prays this Honorable Court will issue an Order directing the redaction of Dr. Polmueller's declaration, the comment section; and further that the defendant Beard be sanctioned for perjured testimony; and further, that Beard be Ordered to answer plaintiff's interrogatories fully and properly.

Respectfully submitted,

Date: November 1, 2006

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**

Service was made by U.S. First
Mail to Attorney General at
564 Forbes Ave., Pgh. Pa. 15219, this date

| Form DC-135A<br><br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>Mr. Zarnick, Librarian | 2. Date:<br>10/29/06 |
| 3. By: (Print Inmate Name and Number)<br>Anthony DeFranco CZ-3518<br>_[signature]_<br>Inmate Signature | 4. Counselor's Name<br>Mr. Voght |
|  | 5. Unit Manager's Name<br>Mr. Stendall |
| 6. Work Assignment<br>Law Library | 7. Housing Assignment<br>D/A 31 |

8. Subject: State your request completely but briefly. Give details.

Mr. Zarnick, do you have the "Policy" to the double celling (z-code)? It is suppose to be made available to inmates. It's only a policy and the number is 6.5.3. It's not in the policy binder, please let me know if you can obtain a copy.

Thank you.

9. Response: (This Section for Staff Response Only)

Policy is not available in computer.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

Staff Member Name _____ / _Zarnick_ Date _10-30-06_
                      Print              Sign

Revised July 2000                **EXHIBIT "A"**