## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DeFRANCO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civ. No. 04-0230 Erie** |
| | ) **Magistrate Judge Baxter** |
| **WILLIAM WOLFE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

Presently before the Court is pro se Plaintiff Anthony DeFranco's Appeal of

Magistrate Judge's Text Orders (Docs. 235 and 237) denying Plaintiff's Motion for Sanctions

(Doc. 232) and Motion to Depose Witness or Redact Declaration (Doc. 227).

In Plaintiff's Motion for Sanctions he seeks sanctions against Defendant Beard for

allegedly perjured testimony provided in discovery responses, and an order compelling

Defendant Beard to answer interrogatories fully and properly. Plaintiff submitted the

following two interrogatories to Defendant Beard:

> 1. Plaintiff has been denied all access to any of the single cell (z-code) policy;
> is the policy accessible to inmates? If not why?
>
> 2. As stated above, plaintiff has been denied the z-code policy; is the
> procedure manual to the policy accessible to inmates? If not why?

Defendant Beard responded to Interrogatory Number 1 as follows:

> No, this policy is privileged and confidential information contained within the policy/procedures could be used by the plaintiff to manipulate his treatment program. Further the Court rejected plaintiff's request for this policy in a Hearing on August 24, 2006.

In response to the second interrogatory Defendant Beard stated: "No, see response provided in number 1 above."

In support of his motion for sanctions, Plaintiff submits a copy of a POLICY STATEMENT for Single Celling ("Z"-Code) and Double Celling Policy, Policy Number 6.5.3, issued by Defendant Beard on April 10, 2001. Section IX, entitled "Release of Information and Dissemination of Policy," states in Subsection A.1, regarding the release of information, as follows:

**1. Policy**

> This policy document is public information and may be released to members of the public, staff, legislative, judicial, law enforcement and correctional agencies and/or inmates upon request.

According to Plaintiff, this is proof that Defendant Beard perjured himself in response to Interrogatory Number 1, and therefore sanctions are appropriate. We disagree.

Plaintiff clearly seeks to discover what criteria are used in determining single cell status and thus his discovery requests asked for this information in various ways. While it is true that the single cell "POLICY STATEMENT" referred to by Plaintiff allows for the release of the POLICY STATEMENT to inmates upon request, it is clear to the Court that Defendant Beard did not imagine that Plaintiff was actually seeking discovery of a policy

2

statement that, viewed in the best light, provides only the most general information explaining

what the single cell policy is as follows:

> All inmates, upon initial reception to the Department and upon subsequent
> transfers to other facilities, will be evaluated for appropriate housing status.
> Each inmate will be evaluated to determine if there are medical, mental health,
> victimization, behavioral problems, etc., which indicate that single cell housing
> is necessary. Assignments must be based upon documented behavior of an
> inmate in a facility or similar setting, or upon staff's evaluation of the inmate
> and review of available information. The Department does not make housing
> assignments based solely on race.

It is plainly obvious from Plaintiff's initial pleadings in this case that Plaintiff already knows

this much about the single cell policy. The POLICY STATEMENT is in effect a mere

announcement that the single cell policy exists. There is nothing new here.

What Plaintiff clearly seeks to discover are the guidelines and procedures "contained

in the confidential procedures manual for this policy" regarding determination of single cell

status. Common sense dictates that Defendant Beard's response to this interrogatory is

addressing the confidential guidelines and procedures. If all Plaintiff really sought was the

POLICY STATEMENT in his interrogatory number 1, we have no doubt Defendant Beard

would have provided it. The POLICY STATEMENT contains nothing that Plaintiff does not

already know about how single cell status is determined, so it is no wonder that Defendant

Beard believed that Plaintiff was seeking (as he has throughout this litigation) the more

detailed confidential guidelines and procedures. We find no perjury by Defendant Beard.

Plaintiff also complains that Defendant Beard's responses to Interrogatories 3 through

6 are evasive and amount to no answer at all. We disagree. Plaintiff asks in numbers 3 and 4

if inmates in the following categories are considered for z-code: Inmates who are deemed

3

dangerous to others and/or himself by staff (psychology/psychiatry) (No. 3); and inmates with certain medical conditions such as heart conditions, infectious diseases, etc. (No. 4). Plaintiff asks in numbers 5 and 6 if inmates in the following categories are eligible for z-code: an inmate (such as plaintiff) with a heart condition coupled with a psychiatric history with an inability to double cell due to the two conditions (No. 5); and inmates with high levels of stress (No. 6). In response to all four Interrogatories Defendant Beard responded: "This is not a decision made by the responding defendant. In addition, See Defendants' Motion for Summary Judgment and attached documents."

Plaintiff's complaint of Defendant Beard's responses show that Plaintiff fundamentally misunderstands the discovery process. Defendant Beard's response is what it is, and Plaintiff must deal with it in the context of dispositive motions or at trial. Plaintiff asks for details about how single cell status is determined and Defendant Beard's answer is that he does not make those decisions, and thus he has nothing more to say about it. This is not an evasive answer. To the extent that Plaintiff wants to claim that Defendant Beard really can answer these questions in detail, he must make the argument in his dispositive motions or through cross-examining him at trial. One does not always get exactly what one wants during discovery.

With regard to Plaintiff's Motion to Depose Witness or Redact Declaration we also find that Plaintiff's complaint is a matter for dispositive motions or trial. Plaintiff's motion to have one of the doctor's transcribe his unreadable medical notes was granted by the Court. The doctor transcribed the notes, and also added a "comment section" purporting to explain the notes. Plaintiff objects to this as he did not request the comment section and feels it was

4

only included to help Defendants' case. The value of the "comments section" is unknown to us at this time. Perhaps it is clearly self-serving and should be disregarded by the Court, perhaps not. Plaintiff states that he responded to the extra "comments section" of the doctor in his summary judgment motion, but did not "object" to its use. Plaintiff appears to be worried that the Court will not know that he is objecting to the use of the comments section because he did not present a formal "objection." However, the fact that Plaintiff has registered his complaint about the doctor's additional "comment section" in his argument is sufficient. In addition, Plaintiff can formally object to the introduction into evidence of the "comments section" at trial if necessary.

Once parties have reached the stage of litigation it typically means that they each have very different ideas about disputed issues. Just because Plaintiff objects to Defendant's evidence or response, or just because an opponent does not respond as Plaintiff liked, or just because an opponent added more information in response to Plaintiff's interrogatory or question, does not automatically mean that the opponent has violated the rules of civil procedure or has otherwise done something that must be reversed. Usually it means that the two sides hotly dispute the questions at issue. As we have stated in a prior order, the Magistrate Judge's summary denials of Plaintiff's numerous serial motions are appropriate. Again, for the most part his motions do not require analysis or discussion, and appear to be filed out of a misunderstanding of the discovery process.

5

As we find no error with the Magistrate Judge's Text Orders denying Plaintiff's motions, the following Order is hereby entered.

AND NOW, to-wit, this __7th__ day of _November_, 2006, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Appeal of Magistrate Judge's Order (Doc. 240) be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

6