IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>SUPERINTENDENT WILLIAM WOLF; )<br>STEVE REILLY; DENESE BRUNNER; )<br>MANAGER ROD SHOWERS; CASE )<br>MANAGER JUDY JACKSON; )<br>DR. JOHN DOE; JANE DOE; )<br>JEFFREY BEARD; ASSIST. SUPER. )<br>WILLIAM BARR;  MARILYN )<br>BROOKS, )<br>Defendants. ) | Civil Action No. 04-230-ERIE<br><br>Judge Maurice B. Cohill, Jr.<br>Mag. Judge Susan P. Baxter |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR ORDER TO RELEASE HIS COPIED FILES

AND NOW, come the defendants, Superintendent William Wolfe, Steve Reilly, Denese Brunner, Manager Rod Showers, Case Mgr.—GECAC Judy Jackson, Jeffrey Beard, Assist. Super. William Barr, and Marilyn Brooks (incorrectly identified as "Mariland") by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and submit the following Response to Plaintiff's Motion for Order to Release His Copied Files (Doc. #239-1):

1.In his Motion for Order to Release his copied files, DeFranco asks that the DOC policy governing medical record copying and retrieval fees be waived in his case.

2.DOC-ADM 003 (attached as Exh. A) establishes a search and retrieval fee of $18.30 for reproduction of medical records.  It also sets the fees to be charged for copying: $1.23 per page for the first 20 pages, $.92 per age for the next 40 pages, and $.31 per page thereafter.

3. In April 2006, DeFranco was permitted to review his medical file (including his psychiatric file)[1] and DC-15, with appropriate redaction of confidential classification information. Counsel advised plaintiff that he could request that copies be made at his own expense, and further reserved the right to object to producing copies of certain documents (the psychiatric records, for example.) (See 4/19/06 letter attached as Exh. B.)

4. Ultimately, DeFranco selected approximately 24 pages of non-objectionable documents. (See Exh. B.) He was advised of the retrieval and copying charges (approximately $54.00), but never paid to receive the copies.

5. Over six months later, after discovery has closed and his Cross Motion for Summary Judgment has been filed, plaintiff now objects to the retrieval and copying policy. Defendants submit this is because in the context of protracted litigation with another Albion inmate in an entirely different case, the DOC made a discretionary, strategic decision to charge that litigant $.10 per page for medical records. Ironically, plaintiff's own attachment to his motion (the Affidavit of Kim McMillan Gray at ¶ 7) indicates that the inmate in that case, Kerwin, is still manipulating to obtain the copies without any payment at all.

6. First, the DOC (like any defendant) should be permitted to exercise its discretion to make strategy decisions or to consider a compromise position in the course of litigation with one inmate, without impacting its decisions in cases with other inmates, particularly when the cases are unrelated. (Exh. C – Fairall Declaration.)

7. Secondly, the DOC policy at issue, DC-ADM-003, and the charges therein, are consistent with the Pennsylvania Medical Records Act, 42 Pa. C.S. §6152 and 6152.1, which are adjusted annually on January 1 to based on the most recent changes to the Consumer Price Index.

---

[1] Given the particular allegations in this case (that defendants were deliberately indifferent to his psychiatric condition) and the fact that Dr. Lindemuth had previously shared at least some of his psychiatric records with plaintiff, counsel for defendants chose to permit plaintiff to inspect, but not copy, his psychiatric records. This decision was geared to the unique facts of this case; however, in hindsight, allowing any inspection of those psychiatric records was regrettable. Although intended to promote judicial economy and a rational, prompt end to this dispute, disclosure of that information had just the opposite effect, not to mention the difficulties presented for staff and professionals attempting to implement plaintiff's treatment program.

2

8. Above all, the policy serves a legitimate penological interest. Unlike a private hospital, the DOC cannot simply process a records request and turn over copies of the entire file. The requested documents must be reviewed and evaluated by staff to prevent disclosure of sensitive, confidential or privileged information that could relate to security concerns, impact or hinder the inmate's treatment program, or be manipulated by the inmate. (Exh. C – Fairall Declaration.)

9. Finally, plaintiff's pro se or IFP status is irrelevant to plaintiff's claim. The law is clear that indigent plaintiffs still must pay for the necessary expenses of suit. IFP status does not excuse the obligation to pay for records or to comply with DOC policy. *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

WHEREFORE, defendants submit that plaintiff's Motion for Order to Release His Copied Files should be denied.

                          Respectfully submitted:

                          Thomas W. Corbett, Jr.
                          Attorney General

By:    /s/ Mary Lynch Friedline
        MARY LYNCH FRIEDLINE
        Senior Deputy Attorney General
        Attorney I.D. No. 47046

        Susan J. Forney
        Chief Deputy Attorney General
        Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date:   November 14, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, I electronically filed the foregoing *Response to Motion for Order to Release Copied Files* with the Clerk of Court using the CM/ECF system. This document will be mailed via U.S. mail to the following non CM/ECF participants:

Anthony DeFranco, CZ-3518
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

By:  /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General

Office of Attorney General
564 Forbes Avenue
Manor Complex
Pittsburgh, PA 15219