# EXHIBIT A



| TO: | Policy Subject: | |
|---|---|---|
| Executive Staff<br>Facility Managers<br>CCC Regional Directors | Release of Information | |
| | Policy Number: | DC-ADM 003-3 |
| | Policy Issue Date:<br>September 2, 2005 | |
| Date of Issue:<br>October 27, 2006 | Authority:<br>*[signature]*<br>Jeffrey A. Beard, Ph.D. | Effective Date:<br>November 27, 2006 |

The purpose of this bulletin is to revise **Attachment C** of the **DC-ADM 003**, "Release of Information" policy. The following language has been added:

8. *Pennsylvania Protection and Advocacy (PP&A) shall be charged $.60 per page for the first 20 pages, $.45 per page for the next 40 pages, and $.18 per page for more than 61 pages for every 10 inmates. These fees are per facility. Beginning with the next set of 10 inmates (11 through 20 inmates, 21 through 30, etc.) the charges will start over again. PP&A will not be charged a search and retrieval fee.*



| TO: Executive Staff, Facility Managers, CCC Regional Directors | Policy Subject: Release of Information |
|---|---|
| | Policy Number: DC-ADM 003-2 |
| | Policy Issue Date: September 2, 2005 |
| Date of Issue: May 26, 2006 | Authority: Jeffrey A. Beard, Ph.D. | Effective Date: June 2, 2006 |

The purpose of this bulletin is to revise:

**Section VI.C., "Print and Electronic Media Inquiries."** This shall now read:

> *All news media inquiries to a facility must be handled in accordance with DC-ADM 009, "News Media Relations."* Members of the print and electronic media seeking information pertaining to a specific inmate *and/or about any aspect of the facility should be directed to the Public Information Officer. News media requests for information that deal with a department-wide issue should be referred to the Department's Press Office.*

**Section VI.E., "Requests Pursuant to the Right-To-Know Law."** The following is being added:

> *4. The Department's Press Secretary shall be notified and provided a copy of all initial requests and a copy of the final response.*

**Section VI.F, 3.a.," Copying Charges,"** shall now read:

> 3. The following charges shall be imposed for reproduction of any other records:
>
>    a. a $15.00 search and retrieval fee, except that the search and retrieval fee shall not be charges to any Commonwealth agency, *criminal justice agency*, or district attorney;



| | |
|---|---|
| **TO:** Executive Staff<br>Superintendents<br>Boot Camp Commander<br>Regional Directors | **Policy Subject:**<br>Release of Information |
| | **Policy Number:** DC-ADM 003-1 |
| | **Policy Issue Date:**<br>September 2, 2005 |
| **Date of Issue:**<br>December 12, 2005 | **Authority:** *Jeffery A. Beard* <br>Jeffery A. Beard, Ph.D. | **Effective Date:**<br>January 1, 2006 |

The purpose of this bulletin is to correct an omission in the **DC-ADM 003, "Release of Information"** policy. **Attachment C** is being revised to be compliant with the Medical Record Act (Act 26), 42 Pa.C.S. §6152 with regard to the copying fees for medical records.

**Attachment C** shall now read:

Fees imposed for the copying of medical records shall be in accordance with the Medical Record Act (Act 26), 42 Pa.C.S. §6152. Effective January 1, 2006, *a search and retrieval fee of $18.30 will be assessed and imposed* for the reproduction of medical records, in addition to the following charges:

1. a fee of $1.23 per page for pages 1 – 20;
2. a fee of $ .92 per page for pages 21 – 60;
3. a fee of $ .31 per page for pages 61 – end.
4. amount charged for microfilm copies will be $1.81 per page;
5. flat fee for production of records to support any claim under the Social Security Act or claims under other Federal or State financial needs based programs is $23.19 (this applies to claims from outside the state of Pennsylvania); and
6. flat fee for supplying records requested by a District Attorney is $18.30. A District Attorney is not charged if they are prosecuting a crime that occurred in a Department facility.

