# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-230-ERIE |
| V. ) | |
| ) | Judge Maurice B. Cohill, Jr. |
| SUPERINTENDENT WILLIAM WOLF; ) | Mag. Judge Susan P. Baxter |
| STEVE REILLY; DENESE BRUNNER; ) | |
| MANAGER ROD SHOWERS; CASE ) | |
| MANAGER GECAC JUDY JACKSON; ) | |
| DR. JOHN DOE; JANE DOE; ) | |
| JEFFREY BEARD; ASSIST. SUPER. ) | |
| WILLIAM BARR; MARILAND ) | |
| BROOKS, ) | |
| Defendants. ) | |

### DECLARATION OF WILLIAM E. FAIRALL, JR.

I, William E. Fairall, Jr., declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am currently employed by the Pennsylvania Department of Corrections as Deputy Chief Counsel for Litigation.

2. DC-ADM 003-1 establishes, among other things, retrieval and copying charges for inmate medical record requests. The fees are set in accordance with the Pennsylvania Medical Records Act, 42 Pa. C.S. §6152.

3. The record retrieval and copying fees established under Policy DC-ADM 003-1 are necessary because unlike a private hospital, the DOC cannot simply process an inmate's record request and turn over copies of the entire medical chart. Instead, the requested documents must be reviewed and evaluated by staff to prevent reproduction and circulation of documents containing sensitive, confidential or privileged information

1

that could jeopardize institutional security, impact or hinder the inmate's treatment program, be manipulated by the inmate himself or by another inmate who gains possession of the material. Thus, this policy helps to promote order and security within the institution.

4. In the case of *Ryan Kerwin v. Ben Varner, et al*, No. 03-CV-2253 (M.D. Pa.), a strategic litigation decision was made to compromise with that particular plaintiff by agreeing to a reduced copy charge. Kerwin had filed approximately 8 or 9 motions to compel or for sanctions, and this gesture was intended to resolve some of this conflict and limit the amount of unnecessary litigation. However, as is apparent from the Declaration of Kim McMillan-Gray, filed 11/1/06 in that case (I understand Mr. DeFranco has submitted a copy of the Declaration in his case), Mr. Kerwin intends to continue his battle and attempt to avoid paying any charges whatsoever for copies of medical records.

5. It is vital to the proper defense of the Department (and its employees) that the Department has the discretion to make strategic decisions in individual litigation cases without being bound to those positions in other unrelated cases.

6. Inmates have a right to review their medical file under DOC policy. To the best of my knowledge, there is no authority under DOC policy, Federal or State statutes or applicable case law which provides for free photocopies of records or other discovery, and clearly no constitutional right to free copies for inmates, even indigent inmates.

I declare under penalty of perjury that the foregoing is true and correct, per 28 U.S.C. § 1746.

Date: November 14, 2006

William E. Fairall, Jr.

2