# EXHIBIT 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,          )
                           )
                 Plaintiff, )
                           )          Civil Action No. 04-230-ERIE
         V.                )
                           )          Judge Maurice B. Cohill, Jr.
SUPERINTENDENT WILLIAM WOLF;)         Mag. Judge Susan P. Baxter
STEVE REILLY; DENESE BRUNNER; )
MANAGER ROD SHOWERS; CASE   )
MANAGER GECAC JUDY JACKSON; )
DR. JOHN DOE;  JANE DOE;    )
JEFFREY BEARD; ASSIST. SUPER. )
WILLIAM BARR; MARILAND      )
BROOKS,                     )
                 Defendants. )

## DECLARATION OF JUDY JACKSON

I, Judy Jackson, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.      I am employed by the Pennsylvania Department of Corrections (DOC) at SCI-Albion.  I am a Corrections Counselor and have held that position at SCI-Albion since April of 1995.

2.      Inmate DeFranco arrived in J Unit (my unit) from the RHU on April 25, 2002.

3.      On May 20, 2002, as unit Counselor, I commenced the process of paper work for Inmate DeFranco's annual review, which is standard procedure.

4.      I sent the *attached* DC-97 form to the Psychology Department, asking for Psychology's evaluation and recommendation on his annual Z code review, which is per standard policy.

1

5.      The bottom portion of the DC-97 form was completed by Ms. Eichenlaub, a Psychologist. She indicates on that form that she interviewed inmate DeFranco on May 29, 2002 and then completed the Psychological Report on June 21, 2002. She would have returned the completed form and returned it to me on or about June 21, 2002, before the June 24, 2002 staffing review.

6.      The handwritten comments on the bottom half of the DC-97 form, below the heading "To be completed by Psychology Department," were written by Ms. Eichenlaub. I only filled in the top portion of the form, identifying the referring staff member and date, the inmate, and the "Purpose of Referral."

I declare under penalty of perjury that the foregoing is true and correct, per 28 U.S.C. § 1746.

Date:_____10/30/06_____                    _____

                                                                          Judy Jackson

2

DC-97

# PSYCHOLOGY DEPARTMENT
## REFERRAL FORM

To be completed by referring staff member:

Referring Staff Member: _Jackson ett_   Date: _5/20/02_ Time:

Inmate Name: _Anthony DeFranco_   Number: _CZ3518_

Purpose of Referral:

_Evaluate for annual Z code review_
_to maintain or discontinue._

---

To be completed by Psychology Department

Receive Date:   Time:

Action Taken:

Comment: _Panic Disorder — doing time for Murder_
_States his family is the Doctor De Franco_
_family — also reports that Mr Reilly_
_guaranteed him he would never loose_
_his z-code. Condescending — his medication_
_should be addressing his needs for his panic_
_disorder. Circulate Voter sheet to determine_
_continued need for_
_z-code._

Psychological  Interview  [Y/N]  Date: _5/29/02_
Psychological  Report  [Y/N]  Date: _6/21/02_
Psychiatric  Referral  [Y/N]  Date:

Psychologist: _Ms Eisenhaus_   Date: _5/29/02_
_6/21/02_

CC:
Referral Source
Counselor
File

# EXHIBIT 16

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,            :
     Plaintiff,              : No. 04-230-E
                           : Magistrate Judge Baxter
    V.                  : District Judge Cohill
                           :
WILLIAM WOLFE, et al.,        :
     Defendants.           :

DEFENDANT'S RESPONSE TO
**PLAINTIFF'S THIRD INTERROGATORIES TO
DEFENDANT JUDY JACKSON, COUNSELOR**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, plaintiff requests that defendant answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on the plaintiff within 30 days.

If you cannot answer the following interrogatoires in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifing your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions. These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materalizes.

