**PENNSYLVANIA DEPARTMENT OF CORRECTIONS**
**STATE CORRECTIONAL INSTITUTION AT ALBION**
10745 ROUTE 18,
ALBION, PA 16475-0001
(814) 756-5778   FAX: (814) 756-9733

**JEFFREY A. BEARD, Ph.D.**
Secretary



**Marilyn S. Brooks**
Superintendent

November 13, 2006

**Subject**: Release of Medical Information

**To:** Ryan Kerwin DZ 0246

Enclosed are copies of the medical information you requested.

Date Received: _____11/13/06_____

Signature: ____Ryan Kerwin____    ↳ permitted to view

Thank you for your patience.   (Have never been provided with any discovery sent by attorney general)

If you have any questions or concerns, please contact me in writing by inmate request.

Sincerely,

Kim McMillan-Gray, RHIT
Medical Records Supervisor

Cc: File

# EXHIBIT "A"

"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims."




# SCI-Albion
## Psychological Evaluation for Parole

Name: KERWIN, Ryan        Inmate #: DZ0246        Closed On :    8/3/2005 3:34:23 PM

Mr. Ryan KERWIN was advised of the purpose of the evaluation and limits of confidentiality, and he signed the Mental Health Informed Consent Document.

## Techniques Previously Administered

No Techniques Previously Administered

## Techniques Administered

| S.No. | Evaluation Date | Evaluation Material |
|---|---|---|
| 1. | 07/27/2005 | Clinical Interview |
| 2. | 08/03/2005 | Case file reviewed |
| 3. | 08/03/2005 | Mental Health Evaluation |

## Mental Health

Mr. Ryan KERWIN carries a Mental Health Stability Rating of "A", which indicates that the inmate does not require mental health services at this time.

Psychiatric/Mental Health History says that the inmate denies any history of Mental Health treatment, and does not currently require any Mental Health services.

History of Suicidal Behavior:
   Denies suicidal behaviors. None known at this time.

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>    Plaintiff, | :<br>: No. 04-230-E<br>: Magistrate Judge Baxter |
| V. | : District Judge Cohill<br>: |
| WILLIAM WOLFE, et al.,<br>    Defendants. | :<br>: |

### DECLARATION OF RYAN KERWIN

I, Ryan Kerwin, make the following declaration in releasing my medical (psychological/ psychiatric) files to Anthony DeFranco:

1. I hereby release release copies of my August 3, 2005 psychological evalution to Anthony DeFranco for the use in his civil rights action pending before the federal court, and hereby authorize him to redisclose a redacted copy of page 1 of the evaluation to the above named parties.

**Signed Pursuant to 28 USC §1746:**

Date: 11/14/06

_____
Ryan Kerwin

### EXHIBIT "A"

i



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
April 19, 2006

TOM CORBETT
ATTORNEY GENERAL

Office of Attorney General
6th Floor, Manor Complex
564 Forbes Ave.
Pittsburgh, PA 15219
(412) 565-3520
(412) 565-3019(Fax No.)

Anthony DeFranco, CZ-3518
State Correctional Institution
At Albion
10745 Route 18
Albion, PA 16475

    RE: <u>Anthony DeFranco v William Wolfe, et al.</u>, C.A. No. 04-230 E

Dear Mr. DeFranco:

    We have reviewed the documents that you have tabbed to be copied from your DC-15 and medical/psychiatric records. We will be providing all of those documents except for the following which are being Objected to as privileged and confidential. These are psychological notes which contain professional evaluations and assessments, refer to sensitive criteria, and identify salient facts relative to those assessments and your treatment program. This type of information maintained within these records could be used to manipulate your treatment program and if obtained by other inmates, could be manipulated and used improperly within the institutional setting.

1. Progress Notes dated September 16, 2002 concerning psychology (2 sided document).

2. Progress Notes dated January 30, 2002 concerning psychology

3. Progress Notes dated August 3, 2005 concerning initial psychiatric evaluation (2 sided document).

4. Progress Notes with entry dates of March 11, 2005, April 8, 2005, May 5, 2005 and June 30, 2005 by Franz Bauer, Psychiatrist (2 sided document).

5. Progress Notes with entry dates of November 19, 2004, December 27, 2004, January 31, 2005, and February 28, 2005 by Angela Lindenmuth, Psychiatrist (2 sided document).

**EXHIBIT "B"**

6. Progress Notes with entry dates of August 28, 2004, September 3, 2004 and October 8, 2004 by Angela Lindenmuth, Psychiatrist (2 sided document).

