IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

```
ANTHONY DeFRANCO,            )
     Plaintiff,              )  CA-04-230-ERIE
                             )  Magistrate Judge Baxter
     v.                      )  District Judge Cohill
                             )
WILLIAM WOLFE, et. al,       )
     Defendants.
```

'06 DEC -4 AM 10:49
CLERK
U.S. DISTRICT COURT

PLAINTIFF'S APPEAL OF MAGISTRATE'S ORDER DOC.# 251
---

To: The Honorable Judge Cohill

AND NOW, comes plaintiff, appealing the Magistrate Judge's Order, Doc. 251, which denied plaintiff access to his pre-copied pages of his medical files, and in support avers:

1. Plaintiff filed a motion with the Court requesting the release of his pre-copied pages of his medical file, at his own expense, of .10 cents per page.

2. The defendants counsel, Asst. Attorney General Friedline has copies of plaintiff's medical file that he did not sign permission for anyone to access. Plaintiff has been demanded to pay a "search and retrieval" fee of an enormous and inflated rate that he cannot afford. Plaintiff had object to these costs being imposed back when they were made.

3. The defendants have had unconsented to access to plaintiff's medical files while they simultaneously blocked plaintiff's access by attempting to charge him these outrageous inflated rates that he cannot afford. See plaintiff's Brief (Doc. 239).
Plaintiff incorporates by reference his Motion For Release (Doc. 239) by reference as if fully stated herein.

1.

Discussion

The DOC has a policy in place that cites directly to 42 Pa. C.S.A. §6152, charging people a search and retrieval fee for copies of their medical files. However, as the statute clearly states, this Act was put into place for a person requesting copies of their medical files through a subpoena duces tecum:

42 Pa. C.S.A. §6152 (A)(1) Specifically stated "when a subpoena duces tecum is served upon a health care provider. It makes no mention of a "discovery request" being served upon a "defendant", which is what has transpired in this case.

Plaintiff has requested the copies of his medical file through discovery (Production of Documents). This Act, and DOC policy is not applicable here. The Attorney General's Office actually have in their possession these copies of plaintiff's medical file. How can they access his file, without his permission, and simultaneously block his access to the exact medical file, effectively stopping him from filing meaningful litigation? Because he is indigent and cannot afford these escalated costs?

In Nationalist Movement v. City of York, 425 F.Supp.2d 574, 574 (M.D.Pa.2006)(City officials were required to waive nondiscretionary fee required for permit to use public land and facilities ($50 dollars for city residents and $100 dollars for non-residents) upon objective evidence of an inability to pay). Also, Common Cause/Georgia v. Billups, 409 F.Supp.2d 1326, 1363 (N.D.Ga.2005)(Recognizing some voters do not have the $20 or $35 dollars to pay for a voter Photo ID Card, although they may not qualify as "indigent" for purposes of the fee waiver provision). In, Sullivan v. City of Augusta, 406 F.Supp.2d

2.

92, 126 (D.Me.2005)(Court held State Parade Ordinance (which imposed traffic control fees) must afford a fee waiver for those unable to pay). Also, in <u>Prison Legal News v. Lappin</u>, 2006 WL 1737483, pg.1 (O.D.C.2006) (Federal Bureau of Prisons improperly denied fee waiver request in regards to search and duplication of document fees associated with Freedom of Information Act).

Plaintiff is not requesting that the defendants give him "free" copies, just allow him to make copies of his own files at his own expense by utilizing his prison "copying card" which could cost him .10 cents per page. It is noteworthy that the DOC has provided another inmate with copies of his medical files at .10 cents per page, as noted in plaintiff's motion (Doc. 239).

This case deals with expert medical testimony. The defendants claim that their medical experts reviewed plaintiff's files and made a determination regarding his health claims, while at the same time they are effectively barring the release of his medical information so that plaintiff can have his own medical experts review those files and give an opinion. This is fundamentally unfair. Plaintiff has requested the appointment of counsel in this matter three (3) times and it has been denied. While the Court admits that plaintiff fundamentally does not understand the discovery process, and now the defendants are barring his access to his personal medical files that precludes additional medical experts from giving opinion, is unfair. In fact, plaintiff submits, it is unconstitutional as it effectively stops indigent inmates from litigating their cases. The DOC policy does not apply to litigation against the DOC ("the defendants") as they have reason to raise search and retrieval fees so that indigent

3.

inmates, such as plaintiff, cannot access them and prove their cases.

WHEREFORE, plaintiff prays this Honorable Court vacate the Magistrate's Order, and issue an Order directing the defendants to turn over to plaintiff his complete previously copied pages of his medical files, in possession of the Attorney General, at the rate of .10 cents per page, without a search and retrieval fees.

Date: 11/30/06

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First Class Mail to the Attorney General's Office, 564 Forbes Ave., Pittsburgh, Pa. 15219, this date.

4.