IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,           )
       Plaintiff,           )
                            )  CA-04-230-ERIE
                            )  Magistrate Judge Baxter
       v.                   )  District Judge Cohill
                            )
WILLIAM WOLFE, et al.       )
       Defendants.          )

PLAINTIFF'S APPEAL OF MAGISTRATE'S ORDER DOC.# 253

To: The Honorable Judge Cohill

AND NOW, comes plaintiff, appealing the Magistrate Judge's Order, Doc. 253, which denied plaintiff access to his pre-copied pages of his psychological files, and in support avers:

1. Plaintiff filed a motion with the Court requesting the release of his pre-copied pages of his psychological file, at his own expense, of .10 cents per page.

2. The defendants counsel, Asst. Attorney General Friedline has copies of plaintiff's psychological file that he <u>did</u> <u>not</u> sign permission for anyone to access.

3. The defendants have had unconsented access to plaintiff's medical files while they simultaneously blocked plaintiff's access by attempting to charge him these outrageous inflated rates that he cannot afford.  See plaintiff's Brief (Doc. 239, 246 & 249). Plaintiff incorporates by reference his Motion For Release (Doc. 239) by reference as if fully stated herein.  Plaintiff further incorporates by reference his Motions For Release of Psychological files (Doc. 246 & 249) as if fully stated herein.

DISCUSSION

Plaintiff has requested the copies of his selected psychological

files that he was permitted to previously review and tabbed for copying. The defendants did not object to plaintiff's viewing of his psychological files, which included notes written by his different psychiatrists. However, once the defendants received copies of his private medical files (it should be noted that plaintiff has never authorized the release of his files to anyone), the defendants have refused to turn over to him those files. These psychological files bear directly on this case and are "evidence" that <u>supports</u> plaintiff's claims. Plaintiff personally read notes in those files that indicate his medical need for z-code status. These notes written by the defendants different doctors. These are plaintiff's private, personal psychological files; the defendants have had unlawful, unfettered access to these same files while at the same time blocking plaintiff's physical access to them. He has already reviewed them. He now needs them to supplement this record for the Court to make a factual judgment during summary judgment. There is absolutely nothing listed in the DOC policy stating inmates do not have access to their medical files (including psychological). The defendants attached a copy of the DOC policy about the release of inmates medical files and nothing in it states he cannot review and have copies of it (See Defendant's Response to Plaintiff's Request For Release of His Copied Files, Doc. 241[?]). In fact, during the TRO hearing held in this case, the prison's health care administrator admitted that inmates could review their psychological files, and the DOC and the Magistrate allowed plaintiff's partial viewing of his psychological files (Trans. 10/22/04 at 20; Doc. 20;, also, see plaintiff's Motions, Doc. 246 & 249). It is established by the defendants themselves that plaintiff can see his psychological

2.

files. Moreover, attached to Doc. 249 is a copy of District Judge Caldwell's Order (Middle District of Pennsylvania) where he Ordered these same defendants to turn over to another inmate his psychological files at ¢.10 cents per page (attachment to Doc. 249).

As the Court is aware, plaintiff has family members who are doctors. They are in contact with several other medical professionals who will give an expert opinion if they could review these records. Certainly, given the defendants access to these records and them asserting that "their" doctors say one thing, plaintiff should be allowed to possibly introduce evidence that may contradict those opinions. How can it be remotely fair that these defendants have gained unauthorized access to plaintiff's private medical files, then have their doctors give opinion and simultaneously block plaintiff from having his medical experts give opinion? Fair justice would dictate that both sides have the same access and opportunity. Here, that has fallen well short in every aspect of this case. Plaintiff is seeking the copies of his psychological files that the Attorney General's Office have in their possession. These files were previously copied and sent to the Attorney General. The Attorney General should be Ordered to forward a certified copy of plaintiff's personal files. As stated, he has already reviewed them. Contained in those files are doctors notes that glaringly support his claims and he should be allowed to produce this evidence for the Court's consideration.

Of note is the fact that the defendants have violated plaintiff's <u>established</u> Constitutional rights in accessing his private medical files without his permission. Our Third Circuit, in <u>Doe v. Delie</u>, 257 F.3D 309 (C.A. 3 Pa.2001) made inmates medical files private and

a constitutional right in their privacy. While it is true that plaintiff may have been barred by pursuing "some" of his claim in this lawsuit by not authorizing the release of his medical files, the point is that the defendants did not even ask him to. They simply <u>took</u> that liberty. Plaintiff did not sign any release form; in fact, during the April 13, 2006 hearing, plaintiff made objects to the Magistrate Judge about this.

Plaintiff is asking this Court to issue Order that the defendants turn over to plaintiff the already copied psychological files in their possession. Plaintiff is in need of these files so that he can 1) supplement this record, and 2) allow his medical professionals to view them and possibly give an opinion.

WHEREFORE, plaintiff prays this Honorable Court issue an Order directing the defendants to turn over to plaintiff his complete previously copied psychological files forthwith, and grant him permission to supplement his summary judgment motion once his medical professionals review those files.

Date: 12/10/06

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

CERTIFICATE OF SERVICE
Service was made by US First
Class Mail to the Attorney
General's Office, 564 Forbes Ave.,
Pittsburgh, Pa. 15219, this date.

4.