IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | : |
| Plaintiff, | : No. 04-230-E |
| | : Magistrate Judge Baxter |
| V. | : District Judge Cohill |
| | : |
| WILLIAM WOLFE, et al., | : |
| Defendants. | : |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

To: The Honorable Maurice B. Cohill, Jr.

AND NOW, comes plaintiff, who brings forth the following Motion for Reconsideration,, pursuant to Fed. R.Civ. P. Rule 59 (e), and states:

1. By Order of this Court, on December 11, 2006, denied plaintiff's Appeal Motion for Release of his Copied Files at His Own Expense (Doc. 252).

2. Plaintiff incorporates by reference his motion (Doc. 239) as if fully stated herein.

3. Plaintiff has been found indigent by this Court and grant *In Forma Pauperis* status. By Order of this Court, due to plaintiff's indigency, his prison account has been taking 20% of all monthly income to pay for this lawsuit.

4. Plaintiff cannot afford the "search and retrieval" fees being imposed by the defendants' for his pre-copied medical files. These files are copied and in the possession of the Attorney General's Office.

DISCUSSION

This Court has found the defendants' argument persuasive regarding the imposition of a search and retrieval fee being levied against this indigent plaintiff. Plaintiff is asking this

1

Honorable Court to reconsider that Ruling. While it is true that even indigent litigants' are responsible for costs of litigation, <u>Tabron v. Grace</u>, 6 F.3d 147, 159 (3dCir.1993). Plaintiff is not requesting "free" copies of his medical files. He is seeking an Order directing the defendants to provide these files at plaintiff's "<u>own expense</u>". Plaintiff has a prison "venda card" that enables him to make copies at .10 cents per page. This would be a fair and just resolution to this matter.

This search and retrieval fee is directed at free citizens who can afford to compete with its fluctuating rates, as it is dependent upon the "consumer index", see 42 Pa. C.S.A. §6142. This Department of Corrections "policy" cites directly to 42 Pa. C.S.A. §6142.

Moreover, the search and retrieval fee is unconstitutional when it is directed at an indigent inmate who is suing the Department of Corrections (the defendants). These are the defendants and by their imposing these fees effectively bar an indigent inmate from accessing his very own medical files. Obviously the defendants have a vested interest in imposing these rates as they are the defendants attempting to defeat plaintiff's claims. How can it be remotely fair (constitutional) that a named defendant be able to escalate a cost for documents needed in a lawsuit to a point where the indigent inmate cannot afford that cost, yet the defendants are permitted to obtain the documents free of charge? As stated, plaintiff will pay for the copying expenses. He has a copy card that would cost him .10 cents per page. That is a fair resolution to this matter. Plaintiff has his own medical professionals prepared to give possible expert medical opinion in this case and they are being blocked by the defendants' outrageous fees for the copies of plaintiff's own files. In <u>Nationalist Movement v. City of York</u>, 425 F.Supp.2d 574, 574 (M.D.Pa.2006)(City officials were required to waive nondiscretionary fee required for permit to use public land and facilities ($50 dollars for city residents and $100 dollars for non-residents)

upon objective evidence of an inability to pay). Here, it is without question that plaintiff cannot afford these costs. Based upon such, it is asked that the Court reconsider its Order and direct the defendants to provide plaintiff these pre-copied pages of his medical files to him *at his own expense* of .10 cents per page, which would be in accordance with *Tabron*, supra., which merely states that a litigant is responsible for the costs of his own litigation. Here, the defendants' have accessed plaintiff's private medical records for free (without permission) and copied them. Now, plaintiff simply asks that he be provided with the pre-copied page of his medical files, at his own expense of .10 cents per page, which meets the concepts of *Tarbon*. This search and retrieval fee, which effectively bars plaintiff from accessing his files, is unconstitutional. This is a conflict of interest. Is litigation only for those people who can afford it? Even the Federal Court system set up a system that provides indigent inmates' with a means to bring a civil action by allowing partial payments and monthly deductions. Whereas here, it is either plaintiff pay the defendants outrageous search fees that he does not have the money for or he does not receive needed discovery material. This Court has the authority to force these defendants to turn over to plaintiff his pre-copied medical files that they have in their possession with a waiver of the search and retrieval fee. Also of note, is the fact that District Judge Caldwell had ordered these exact defendants to do the same in another inmates case (Doc. 239).

It is clear from the DOC policy (attached to defendant's Doc. 242) that cites directly to 42 C.S.A. §6142, that the search and retrieval fee is made for free citizens and under a *subpoena duces tecum* and not under production of documents, as is the case here. Plaintiff requested these files under production of documents.

Plaintiff is in need of these files as he has medical professionals who will give possible further expert medical opinion. While plaintiff has requested counsel in this case it has been

3

denied. In the fair administration of justice, due to all the above and the fact that by allowing the defendants who are being sued, to create and set an outrageous price, in order to prevent an indigent plaintiff from receiving discoverable material is itself unconstitutional, that the Court issue an Order directing them to turn over to plaintiff his pre-copied medical files forthwith. Such would be in accordance with *Tabron*, as plaintiff would be paying for his copies, at his own expense.

    WHEREFORE, based upon the foregoing, and in the fair administration of justice, plaintiff prays this Honorable Court issue an Order directing the defendants' to turn over the copies of his medical files copied previously by the defendants', at his own expense, at .10 cents per page.

Date: December 16, 2006

Respectfully submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service of the foregoing was made by
US First Class Mail to the Attorney General
at 564 Forbes Ave., Pgh. Pa., this date.