IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>  Petitioner,<br>V.<br><br>WILLIAM WOLFE, et al.,<br>  Defendants. | :<br>:  '07 JAN 10 AM :35<br>: No. 04-230-E<br>: Magistrate Judge Baxter<br>: District Judge Maurice Cohill, Jr.<br>: |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER

**To: The Honorable Maurice B. Cohill, Jr.**

  AND NOW, comes plaintiff, Anthony DeFranco, respectfully requesting this Honorable Court to Reconsider its Order of December 28, 2006, denying plaintiff's appeal of the Magistrate's Order, pursuant to Fed.R.Civ. P. Rule 59(e), and in support:

  1. Plaintiff, during discovery, was permitted to review his medical files, which included his psychological/psychiatric files. He was told to "tab" the pages he wanted and that they would be copied and sent to him.

  2. After plaintiff complied with these demands, he received a letter from the Attorney General's Office stating that they were not allowing him to have copies of his psych files.

  3. Plaintiff subsequently appealed this decision to this Court (Doc. 256) asking the Court to issue an Order that the defendants' release these psych files as plaintiff's family have medical professionals ready and willing to review them and give expert opinion. Plaintiff incorporates by reference his filings (Doc.## 246 & 249) as if fully stated herein.

  4. In that same appeal, plaintiff raised another argument concerning a fee waiver related to those very same psychological files.

5. In the Court's Order addressing that appeal, dated December 28, 2006, it stated that; "We suggest that Mr. DeFranco's medical professionals and family members who stand ready to assist him might want to consider assisting Mr. DeFranco with the relatively low fees for the requested documents."

6. While this sentence infers that the Court has ruled plaintiff is permitted to obtain copies of his psychological files, it does not specifically address that exact issue. Rather, it appears that the Court is ruling on plaintiff's fee waiver argument while under the premise that the defendants refusal to provide plaintiff with copies of his psychological files "at all" was never even at issue.

7. The current issue that plaintiff seeks redress on in the instant motion for reconsideration is not the per se price of plaintiff's psych files, but the defendants' barring his ability to purchase them.

8. As stated, plaintiff has already reviewed these files and was permitted to review them by the defendants'. Because these files actually *support* plaintiff's claims the defendants are attempting to stop him from supporting his claims with this evidence.

9. While plaintiff has supporting Declarations by doctors regarding his physical injuries, that creates genuine issues of fact to over-come summary judgment, it is plaintiff's assertion that the requested psych files will provide enough evidence for summary judgment to be granted in his favor. Certainly plaintiff should be allowed to possess his own psych files that he has already reviewed, allow his medical professionals to review them, and support this record with copies of relevant, material information.

10. Plaintiff is asking this Honorable Court to issue an Order directing the defendants to allow him to obtain a certified copy of his complete psychiatric/psychological file so that he can

1) allow his medical experts to render an opinion and, 2) supplement this record for the Court's consideration on summary judgment.

WHEREFORE, plaintiff prays this Honorable Court Reconsider its Order of December 28, 2006, and issue an Order that the defendants' allow him to obtain a certified copy of his psychiatric/psychological files so that he may have his medical experts review them and that he may supplement the record for summary judgment. Plaintiff or his family will bear the costs for such.

Respectfully submitted,

Date: January 4, 2006

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service of the foregoing was
Made by US First Class Mail to
The Attorney General's Office this date.

3