IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,           )
                            )
    Plaintiff,              )
                            )
        v.                  )    Civ. No. 04-0230 Erie
                            )
WILLIAM WOLFE, et al.,      )
                            )
    Defendants.             )

## ORDER

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Presently before the Court are Mr. DeFranco's Motion for Reconsideration (Doc. 133) and Amended Motion for Reconsideration (Doc. 135) of this Court's November 2, 2005 Opinion and Order (Doc. 132) denying his Petition for Temporary Restraining Order. Mr. DeFranco continues to seek a Temporary Restraining Order or Preliminary Injunction prohibiting the Defendants from transferring him to another prison.

We previously granted Mr. DeFranco's Motion for Reconsideration because Mr. DeFranco pointed out that we had failed to consider that he may be able to show a likelihood of success on the merits based on the prison being prohibited from transferring a prisoner solely in retaliation for exercising his constitutionally protected right. We delayed reconsideration, however, because we required the relevant transcripts in order to properly

review the Order dated November 3, 2005 (Doc. 132). The transcripts have been filed (docs. 141 and 142) and both parties have filed updated pleadings arguing their positions (docs. 151 and 152). In addition, Mr. DeFranco added a retaliatory transfer claim to his complaint, which has survived summary judgment.

After review of the pleadings and transcripts we find that there has not been a clear showing of immediate irreparable injury to Mr. DeFranco if relief is not granted. Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). In light of the fact that no transfer has occurred since August 2, 2005, nearly two years ago, it is evident that Mr. DeFranco is not at immediate risk of being transferred in retaliation for exercising his First Amendment rights. In addition, we are unconvinced that any harm Mr. DeFranco would suffer from a transfer would be "so peculiar in nature that money cannot compensate for the harm." Id.

We also note that even without an injunction Defendants are generally prohibited from making retaliatory transfers for the exercise of the constitutionally protected right. In light of the history of this case and given that Mr. DeFranco's retaliatory transfer claim has survived summary judgment, it would be astounding were Defendants to transfer Mr. DeFranco for any reason other than one that Defendants can clearly and specifically articulate as reasonably related to legitimate penological interests. Castle v. Clymer, 15 F. Supp. 2d 640, 661 (E.D. Pa. 1998). Thus, we will affirm our prior order denying Mr. DeFranco's motion for temporary restraining order.

AND NOW, to-wit, this __11th__ day of June, 2007, it is HEREBY ORDERED ADJUDGED and DECREED that Upon Reconsideration the Court's November 2, 2005 Opinion and Order (Doc. 132) is hereby VACATED only as to its analysis supporting the denial of Plaintiff's petition for a temporary restraining order. For the reasons stated herein, Plaintiff's petition for a temporary restraining order (Doc. 107) be and hereby is DENIED.

IT IS FURTHER ORDERED that to the extent that Plaintiff's Motion for Reconsideration (Doc. 133) and Amended Motion for Reconsideration (Doc. 135) sought relief in the form of a preliminary injunction or temporary restraining order prohibiting the Defendants from transferring him to another prison, said requests be and hereby are DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:  counsel of record
     Anthony Defranco, pro se (via regular mail)

3