IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DeFRANCO,  :
    Petitioner,  :
V.  :  No. 04-230-Erie
  :  Magistrate Judge Baxter
WILLIAM WOLFE, et al.,  :  District Judge Maurice Cohill, Jr.
    Defendants.  :

To: The Honorable Judge Maurice B. Cohill, Jr.

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER**

    AND NOW, comes plaintiff, pro se, pursuant to Rule 59(e) of the Fed.Civ. Rules, and asks this Honorable Court to reconsider its Order of June 11, 2007, and allow the retaliation claim to go forth against Defendant Brooks, and in support avers:

    1. Plaintiff filed Objections to the Magistrate's Report and Recommendation (Doc. 274) to which he requested a retaliation claim to be allowed to proceed against defendant Brooks.

    2. This Honorable Court issued an Order dated June 11, 2007 stating, *inter alia*, "However, it does not appear that Mr. DeFranco filed this claim against anyone but Defendant Barr." Id., at 3.

    3. A review of plaintiff's complaints specifically shows that he indeed filed this claim against defendant Brooks. For example, contained in plaintiff's 2nd Amended and Supplemental Complaint (Doc. 114) he states, in regards to the retaliatory transfer:

> 69. At this time plaintiff is unaware of whom were all involved in this conspiracy but is naming "John and Jane Doe(s)". Defendant Barr could not have acted alone in this. Each one in violation of plaintiff's 1st, 8th and 14th Amendments to the U.S. Constitution.

See Doc. #114 at ¶ 69. Certainly this shows that plaintiff was bringing this claim against others, not only defendant Barr. In addition, plaintiff's Motion for Partial Summary Judgment (Doc.

1

191) he named defendant Brooks ("Superintendent") as aiding in the retaliatory transfer. See, Doc. #191 at p.10. And again in plaintiff's Reply to Summary Judgment (Doc. 208), he stated that defendants "Barr and Brooks" cannot defeat summary judgment. See, Doc.#208 at p. 6.

    4. Based upon the foregoing and record of this case, along with plaintiff's pro se status[1], it is asked that the retaliatory transfer claim be allowed to go forth against defendant Brooks as well as Barr. Defendant Brooks was the Superintendent and ultimately the person who approved the retaliatory transfer for defendant Barr. Plaintiff named defendant Brooks in his Complaint and subsequent summary judgment motions as a person liable.

    WHEREFORE, plaintiff prays this Honorable Court Reconsider its Order of June 11, 2007, and allow the retaliation claim to proceed to trial against defendant Brooks as well an Barr.

Respectfully submitted,

Date: June 16, 2007

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

**Certificate of Service**
Service of the foregoing was
Made by US First Class Mail to
The Attorney General's Office this date.

---

[1] Given plaintiff's *pro se* status, all of his pleadings are to be liberally construed, and all reasonable inferences drawn in his favor. A liberal reading of plaintiff's filings in this instance would show that he named defendant Brooks (Superintendent) as a defendant in the retaliation claim.

2