IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 04-0230 Erie |
| ) | Magistrate Judge Baxter |
| WILLIAM WOLFE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff has filed a Motion for Reconsideration of Order (Doc. 280), requesting that the court reconsider its June 11, 2007 Order (Doc. 279) insofar as he maintains he has alleged a retaliatory transfer claim against Defendant Brooks. We initially believed that this issue was not ruled on by the Magistrate Judge in the Report and Recommendation. However, upon further review it is now clear to the Court that the Magistrate Judge did in fact recommend that Defendant Brooks be dismissed from this case in the Report and Recommendation. Furthermore, we did adopt the Report and Recommendation as to dismissing Defendant Brooks from this case. Thus, contrary to our previous Order, this issue was properly raised by Plaintiff in a motion for reconsideration. We will therefore vacate our prior Order and consider Plaintiff's motion.

Upon reconsideration of this issue we find that Defendant Brooks was properly dismissed from this case. Plaintiff's assertions that a retaliatory transfer claim was properly

asserted against this Defendant are not persuasive. He named in his Amended Complaint certain "John and Jane Does" that allegedly conspired with Defendant Barr. At that time he named them as "Does" stating that he was "unaware" of their identity. He then points to two general references to Defendant Brooks that the Court finds insufficient to assert a claim.

First, he asserts that he named the "superintendent" as someone who aided in this conspiracy in his Summary Judgment Brief (Doc. 191, at page 10). However, he does not identify Defendant Brooks by name and alleges no more than the transfer occurred "with the help of the superintendent."

He also points to his assertion in his reply to Defendants (Doc. 208, at page 6), that "the Defendants, Barr and Brooks, cannot defeat summary judgment" with regard to the retaliatory transfer claim. In this instance, Plaintiff does identify Brooks by name, but he offers virtually no other information to support a cause of action asserted against her.

We find that Plaintiff has failed to assert a claim of retaliatory transfer against Defendant Brooks. While naming "Does" in his Amended Complaint may have permitted Plaintiff the opportunity to assert claims against a "Doe" once one was identified, he also has the burden to actually assert the claims specifically. Here, all Plaintiff can point to is two general references. Plaintiff's pro se status offers him no relief on this issue either. To "liberally construe" the above two statements as alleging a cause of action would amount to the Court asserting the claim for the Plaintiff. We are convinced that the reason why Plaintiff has not asserted a proper claim of retaliatory transfer against Defendant Brooks is because no such viable claim exists. We will therefore affirm our prior Order.

2

AND NOW, to-wit, this __21st__ day of __June__, 2007, it is hereby ORDERED, ADJUDGED, and DECREED that the Court's Order (Doc. 282) be and hereby is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of Order (Doc. 280) be and hereby is GRANTED to the extent that we will consider the issue raised by Plaintiff. Upon reconsideration we AFFIRM our prior Order signed on June 11, 2007 and entered on the docket on June 12, 2007 at Document No. 279.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc:   Anthony Defranco, pro se
      counsel of record