IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO, | : |
| Petitioner, | : |
| V. | : No: 04-230-E |
| | : Magistrate Judge Baxter |
| WILLIAM WOLFE, et al., | : District Judge Maurice Cohill, Jr. |
| Defendants. | : |

## MOTION TO ALETER OR AMEND ORDER

AND NOW, comes plaintiff, respectfully asking this Honorable Court to Reconsider its Order of June 22, 2007 (Doc. 283), due to a *severe miscarriage of justice.* And in support avers:

1. Plaintiff filed for reconsideration of the Court's Order (Doc. 280) requesting that Defendant Brooks be a named Defendant for trial in regards to the retaliatory transfer.

2. The Court initially issued an Order on June 21, 2007 directing the Magistrate Judge to review the matter as she did not dismiss Defendant Brooks in the Report and Recommendation (Doc. 282).

## DISCUSSION

A motion to alter or amend judgment under Rule 59(e) is appropriate where the Court misunderstood the facts, a party's argument, the controlling law or to prevent a manifest injustice. See, *Zimmerman v. City of Oakland*, 255 F.3d 734 (9thCir.2001).

Plaintiff initially filed for reconsideration of Judge Cohill's Order (Doc. 280) asking the Court to allow Defendant Brooks to remain as a Defendant in the retaliatory transfer claim. The Court first issued an Order dated June 21, 2007 (Doc. 282) remanding the matter to the Magistrate due to the fact that Defendant Brooks was never dismissed as a Defendant (Doc. 282 at 1). The Court further stated at this time, in reference to Plaintiff's reconsideration motion,

1

"Plaintiff believes he has properly asserted a claim against Defendant Brooks based on his pleadings and taking into consideration his pro se status. *We acknowledge that Plaintiff may be correct...*" (that he stated a claim against Defendant Brooks), id. at 1.

In the Court's subsequent Order on June 22, 2007 (Doc. 283), the Court mistakenly believed that the Magistrate Judge dismissed Defendant Brooks in the Report and Recommendation (Doc. 272, Report and Recommendation). A thorough review of the Magistrate's Report and Recommendation shows that not only did the Magistrate **not** dismiss Defendant Brooks, she did not mention Defendant Brooks in regards to the retaliatory transfer claim. When this Court issued its Order of June 22, 2007 (Doc. 283) it erroneously believed that the Magistrate had dealt with the matter when in fact she had not.

Plaintiff first filed this claim in his 2nd Amended Complaint (Doc. 114 ¶ 66) where he named Defendant Barr and "Does" as conspirators in the transfer. He specifically stated that Defendant Barr could not have acted alone in this "conspiracy". In Plaintiff's Summary Judgment pleadings he named Defendant Brooks once by "title" and by name. Defendant Brooks is the "superintendent" and was the superintendent at the time of the transfer. Defendant Brooks was the person who ultimately authorized the retaliatory transfer and as responsible as Defendant Barr. The retaliation claim is the same as cited to both Defendants Barr and Brooks. They are the same facts as litigated in Plaintiff's Summary Judgment Pleadings. Plaintiff in fact named Defendant Brooks as a person responsible for the transfer by "title" (Doc. 191 p. 10) and by name (Doc. 208 p. 6). Moreover, as attached to the Defendants Summary Judgment Motion, they attached Defendant Brooks Answers to Interrogatories wherein she admits to authorizing this transfer at the behest of Defendant Barr (Doc. 203 Ex. 5, Brooks Answers), also attached hereto, marked Ex. "A". Defendant Brooks Answers themselves prove her culpability in the

conspiracy to retaliatorily transfer Plaintiff. Notably, this was a "conspiracy theory" claim thus, facts put forth against one Defendant in the conspiracy is put forth against all.

Through all of Plaintiff's pleadings regarding the retaliatory transfer claim, in addition to actually naming Defendant Brooks by name and by title, he consistently stated "the defendants" (plural) cannot escape summary judgment. Given Plaintiff's pro se status, his pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-521(1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierly*, 141 F.2d 552, 555 (3rdCir.1969)(petition prepared by prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C.Cir. 1992). *Nami v. Fauver*, 82 F.3d 63, 65 (3rdCir.1996)(discussing Fed.R.Civ.P. 12(b)(6) standard). As cited by the Magistrate's R and R (Doc. 272 p. 8).

Under Fed.R.Civ.P. 8(a)(2)—plaintiff's complaint must include only "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint complies (Doc. 144 ¶ 66). In *Leamer v. Fauver*, 288 F.3d 532 (3rdCir.2002), the Court stated prisoner's pro se complaint was to be read liberally, and the district court should dismiss the complaint for failure to state a claim only if it appears beyond doubt that prisoner can prove no set of facts in support of the claim that would entitle him to relief. Plaintiff's allegations in

3

addition to Defendant Brooks very our Answers to Interrogatories state a valid claim. In *Brownell v. Krom*, 446 F.3d 305(2ndCir.2006), the court reads pro se papers literally and interprets them to raise the strongest argument they suggest. And, *Buck v. Hampton*, 452 F.3d 256 (3rdCir.2006), a complaint should not be dismissed unless Court finds plaintiff can prove no set of facts that would entitle him to relief.

In addition to all of the foregoing, not only did the Magistrate Judge not dismiss Defendant Brooks in the Retaliatory transfer claim, the Defendants themselves did not request that Defendant Brooks be dismissed in their pleadings, let alone make any argument to that affect. The Defendants waived the issue and the Court should not advocate on their behalf.

Based upon the record of this case, including the Court's mistaken belief that the Magistrate Judge dismissed Defendant Brooks in the Report and Recommendation, in conjunction with the fact that Plaintiff stated a "conspiracy" regarding the transfer and ultimately named Defendant Brooks by title and by name in his pleadings, in combination with Defendant Brooks Answers to Interrogatories (attached as Ex. "A") admitting her involvement in the conspiracy to transfer Plaintiff, it is respectfully asked that the Court, in the fair administration of justice, permit the retaliation claim to go forth against Defendant Brooks as well as Barr; all actions stated in Plaintiff's pleadings state a claim to all "conspirators", under the *conspiracy theory*. The Court mistakenly believed that the Magistrate dismissed Defendant Brooks as a defendant in the Report and Recommendation when that did not occur. Defendant Brooks is Defendant Barr's supervisor and the person who ultimately authorized the retaliatory transfer. She is directly liable for her actions and Plaintiff did name her in his Summary Judgment Pleadings, both by name and by title. It would be a miscarriage of justice, based upon the facts of record, to allow Defendant Brooks to be dismissed as a defendant.

WHEREFORE, based upon the foregoing, including the facts that the Magistrate did not dismiss Defendant Brooks in her Report and Recommendation as mistakenly asserted by the Court (Doc. 283), that the Court alter or amend its Order and allow Defendant Brooks to remain as a defendant in the retaliatory transfer claim. And any other relief the Court sees fit. Further, if the Court is inclined to dismiss Defendant Brooks Plaintiff wishes to appeal such Ruling as he fervently believes that he has asserted the claim against her.

Date: June 28, 2007

Respectfully Submitted,

Anthony DeFranco CZ-3518
10745 Route 18
Albion, Pa. 16475-0002

Certificate of Service
Service of the foregoing was made
By US First Class Mail to the
Attorney General's Office General's Office,
counsel for defendants, this date.

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DeFRANCO,<br>Plaintiff,<br><br>V.<br><br>WILLIAM WOLFE, et al.,<br>Defendants. | : <br>: No. C.A. 04-230-E<br>: Magistrate Judge Baxter<br>: District Judge Cohill<br>:<br>:<br>: |

DEFENDANT'S RESPONSE TO

**PLAINTIFF'S SECOND INTERROGATORIES TO
DEFENDANT SUPERINTENDENT BROOKS**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, plaintiff requests that defendant answer the following interrogatories under oath, and that the answers be signed by the person making them and be served on the plaintiff within 30 days.

If you cannot answer the following interrogatoires in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifing your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions. These interrogatories shall be deemed continuing, so as to require supplemental answers as new and different information materalizes.

1. Please state if you were involved in plaintiff's transfer out of SCI Albion on March 8, 2005?

ANSWER:    SEE ATTACHED SHEET FOR RESPONSES.

2. State how you were involved and did you give your permission for this transfer?

ANSWER:

3. Please name each person who was involved in this transfer; by name and what their actions were.

ANSWER:

4. Did Mr. Barr initiate this transfer, (if not *who did*) and does he have the authority to transfer a person without your approval or the approval of one of the Deputies at the prison?

ANSWER:

5. Please name which deputy authorized the transfer if you did not.

ANSWER.

By: Superintendent Brooks

Date:

Mailed by plaintiff
on June 22, 2006

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY DEFRANCO,              )
                               )
        Plaintiff,             )
                               )
            v.                 )   C.A. No. 04-230 E
                               )
WILLIAM WOLFE, ET AL.,         )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND
INTERROGATORIES TO DEFENDANT MARILYN
BROOKS, SUPERINTENDENT**

1. Yes.

2. Mr. Barr requested that inmate DeFranco be transferred to avoid any conflict with the grievance system and this defendant gave permission.

3. Mr. Barr made the request and Ms. Habursky initiated the transfer. The request was handled by Mr. Williamson, Bureau of Inmate Services at Central Office, who gave the final approval.

4. Yes, Mr. Barr initiated the transfer and no, he does not have the ultimate authority to transfer any inmate. The superintendent must give approval.

5. As stated above, the transfer was approved by the responding defendant.

                                        Respectfully submitted,

                                        THOMAS W. CORBETT, JR.
                                        Attorney General

| | |
|---|---|
| Office of Attorney General | Mary L. Friedline |
| 6th Floor, Manor Complex | Senior Deputy Attorney General |
| 564 Forbes Ave. | Attorney I.D. No. 47046 |
| Pittsburgh, PA 15219 | |
| Phone: (412) 565-3520 | Susan J. Forney |
| Fax:   (412) 565-3019 | Chief Deputy Attorney General |

Date: July 21, 2006

## VERIFICATION

I, Marilyn Brooks, hereby state that the foregoing answers to Plaintiff's Second Set of Interrogatories to Defendant Marilyn Brooks are true and correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of 28 U.S.C. §1746 relating to unsworn declarations under penalty of perjury, which provides that if I make knowingly false averments, I may be subject to criminal penalties.

*Marilyn Brooks*

Date: