IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

FILED

DEC 1 1 2007

CLERK ... COURT

| | |
|---|---|
| ANTHONY DeFRANCO,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM WOLFE, et al.,<br><br>Defendants. | Case No. 04-230-E<br><br>MAGISTRATE JUDGE BAXTER<br><br>DISTRICT JUDGE COHILL |

## MOTION FOR CLARIFICATION

AND NOW, comes Plaintiff, pro se, who respectfully brings forth the following Motion For Clarification, and states as follows:

1. The Magistrate Judge has issued a Report and Recommendation (Doc. # 288) Recommending, *inter alia*, that Plaintiff's claims of 1) Retaliatory transfer, 2) First Amendment Retaliation claims against Defendants Showers and Jackson and, 3) an Eighth Amendment claim against all cited Defendants to proceed to trial.

2. The parties were given ten (10) days to file Objections from November 8th, 2007. No Objections were filed by any party.

3. On November 26th, 2007, Plaintiff appeared in District Judge McLaughlin's Courtroom for testimony involving another person's lawsuit. That case was entitled <u>Kerwin v. McConnell, 05-93-E.</u>

1

4. During this trial, a female Assistant Attorney General representing the defendants engaged Plaintiff in testimony where this Assistant Attorney General stated to the Court that Plaintiff's lawsuit had a number of Defendants dismissed by this Court as well as claims dismissed. While Plaintiff advised Judge McLaughlin that this was not true, the Attorney General insisted that it was. Please see trial transcripts, 11/26/07 in Kerwin v. McConnell, supra.).

5. In response, Plaintiff had a family friend telephone the Clerk of Courts and inquire if in fact this Court had dismissed any defendants and/or claims. On 11/27/07 the Clerk's Office stated that there had been no such action.

6. Again, on 12/4/07, Plaintiff inquired and the Clerk's Office stated no such action.

7. As above stated, the Assistant attorney General did state on the record that this Court had dismissed defendants and claims when in fact it had not occurred.

8. Either the Attorney General misrepresented the truth during the above trial or there is *ex parte* communication going on between that office and the Court. The Attorney General's Office made those statements before Judge McLaughlin when there has been no "on the record" rulings.

9. Plaintiff is asking the Court to clarify this ordeal caused by the Attorney General's Office making statements to the Court.

WHEREFORE, Plaintiff asks the Court to clarify this issue.

December 7, 2007

Respectfully Submitted,

*[signature]*

Anthony DeFranco CZ-3518

10745 Route 18

Albion, Pa. 16475-0005

**Certificate of Service**

Service was made by US First Class Mail this date to Attorney General's Office 564 Forbes Ave., Pgh. Pa. 15219.