All requests for medical records shall be mailed First Class and the amount of postage shall be determined by weight. The person/group requesting the records is responsible for the actual cost of postage, shipping, and delivery. The business office of the facility reproducing the records and the Bureau of Administration for Central Office shall be responsible for producing an invoice for reproduction charges. The postage fee shall be included on the invoice provided to the requestor.



| Policy Subject: | Policy Number: |
|---|---|
| Release of Information | DC-ADM 003 |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| August 2, 2005 | *Jeffrey A. Beard* (signature)<br>Jeffrey A. Beard, Ph.D. | September 2, 2005 |

I. **AUTHORITY**

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

II. **PURPOSE**

This policy establishes procedures to be used when responding to requests for information from the Department.

III. **APPLICABILITY**

This policy is applicable to all Department employees, volunteers, contract personnel, visitors, and inmates.[1]

IV. **DEFINITIONS**

A. **Department**

The Pennsylvania Department of Corrections.

---

[1] 4-4070, 1-ABC-1E-06

*DC-ADM 003, Release of Information Policy*                                                   *Page 2*

### B. Department Information

"Department Information" is information pertaining to the overall administration and operation of the Department. This category includes Department financial, personnel, security, and statistical information, as well as general information about inmate programs. Department information is divided into the following categories:

1. Financial Data - Records pertaining to an expenditure of funds by the Department.

2. Personnel Data - Records pertaining to current or former Department employees. This category is limited to information maintained by the Department's Central Office Bureau of Human Resources (BHR).

3. Security Records - Information maintained by the Central Office Security Division to assure the safe operation of the Department and its facilities. Information maintained by a particular facility's Security Office is termed "Facility Security Information."

4. Statistical Records - Data pertaining to one or more identifiable segments of the inmate population. This includes Inmate Programming Data which is information pertaining to programs administered by the Department and intended to facilitate an inmate's return to society. This category is intended to apply to general requests for information about programs that are operated at more than one Department facility rather than information about a particular inmate's participation in a Department program.

### C. Facility Manager

The Superintendent of a State Correctional Facility, State Regional Correctional Facility, or Motivational Boot Camp, Director of a Community Corrections Center, or Director of the Training Academy.

### D. Inmate Information[2]

"Inmate Information" is information pertaining to a specific inmate or to several specific inmates. Inmate information is divided into the following categories:

1. Census Data - Information consisting of the inmate's name, **Department** number, date of birth, date of death, gender, facility location, race, and religion.

2. Contact Data - Persons with whom the inmate has indicated he/she wishes to have either verbal or written contact, including telephone and visiting information.

3. Disciplinary Records - Information pertaining to the inmate's conduct while incarcerated.

---

[2] 1-ABC-1E-07, 4-ACRS-7D-12

4. Educational Data - Information pertaining to academic, technical or vocational courses in which the inmate has participated while incarcerated.

5. Financial Data - Records pertaining to the receipt and disbursement of an inmate's funds.

6. Housing Records - Non-disciplinary records reflecting interactions between the inmate and housing unit staff and, except as defined elsewhere, non-disciplinary records reflecting interactions between the inmate and non-housing unit staff.

7. Medical Records - Records pertaining to the inmate's medical condition.

8. Mental Health Records - Records pertaining to mental health treatment provided to the inmate.

9. Psychiatric/Psychological Information not Pertaining to Mental Health Treatment - Records compiled in connection with mental health treatment provided to an inmate who has not been committed under the **Mental Health Procedures Act (MHPA), 50 P.S. §7101 et seq.**

10. Prescriptive Programming Data - Information pertaining to an inmate's participation in programs intended to facilitate the inmate's return to society.

11. Property Data - Information pertaining to the receipt, storage, shipment, and return of an inmate's personal property.

12. Sentencing Data - Information pertaining to the duration of the inmate's confinement including, but not limited to, the crime committed, the sentence imposed, and dates of incarceration.

13. Work Records - Information pertaining to the inmate's work assignments while incarcerated.

### E. Public Information Officer (PIO)

The person designated by the Facility Manager/designee as the official spokesperson for the facility.

### F. Release of Information Coordinator

The Special Assistant to the Secretary shall act as the Release of Information Coordinator for Central Office. The Corrections Superintendent's Assistant (CSA) shall act as the Release of Information Coordinator at the facility.

*DC-ADM 003, Release of Information Policy*                                                                 *Page 4*

## V. POLICY

It is the policy of the Department to establish procedures governing responses to requests for information and to ensure that information is released in accordance with applicable law and Department policy.[3]

## VI. PROCEDURES

### A. Requests for Inmate Information

1. An inmate may seek access to inmate information maintained at the facility where incarcerated by submitting a **DC-135A, Inmate's Request to Staff Member** to the appropriate individual noted in **Section VI. A. 2.** below. If the inmate is unsure who to send a request to for specific information the request should be sent to the CSA who will reply or forward the request to the appropriate individual.[4]

2. The Facility Release of Information Coordinator or appropriate staff member shall respond based upon the type of information being requested as follows:[5]

   a. Census Data - the facility's Inmate Records Supervisor.

   b. Contact Data - the facility's Inmate Records Supervisor.

   c. Disciplinary Records - the facility's Inmate Records Supervisor.

   d. Educational Data - the CSA.

   e. Financial Data - the facility's Business Manager.

   f. Housing Records - the CSA.

   g. Medical Records - the facility's Medical Records Supervisor.

   h. Mental Health Records - the facility's Medical Records Supervisor.

   i. Prescriptive Programming Data - the CSA.

   j. Property Data - the CSA.

   k. Sentencing Data - the facility's Inmate Records Supervisor.

   l. Work Records - the CSA.

3. A person other than an inmate may seek access to inmate information by submitting a written request to the facility's Release of Information Coordinator.

---

[3] 4-4021, 4-4396, 2-CO-1E-08
[4] 4-4098
[5] 4-4098

*DC-ADM 003, Release of Information Policy*  Page 5

4. All requests for inmate information must be accompanied by a **DC-108, Authorization for Release of Information (Attachment A)**, and signed by the inmate who is the subject of the information.[6] The executor or administrator of a deceased inmate's estate may sign a **DC-108** pertaining to the deceased inmate. The furnishing of an appropriate release is a prerequisite to consideration of the request and does not determine whether the Department will actually release the information.

5. An inmate is prohibited from receiving inmate information pertaining to another inmate other than himself/herself.

**B. Requests for Department Information**

1. Every request for Department information shall be made by submitting a written request to the Central Office Release of Information Coordinator. The Release of Information Coordinator will record the request, and forward it to the appropriate individual listed below for response.

    a. Financial Data - the Director of the Bureau of Administration.

    b. Inmate Programming Information - the Director of the Bureau of Inmate Services (BIS).

    c. Medical/Mental Health Services - the Director of the Bureau of Health Care Services (BHCS).

    d. Personnel Data - the Director of the BHR.

    e. Security Records - the Chief of the Department's Security Division.

    f. Statistical Records - the Director of the Bureau of Planning, Research, Statistics, and Grants (PRSG).

2. Requests for information not included above shall be directed to the appropriate Regional Deputy Secretary.

3. When an inmate's location is not known to the requestor, the requestor may use the Inmate Locator on the Department's website **www.cor.state.pa.us**. Requests for information pertaining to an inmate's crime or sentence may also be submitted to the Department's Chief, BIS, Classification Division.

4. The **Freedom of Information Act, 5 U.S.C.S §522** is a federal statute that governs access to information maintained by federal agencies. The Pennsylvania Department of Corrections is a Pennsylvania executive agency and not a federal agency. Accordingly, the Department is not subject to the Freedom of Information Act. Individuals requesting information under the Freedom of Information Act shall be sent a standard letter denying the request.

---

[6] 4-4095, 4-4099, 4-ACRS-7D-12. 2-CO-1E-07, 1-ABC-1E-08

5. The **Right-to-Know Act, 65 P.S. §66.1 et seq.** permits Pennsylvania citizens to inspect and copy certain Department "public records." The term "public record" includes, but is not limited to, accounts, vouchers, or contracts dealing with the disbursement of funds, or the acquisition, use or disposal of services or supplies. All requests made pursuant to the "Right-to-Know Law" for "public records" (as that term is defined in the Right-to-Know Law) of the Department of any correctional facility, Community Corrections Center, Motivational Boot Camp or any other facility or office under the jurisdiction of the Department must be made consistent with **Section VI. E.** below.

C. **Print and Electronic Media Inquiries**

Members of the print and electronic media seeking information pertaining to a specific inmate are asked to contact the Release of Information Coordinator of the facility where the inmate is incarcerated, if known. An inmate's location may be determined by using the Inmate Locator on the Department's website **www.cor.state.pa.us**. All other requests for information by members of the print and electronic media are to be made to the Department's Press Office.

D. **Staff Responsibilities**

1. All staff responding to requests for information shall inform the Release of Information Coordinator at the facility of the request.

2. The Release of Information Coordinator is responsible for logging and tracking all requests for information.

3. Specific staff responsibilities for the dissemination of information are contained in the confidential procedures manual that accompanies this policy.

E. **Requests Pursuant to the Right-to-Know Law**

1. The Department's Right-to-Know Law Official is Nelson Zullinger. All requests for public records (as that term is defined in the Right-to-Know Law) of the Department, any correctional facility, Community Corrections Center, Motivational Boot Camp or any other bureau or office of the Department, made pursuant to the Right-to-Know Law must be in writing and submitted in person, by mail or facsimile to the Right-to-Know Official at:

   > Nelson Zullinger, Right-to-Know Law Official
   > Department of Corrections
   > Right-to-Know Office
   > 2520 Lisburn Road, P.O. Box 598
   > Camp Hill, PA 17001-0598

2. All Right-to-Know requests received by the Department's Right-to-Know Official will be processed in accordance with **Management Directive 205.36**, which is incorporated into this policy by reference.

3. All Right-to-Know requests received at any correctional facility, Community Corrections Center, Motivational Boot Camp or any other bureau or office of the Department shall be returned to the requester with direction that all such requests must be submitted directly to the Department's Right-to-Know Law Official in accordance with **Section VI. E. 1.** above of this policy.

4. Oral requests or requests submitted by e-mail or an electronic method other than facsimile will not be accepted.

5. Fees shall be charged for the duplication, redaction, or mailing of public records at the rates established in **Section 12 of Management Directive 205.36**. Copying fees for Right-to-Know Requests are listed on **Attachment B.**

6. If a Right-to-Know request is denied, denied in part, or deemed denied by the Department's failure to make a timely final response, the person requesting the public records has the right to file exceptions. The Department's Right-to-Know Law Exceptions Official is Executive Deputy Secretary John S. Shaffer, Ph.D. Exceptions must be submitted in person, by mail or facsimile to the Department's Right-to-Know Law Exceptions Official at:

   John S. Shaffer, Ph.D.
   Right-to-Know Law Exceptions Office
   Department of Corrections
   2520 Lisburn Road, P.O. Box 598
   Camp Hill, PA 17001-0598

**F. Copying Charges**

1. *The charge for copies of documents that the inmate has in his/her possession or for copies of materials available to all inmates (library materials, newspaper articles, etc.) is $.10 per page.*

2. Copying charges for the reproduction of medical records are charged in accordance with the **Medical Records Act (Act 26, 42 P.S. §6152)**, and are contained in the **Copying Charges for Medical Records (Attachment C)**.

3. *The following charges shall be imposed for reproduction of any other records:*

   a. *a $15.00 search and retrieval fee, except that the search and retrieval fee shall not be charges to any Commonwealth agency, or district attorney;*

   b. *for records maintained on paper, a fee of $1.00 for the first page and $.25 per page thereafter; and*

   c. *for records maintained on microfiche, photographic records or other non-paper records, a fee equal to the actual cost of reproducing the records.*

*DC-ADM 003, Release of Information Policy*  *Page 8*

## VII. SUSPENSION DURING AN EMERGENCY

In an emergency or extended disruption of normal facility operation, the Secretary/designee may suspend any provision or section of this policy for a specific period.

## VIII. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose of the policies of the Department.

## IX. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

1. Policy

    This policy document is public information and may be released upon request.

2. Procedures Manual (if applicable)

    The procedures manual for this policy is <u>not public information</u> and shall not be released in its entirety or in part, without the prior approval of the Secretary/designee. This manual or parts thereof may be released to any Department employee on an as needed basis.

### B. Distribution of Policy

1. General Distribution

    The Department's policy and procedures manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary/designee.

2. Distribution to Staff

    It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X. SUPERSEDED POLICY AND CROSS REFERENCE

### A. Superseded Policy

1. Department Policy

    a. DC-ADM 003, Release of Information issued March 12, 2001 by Secretary Jeffrey A. Beard, Ph.D.

    b. DC-ADM 003-1, Release of Information issued December 23, 2002 by Secretary Jeffrey A. Beard, Ph.D.

  2. Facility Policy and Procedures

  This document supersedes all facility policy and procedures on this subject.

**B. Cross Reference(s)**

  1. Administrative Manuals

    1.1.4, NCIC/Clean

  2. ACA Standards

    a. Administration of Correctional Agencies: 2-CO-1E-07, 2-CO-1E-08
    b. Adult Correctional Institutions: 4-4021, 4-4070, 4-4095, 4-4098, 4-4099, 4-4347, 4-4396, 4-4415

    c. Adult Community Residential Services: 4-ACRS-7D-11, 4-ACRS-7D-12

    d. Adult Correctional Boot Camp Programs: 1-ABC-1E-06, 1-ABC-1E-07, 1-ABC-1E-08

    e. Correctional Training Academies: None

  3. Other

    a. Management Directive 505.18, Maintenance, Access, and Release of Employee Information

    b. Management Directive 205.36, Right-to-Know Law

    c. Peer Review Protection Act, 63 P.S. §425.1

    d. Vital Statistics Law of 1953, 35 P.S. §450.101, et seq.

    e. Disease Protection and Control Law of 1955, 35 P.S. §521.1

    f. ***Mental Health Procedures Act, (MHPA) 50 P.S. §7101 et seq.***

    g. ***Medical Record Act, Act 26,  P.S. §6152.1***

    h. ***Confidentiality of HIV Related Information, 35 P.S. §7601 et seq.***

    i. ***Drug and Alcohol Abuse Control Act, 71 P. S. §1690.101 et seq.***

*DC-ADM 003, Release of Information Policy* *Page 10*

    j. *Freedom of Information Act, 5 U.S.C.S. §522*

    k. *Management Directive 505.18, Maintenance, Access, and Release of Employee Information*

    l. *Criminal History Records Information Act (CHRIA), 18 Pa. C. S. §9101 et seq.*

DC-108
Revised 9/05

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS
AUTHORIZATION FOR RELEASE OF INFORMATION[1]**
(THE EMPLOYEE/INMATE SHALL COMPLETE, CHECK, AND INITIAL ALL BOXES THAT APPLY)

| Name (print) | Inmate/Employee # | Date of Birth | Inmate Social Security # |
|---|---|---|---|
| | | | |

| Medical/ Dental Records | | Mental Health Records | | Drug & Alcohol Treatment Records | | HIV Information | | Records (General) | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

I, the undersigned, hereby give my consent for:
(name and address of facility/*responder*)

_____
_____
_____

To release information to:
(name and address of requester)

_____
_____
_____

I hereby authorize the above named source to release or disclose information related to the above referenced records/ information to the requester during the period beginning _____ and ending _____. The information being requested is: _____

_____ Authorization for disclosure is being given for the purpose of: _____

Disclosure of medical/dental information may contain all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information, as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV).

Disclosure for mental health records pertains to treatment, hospitalization, and/or outpatient care provided to me for the period listed above. I understand that my record may contain information regarding all aspects of my treatment and hospitalization, including psychological and psychiatric information, drug and/or alcohol information as well as information regarding Acquired Immunodeficiency Syndrome (AIDS) and tests or treatment for Human Immunodeficiency Virus (HIV). **Authorizations for release of mental health records expire in 30 days**.

Disclosure of HIV related information is information about whether the patient has had a test for HIV, an HIV related illness or AIDS. HIV (Human Immunodeficiency Virus) is the virus that may cause or indicate AIDS or HIV infection.

Disclosure of general information is information contained in an inmate's DC-15. Generally, any communications from the inmate to the Department of Corrections and responses thereto, misconducts, and grievances.

In authorizing this disclosure, I explicitly waive any and all rights I may have to the confidential maintenance of these records, including any such rights that exist under local, state, and federal statutory and/or constitutional law, rule or order, including those contained in the Pennsylvania Mental Health Procedures Act, *(MHPA) 50 P.S. §7101 et seq.,* the Drug and Alcohol Abuse Control Act, *71 P.S. §1690.101 et seq.,* and the Confidentiality of HIV-Related Information Act, *35 P.S. §7601 et seq*.

I understand that I have no obligation to permit disclosure of any information from my record and that I may revoke this authorization, except to the extent that action has already been taken, at any time by notifying the Medical Records *Director/ Technician*, Health Care Administrator, or Facility Manager. In any event, this authorization will expire 90 days after the date signed, **with the exception of Mental Health records which have a 30 day expiration date**, unless revoked prior to that time.

I understand that these records are the property of the Department of Corrections and that my authorization for their release does not require the Department of Corrections to release these records. It is understood by the above *requester* that if the requested information's confidentiality is protected by Federal Regulations that bar secondary dissemination or re-disclosure, the providing facility will provide a statement to that effect.

Furthermore, I will indemnify and hold harmless the Pennsylvania Department of Corrections, and its employees and agents, for any losses, costs, damages, or expenses incurred because of releasing information in accordance with this authorization.

_____  _____  _____  _____
Employee/Inmate Signature                         Date                Signature of Witness                              Date

**White Copy - Responder**           **Yellow Copy - Requester**           **Pink Copy - Inmate**

---

[1] 2-CO-1E-07

**DC-ADM 003, Release of Information**                                                **Attachment A**

The Department of Corrections Right-to-Know Official and address for submitting Right-to-Know Requests is as follows:

Nelson Zullinger<br>
Right-to-Know Official<br>
2520 Lisburn Road<br>
P. O. Box 598<br>
Camp Hill, PA 17011<br>
(717) 975-4865

| FEES: The Department may assess the following fees for Right-to-Know Requests ||
|---|---|
| **Photocopies. One "photocopy" is either a single-sided copy or one side of a double-sided copy.** ||
| 1 side of a standard 8.5" x 11" page | $0.15 if using the agency's copiers and prevailing cost if copied otherwise. |
| 1 side of any irregular sized page | Actual cost. |
| **Other Materials.** ||
| PC Diskettes | $1 per diskette plus cost of labor, *including salary and benefits.* |
| Microfilm/microfiche/other | Actual cost (including cost of labor, both salary and benefits). |
| **Postage.** ||
| Material fitting into standard letter envelope and sent by First Class United States mail. | No charge. |
| Other | Actual cost. |
| **Redaction** ||
| The cost of labor, *including salary and benefits,* necessary for redaction. ||
| **Certified Copies** ||
| *$1 per side of a standard 8.5" x 11" page or an irregular size page.* ||
| **Other Costs.** ||
| *The Department may assess reasonable fees for labor and other expenses necessary to comply with the request (for example, cost for retrieval of a record from storage), but not for determining whether a requested record is a public record.* <br><br> *The Department may require prepayment if the anticipated cost to fulfill the request exceeds $100. Unless prepayment is made by certified check, access will be denied until a regular check clears. If the fee is for copying only, the department shall allow access to the records but shall refuse to make copies until the fee is paid. If the fee includes redaction costs, the Department shall deny access to the requester until the redaction fee is paid.* ||

*DC-ADM 003, Release of Information Policy*                                    Attachment B

## Copying Charges for Medical Records

Fees imposed for the copying of medical records shall be in accordance with the **Medical Record Act (Act 26), P.S. §6152**. Effective January 1, 2005, the following charges shall be imposed for reproduction of medical records:

1. a fee of $1.17 per page for pages 1 - 20;

2. a fee of $.88 per page for pages 21 - 60;

3. a fee of $.30 per page for pages 61 to end;

4. amount of First Class Postage shall be determined by weight;

5. $1.73 is the amount charged per page for microfilm copies;

6. flat fee for production of records to support claim under the Social Security Act or claims under other Federal or State financial need based benefit programs. This applies to claims from outside the state of Pennsylvania - $22.15; and

7. flat fee per request for supplying records requested by a District Attorney. A District Attorney is not charged if they are prosecuting a crime that *occurred* in a Department facility - $17.48.

   All requests for medical records shall be mailed First Class. The person/group requesting the records is responsible for the actual cost of postage, shipping, and delivery. The business office of the facility reproducing the records and the Bureau of Administration for Central Office shall be responsible for producing an invoice for reproduction charges. The postage fee shall be included on the invoice provided to the requestor.