1. Is it normal or standard procedure that if an inmate is suddenly moved off of his long term Housing Unit (where he has been housed for years) and moved to a new Housing Unit and has a staffing shortly thereafter that the New Housing Unit will defer the staffing to the inmates previous, long term Housing Unit since the staff would be more familiar with him?

ANSWER:  SEE ATTACHED SHEET FOR RESPONSES.

2. Why wasn't plaintiff's z-code staffing deferred back to his long term Housing Unit in 2002 where staff were familiar with him (he had only been housed on your Unit for approx. one month when the z-code staffing began)?

ANSWER:

3. In the comment section of plaintiff's vote sheet written by you, it states that plaintiff manipulated staff upon his arrival to gain the z-code---how could plaintiff manipulate an entire staffing committee?

ANSWER:

4. Explain how you could possibly make such a bold statement, that plaintiff maniplulated an enire committee to get a z-code? Based upon what evidence?

ANSWER:

5. You state that high levels of stress do not meet the z-code criterial---Chief Psychologist Reilly and Bunner claim that it does. Can you explain how it doesn't meet the z-code criteria and if Reilly and Bunner are wrong stating it does meet the criteria? Please explain.

ANSWER:


6. While you stated plaintiff manipulated staff to gain and keep his z-code for more then 2 years prior to being placed on your Unit—are you stating that all other staff were gullible but you and your unit were not? Please explain what you meant and why.

ANSWER:


7. Have you ever written on any other inmates z-code vote sheet that he had manipulated staff to gain the z-code other than plaintiff? If so, state whom and when?

ANSWER:




Date: _____

_____
Judy Jackson, counselor

Sent by U.S. Mail
by plaintiff on 7/21/06

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DEFRANCO,        )
                                  )
        Plaintiff,             )
                                  )
          v.                )    C.A. No. 04-230 E
                                  )
WILLIAM WOLFE, ET AL.,     )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD
## INTERROGATORIES TO DEFENDANT JUDY JACKSON

1. The current housing Unit Counselor processes the paperwork.

2. See response to number 1 above.

3. This reference is incorrect; the responding defendant did not say or refer to an entire committee.

4. The responding defendant did not say an entire committee. This question is taken out of context.

5. The responding defendant does not recall stating that as the only specific reason. Further, the responding defendant Objects to plaintiff's mischaracterization of statements by Reilly and Bunner.

6. No, see responses above and responses provided previously.

7.  This request is Objected to as seeking information that is irrelevant, not likely to lead to the discovery of admissible information, privileged and confidential as this relates to other inmates.

Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

Mary L. Friedline
Senior Deputy Attorney General
Attorney I.D. No. 47046

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA  15219
Phone: (412) 565-3520
Fax:    (412) 565-3019

Date:  September 8, 2006

Susan J. Forney
Chief Deputy Attorney General

2

VERIFICATION

I, Judy Jackson, hereby state that the foregoing answers to Plaintiff's Third Set of Interrogatories to Defendant Judy Jackson are true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

Judy Jackson

Date:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

***Defendant's Response to Plaintiff's Third Interrogatories to Defendant Judy Jackson,***

***Counselor*** was served upon the following, by first-class mail this September 8, 2006.

Anthony DeFranco, CZ-3518
State Correctional Institution
At Albion
10745 Route 18
Albion, PA  16475

_____
MARY L. FRIEDLINE
Senior Deputy Attorney General

# EXHIBIT 17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY DeFRANCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-230-ERIE |
| V. | ) | |
| | ) | Judge Maurice B. Cohill, Jr. |
| SUPERINTENDENT WILLIAM WOLF; | ) | Mag. Judge Susan P. Baxter |
| STEVE REILLY; DENESE BRUNNER; | ) | |
| MANAGER ROD SHOWERS; CASE | ) | |
| MANAGER GECAC JUDY JACKSON; | ) | |
| DR. JOHN DOE; JANE DOE; | ) | |
| JEFFREY BEARD; ASSIST. SUPER. | ) | |
| WILLIAM BARR; MARILAND | ) | |
| BROOKS, | ) | |
| Defendants. | ) | |

**DECLARATION OF STEVEN J. REILLY, M.A.**

I, Steven J. Reilly, M.A., declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.     I am the Chief Psychologist at SCI-Albion, and I have held that position since July 2, 1993.

2.     With respect to the care and treatment of individual inmates, my duties as Chief Psychologist include, among other things, participating in direct patient care and overseeing the care provided by psychologists in the Department.

3.     I am familiar with inmate DeFranco and have met with him on numerous occasions.

1

4.    I recommended Z code for inmate DeFranco in February 2000, a few months after his arrival at SCI-Albion as he appeared to be experiencing high levels of stress in connection with his life sentence and recent transfer. This was not a "medically necessary" or medically prescribed Z code. Rather, my recommendation would have been on a temporary basis to enable the inmate to adjust. A Z code is not permanent but subject to annual or other review when circumstances warrant change.

5.    In April 2001, inmate DeFranco requested a referral to a psychiatrist and possible psychotropic medication. He began treatment with the facility psychiatrist and was placed on valium.

6.    By the time of the Z code review in June 2002, inmate DeFranco's records reflected medication compliance, good attendance with psychiatric appointments and no evidence of serious mental or emotional maladjustment. In a broad sense, his mental stability had improved, all of which warranted removal of the Z code.

7.    When I voted to recommend a Z code for inmate DeFranco in March 2004, noting "anxiety disorder, persistent stress," I was taking into consideration his current adjustment and psychiatric treatment.

8.    I understand that inmate DeFranco may have related to staff at SCI-Smithfield a history of "self-mutilation" when he was transferred in early March 2005. I have never been advised of such a history and there is no mention or record of such in DeFranco's file while at SCI-Albion.

2

9.      In his Second Set of Interrogatories, inmate DeFranco referred to information contained on a DC-97 form from May 2002 that I had discussed in previous answers, and he asked if the report was filled out by Counselor Jackson or Ms. Eichenlaub.   I glanced at the form in his medical records, and because the writing appeared similar, mistakenly answered "Ms. Jackson."   Upon closer review, it is clear that the form (a copy is attached) was sent to Psychology by Jackson, who completed the top portion, as is standard practice.   However, the bottom comments are those of the Psychologist, Ms. Eichenlaub.

I declare under penalty of perjury that the foregoing is true and correct, per 28 U.S.C. § 1746.

Date:  _10 -30 -06_____        _Steven Reilly_____

                                                 Steven J. Reilly, M.A.

# EXHIBIT 18
# SECOND DECLARATION
# OF JOHN SKENDALL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY DeFRANCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-230-ERIE |
| V. | ) | |
| | ) | Judge Maurice B. Cohill, Jr. |
| SUPERINTENDENT WILLIAM WOLF; | ) | Mag. Judge Susan P. Baxter |
| STEVE REILLY; DENESE BRUNNER; | ) | |
| MANAGER ROD SHOWERS; CASE | ) | |
| MANAGER GECAC JUDY JACKSON; | ) | |
| DR. JOHN DOE; JANE DOE; | ) | |
| JEFFREY BEARD; ASSIST. SUPER. | ) | |
| WILLIAM BARR; MARILAND | ) | |
| BROOKS, | ) | |
| Defendants. | ) | |

## DECLARATION OF JOHN SKENDALL

I, John Skendall, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1.    I am employed by the Pennsylvania Department of Corrections (DOC) at SCI-Albion. I am a Unit Manager and have held that position at SCI-Albion since April 17, 1994.

2.    I submitted a prior Declaration in this case, which is incorporated herein by reference.

3.    I understand that inmate DeFranco claims he was given Z code status for most of the time he was at SCI-Pittsburgh (from 1990 through 1999).

4.    I have reviewed DeFranco's DC-15 and counselor files and cannot find any entry or document indicating that he was ever assigned Z code status while at SCI-

1

Pittsburgh. In fact, in the paperwork associated with his transfer to SCI-Albion in late 1999, SCI-Pittsburgh recommended him for "general population."

I declare under penalty of perjury that the foregoing is true and correct, per 28 U.S.C. § 1746.

Date: _10/30/06_

John Skendall

2

# EXHIBIT 19

# IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY DeFRANCO,** | : |
| **Plaintiff,** | : **No. C.A. 04-230-E** |
| | : **Magistrate Judge Baxter** |
| . **V.** | : **District Judge Cohill** |
| | : |
| **WILLIAM WOLFE, et al.,** | : |
| **Defendants.** | : |

---

DEFENDANT'S RESPONSE TO
## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT ROD SHOWERS, UNIT MANAGER

In accordance with Rule 33 of Federal Rules of Civil Procedure, plaintiff requests that defendant answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on plaintiff within 30 days.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifing your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materalizes.

1. Please state whether you ever spoke with plaintiff prior to his arrival on your unit in 2002? If yes, when?

ANSWER:    SEE ATTACHED SHEET FOR RESPONSES.

2. Please state how long plaintiff was on your unit in 2002; please give precise dates.

ANSWER:

3. Did you have conversations with plaintiff about him possibly suing the D.O.C. about his missing personal property?

ANSWER:

4. How many times did you talk to plaintiff? And for how long?

ANSWER:


5. Did you ever make a threat about how you and the D.O.C. know how to deal with inmates who sue?

ANSWER:


6. Have you ever been named in a lawsuit, as a party or otherwise, for alleged comments you made to any other inmates? Please explain.

ANSWER:


Date:                                    By:_____
                                              Rod Showers

   Served by U.S. Mail
on: _7/11/06_____ by
plaintiff.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DEFRANCO,                    )
                                     )
            Plaintiff,               )
                                     )
       v.                            )    C.A. No. 04-230 E
                                     )
WILLIAM WOLFE, ET AL.,               )

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST
### INTERROGATORIES TO DEFENDANT ROD SHOWERS

1. Not that the responding defendant can recall.

2. Inmate DeFranco was received from the RHU onto the responding defendant's unit and was housed there from April 25, 2002 until he moved to C/A on June 24, 2002. He was received from the RHU on the responding Defendant's unit on August 15, 2002 and was transferred to D/A on August 19, 2002.

3. Not that the responding defendant can recall.

4. As the Unit Manager for J Unit, this defendant spoke with the inmate several times while he was housed on this unit. However, he cannot recall the number of times, nor does he recall the amount of time any conversation lasted.

5. No.

6. The responding defendant Objects to this interrogatory as it seeks information which is not relevant to plaintiff's claims, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of this objection, in the responding defendant's capacity as

a staff member for the Pennsylvania Department of Corrections, he has been named in several

lawsuits. However, he does not maintain any documents on those lawsuits or their allegations

and therefore does not know.


Respectfully submitted,

THOMAS W. CORBETT, JR.
Attorney General

Mary L. Friedline
Senior Deputy Attorney General
Attorney I.D. No. 47046

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219
Phone: (412) 565-3520
Fax:    (412) 565-3019

Susan J. Forney
Chief Deputy Attorney General


Date: May 3, 2006

## VERIFICATION

I, Rod Showers, hereby state that the foregoing answers to Plaintiff's First Set of Interrogatories to Defendant Rod Showers are true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.


Rod Showers

Date:

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

***Defendant's Response to Plaintiff's First Interrogatories to Defendant Rod Showers,***

***Unit Manager*** was served upon the following, by first-class mail this May 3, 2006.

Anthony DeFranco, CZ-3518
State Correctional Institution
At Albion
10745 Route 18
Albion, PA 16475


_____
MARY L. FRIEDLINE
Senior Deputy Attorney General