7. Memo dated August 20, 2004 from Angela Lindenmuth, Psychiatrist to Z-Code Committee.

8. Progress Notes with entry dates of December 8, 2003, March 1, 2004, April 30, 2004, and May 28, 2004 concerning psychology (2 sided document).

9. Progress Notes with entry dates of October 28, 2002, March 31, 2003, June 30, 2003 and September 22, 2003 from Angela Lindenmuth, Psychiatrist (2 sided document).

10. Mental Health Contact Note dated April 21, 2005.

11. Psychology Department Referral Form referral date of September 22, 2003.

12. Progress Notes with entry dates of August 5, 2005, August 29, 2005 and September 13, 2005 concerning psychology (2 sided document).

13. Progress Notes with entry dates of September 14, 2005, October 17, 2005, and January 12, 2006 concerning psychology (2 sided document).

14. Progress Notes with entry dates of January 12, 2006, February 23, 2006, and March 30, 2006 concerning psychology (2 sided document).

You will be receiving a bill from SCI Albion for copies of the documents which we have agreed to produce (11 pages from your DC-15 file and 14 pages of medical information), which will total approximately fifty four dollars. As soon as that payment is received, those copies will be forwarded to you.

If you should have any questions or concerns, please contact me.

Sincerely yours,

Mary L. Friedline
Senior Deputy Attorney General

MLF/cdc
Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN KERWIN,                    :
                                :
    Plaintiff                   :
                                :    CIVIL NO. 1:CV-03-2253
    vs.                         :
                                :    (Judge Caldwell)
BEN VARNER, et al.,             :
                                :
    Defendants                  :

FILED
HARRISBURG, PA
NOV 09 2006
MARY E. D'ANDREA, CLERK
Per _____
   Deputy Clerk

*MEMORANDUM*

I.   Introduction.

   Presently before the Court are the following discovery-related motions: Plaintiff's Eighth Motion to Compel (doc. 158); Plaintiff's Motion for Sanctions (doc. 159); Plaintiff's Motion to Supplement the Record as to his Eighth Motion to Compel (doc. 162); and Defendants' Motion (doc. 171) to Strike Plaintiff's Declaration submitted in support of his Motion to Supplement. All of the motions relate to the production of Kerwin's medical record.

   For the following reasons, all motions will be denied and the Court will direct Defendants to facilitate the production of Kerwin's medical and mental health records if they have not already done so, and order Kerwin to notify the Court of his access to these documents.

**EXHIBIT "C"**

II.     *Relevant Background.*

In July 2006, the Court directed Defendants to produce Kerwin's medical record upon Plaintiff's execution of the appropriate medical release forms. (Doc. 136, Order, ¶ 4.) After Kerwin refused to sign the Department of Corrections ("DOC") medical release form, as presented, the Court directed Kerwin to either execute the DOC's release form, without alteration, or we would preclude him from entering any medical or mental health evidence in this matter. (*See* Doc. 141, Order). Plaintiff submitted a certificate of compliance with that Order on August 10, 2006. (Doc. 150, Plaintiff's Certificate of Compliance).

On September 14, 2006, Plaintiff submitted his Eighth Motion to Compel claiming Defendants' intentional interference with his access to his medical records. (Doc. 158, Plaintiff's Eighth Motion to Compel). Plaintiff claims that "per D.O.C. policy and pursuant to [defense counsel's] orders," he was originally advised that he could not photocopy his medical records unless he paid "a $19.00 retrieval fee plus $1.23 per photocopy" charge. (Doc. 162, Motion to Supplement Plaintiff's Eight Motion to Compel, ¶ 4). Non-medical record photocopies are available to Plaintiff for 10¢ per page. (Doc. 163, Plaintiff's Sworn Affidavit in Support of his Motion to Supplement, ¶ 5.) Kerwin claims his request to simply review the documents, without photocopying them,

was also denied if he failed to pay the retrieval fee. (*Id.* at ¶ 8). Kerwin alleges that Defendants are deliberately interfering with his Court ordered access to his medical records. (*Id.* at ¶ 9).

Defendants claim that, contrary to Kerwin's assertion, they received no communication from him concerning their production of his medical and mental health records prior to the filing of the present motion. (Doc. 170-1, Defendants' Brief in Opposition to Plaintiff's Eight Motion to Compel and Motion for Sanctions). Defendants also claim that Plaintiff's medical records have been available for Kerwin's inspection since August 17, 2006. Defendants submit the declaration of Kerwin's institutional counselor (Michael Brumagin) affirming that Kerwin was advised on August 17, 2006, and then again on September 15, 2006, of his opportunity to review the medical records upon his submission of a request slip to medical records to schedule an appointment for their review. (Doc. 170-2, Brumagin Declaration, ¶¶ 3-4). Kerwin acknowledges that he was advised of their availability in August, and claims he submitted a request slip to medical records to review his file on August 18, 2006, but that no appointment was ever forthcoming. (Doc. 177, Plaintiff's Reply to Defendants' Opposition to his Eighth Motion to Compel). He filed

-3-

a second request to review the records after Brumagin again advised him of their availability. (*Id.*)

On September 19, 2006, Kerwin met with SCI-Albion's Medical Records Technician, Ms. McMillan-Gray, to review his medical records. (Doc. 170-3, Declaration of Kim McMillan-Gray; Doc. 177, Plaintiff's Reply to Defendants' Opposition to his Eighth Motion to Compel, Exhibit A, Request Slip). Ms. Gray originally told Kerwin that pursuant to DOC policy he had to pay a retrieval and copying fee for any copies he wanted. (Doc. 170-3, McMillan-Gray Declaration at ¶ 3). At some point Kerwin was later advised that "at the direction of the chief counsel," the medical record production charges required by the DOC policy were "being waived in this instance" and that Kerwin would be permitted to purchase copies of his record at ten cents per page. (*Id.* at ¶ 6).

Defendants have filed a "Motion to Strike" Plaintiff's Affidavit in Support of his Motion to Supplement his Eighth Motion to Compel, claiming that it is replete with hearsay statements attributed to defense counsel's alleged intentional interference with his access to his medical records, and impugns counsel's credibility as to statements made to the Court. (Doc. 172, Brief in Support of Defendants' Motion to Strike Portions of Kerwin's Declaration.) Plaintiff claims that his declaration is accurate

-4-

and that the statements offered reflect what Ms. Gray had told him, and are not being offered to prove what defense counsel told Ms. Gray. (Doc. 178, Plaintiff's Response to Defendants' Motion to Strike.)

III.   *Discussion.*

      The record does not demonstrate that either side intentionally failed to comply with the discovery rules, or that they consciously disregarded our Orders or their discovery obligations. The record, however, does indicate a communications breakdown between the parties. While the rancor and distrust between the parties is clearly evident by the content of their various party filings, as each party has now labeled each other as "liars," the Court directs the parties to refrain from further personal attacks and to work cooperatively to resolve any outstanding discovery issues before seeking Court intervention.

      With that being said, and without dwelling on the allegations of wrongdoing, the Court will address the heart of this matter: the availability of Kerwin's medical and mental health records. It is uncontested that Kerwin's medical records are now available for his inspection and copying. The record before the Court, however, is unclear as to whether Kerwin has been granted access to his medical and mental health records.

-5-

Kerwin shall be permitted to review the documents, without the need to pay for their retrieval. The Court will also direct that, if he has not already done so, Kerwin is to request an appointment with the appropriate staff member to schedule a mutually convenient time so he may review and inspect his medical and mental health records. If Kerwin desires photocopies of any portion of his record, Defendants, as they have indicated, will make the copies at the price of 10¢ per page.[1]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 9, 2006

---

[1] To the extent that Kerwin seeks the Defendants to provide him with free copies of his medical and mental health records, he is mistaken. Neither 28 U.S.C. § 1920, nor the Local Rules require the defendants, or the Court, to pay in advance a *pro se* litigant's costs and fees associated with discovery. Kerwin is required to bear the costs associated with his discovery efforts. *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), (There "is no provision in the [in forma pauperis] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN KERWIN, :
:
    Plaintiff :
: CIVIL NO. 1:CV-03-2253
vs. :
: (Judge Caldwell)
BEN VARNER, *et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 9th day of November, 2006, it is ordered that upon consideration that:

1. Plaintiff's Eighth Motion to Compel (doc. 158) is DENIED.

2. Plaintiff's Motion for Sanctions (doc. 159) is DENIED.

3. Plaintiff's Motion to Supplement (doc. 162) is DENIED.

4. Defendants' Motion to Strike (doc. 171) is DENIED.

5. Within ten (10) days of this Order, Kerwin shall advise the Court whether he has been granted an appointment to review his medical and mental health records, and whether he will be charged a retrieval fee or copy expense in excess of 10¢ per page.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge